**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL A. SANCHEZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR, <br><br> Defendants. | **CASE No.: 1:22-cv-00172-DG-RLM** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOSTACO CORP. TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> <u>**CLASS ACTION**</u> |

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ................................................................................. 4

ARGUMENT .............................................................................................................................. 6

    I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 6

        A.   Movant Is Willing to Serve as Class Representative ......................................................... 7

        B.   Movant Has the Largest Financial Interest in the Action.................................................. 7

        C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure 8

            1.   Movant's Claims are Typical .................................................................................... 9

            2.   Movant Is Adequate .................................................................................................. 9

        D.   Movant Is Presumptively the Most Adequate Plaintiff................................................... 10

    II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED......................... 10

CONCLUSION.......................................................................................................................... 11

## TABLE OF AUTHORITIES

**CASES**

*In re Oxford Health Plans, Inc. Sec. Litig.,*

   182 F.R.D. 42 (S.D.N.Y. 1998)................................................................................. 8

*In re Bally Total Fitness, Sec. Litig.,*

   2005 WL 627960 (N.D. Ill. Mar. 15, 2005) .............................................................. 7

*In re Cendant Corp. Litigation,*

   264 F.3d. 201 (3d Cir. 2001)..................................................................................... 9

*In re Fuwei Films Sec. Litig.,*

   247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................... 7, 8

*In re Livent, Inc. Noteholders Sec. Litig.,*

   210 F.R.D. 512 (S.D.N.Y. 2002) .............................................................................. 8

*In re Olsten Corp. Sec. Litig.,*

   3 F.Supp.2d 286 (E.D.N.Y. 1998)............................................................................. 7

*Lax v. Merch. Acceptance Corp.,*

   1997 WL 461036 (N.D. Ill. Aug. 11, 1997)............................................................... 7

*Takara Trust v. Molex,*

   229 F.R.D. 577 (N.D. Ill. 2005) ............................................................................... 7

**STATUTES**

15 U.S.C. § 78u-4 ..................................................................................... 6, 7, 9, 10

**RULES**

Fed. R. Civ. P. 23.......................................................................................... 6, 8, 9

3

Plaintiff Mostaco Corp. ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the securities of Arrival SA ("Arrival" or the "Company") between November 18, 2020 and November 19, 2021, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On December 22, 2021, a substantially similar action asserting claims under the Exchange Act against Arrival, Denis Sverdlov, Tim Holbrow, Michael Ableson, and Avinash Rugoobur covering the same Class Period, was filed in the United States District Court for the Southern District of New York styled as *Schmutter and Samet v. Arrival SA, et al*., case no. 1:21-cv-11016-NRB (S.D.N.Y.).[1] That same day, an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff, was issued. *See* Ex. 1 hereto.

This action was commenced on January 12, 2022 against the same defendants for violations under the Exchange Act covering the same Class Period. *See* Dkt. No. 1 ¶ 1.

Arrival (or Arrival Luxembourg SARL and formerly Arrival Luxembourg S.à.r.l.) is a manufacturer and distributor of commercial electric vehicles ("EVs"), including vans, cars, and buses. *Id* ¶ 2. Arrival develops vertically integrated technologies and products that create a new approach to the assembly of EVs. *Id*. According to Arrival, its proprietary in-house

---

[1] Movant intends to file a similar lead plaintiff motion in that action.

developed components, materials, software and robotic technologies, combined with low capital expenditure and rapidly scalable microfactories, enable Arrival to produce EVs that are competitively priced to traditional fossil fuel vehicles and with a substantially lower total cost of ownership for customers. *Id*. On March 24, 2021, Arrival consummated a business combination (the "Merger") with CIIG Merger Corp. ("CIIG"). Prior to its business combination with Arrival, CIIG was a special purpose acquisition company ("SPAC"), also known as a "blank check" company, incorporated for the purpose of entering into a merger, share exchange, asset acquisition, share purchase, recapitalization, reorganization, or similar business combination with one or more businesses or entities. *Id* ¶ 3.

The complaint alleges that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) the Company would record a substantially greater net loss and adjusted EBITDA loss in the third quarter of 2021 compared to the third quarter of 2020; (2) the Company would experience far greater capital and operational expense to operate and deploy its microfactories and manufacture EV vehicles than it had disclosed; (3) the Company would not capitalize on or achieve profitability or provide meaningful revenue in the time periods disclosed; (4) the Company would not achieve its disclosed production and sales volumes; (5) the Company would not meet the disclosed production rollout deadlines; (6) accordingly, the Company materially overstated its financial and operational position and/or prospects; and (7) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id*. ¶¶ 5 and 58.

Then on November 8, 2021, Arrival announced the Company's financial results for the third quarter of 2021, including a loss of €26 million (compared to a loss of €22 million during the same quarter a year earlier), and adjusted EBITDA loss for the quarter of €40 million (compared to a loss of €18 million in the third quarter of 2020). *Id* ¶¶ 6 and 59-61.

5

The Company also pulled its 2022 revenue goals and significantly scaled back its long-term projections, pushing its production and sales timeline into later time periods. *Id*. On this news, shares of Arrival plummeted $4.33, or 24%, to close at $13.46 on November 10, 2021 on unusually high trading volume. *Id*. ¶¶ 7 and 62.

Then, only a week later, on November 17, 2021, Arrival announced a $200 million offering of green convertible senior notes due 2026, intended to finance the development of EVs. *Id*. ¶¶ 8 and 63. On the same day, November 17, 2021, Arrival announced the commencement of an underwritten public offering of 25 million ordinary shares pursuant to a registration statement on Form F-1 filed with the SEC in a bid to raise around $330 million in cash. *Id* ¶¶ 8 and 64.

On this news, Arrival shares dropped $0.82, or 8%, to close at $9.91 on November 18, 2021 on unusually high trading volume. *Id*. ¶¶ 9 and 66. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. *Id*. ¶¶ 9 and 66.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

6

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig*., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $2,472,483 in connection with purchases of Arrival securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Arrival securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Arrival securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff.

Further, Mostaco is a private company incorporated in the British Virgin Islands. Mr. Siman, the signatory of Mostaco's certification, resides in Monaco. Mr. Siman is authorized to bind and will be the contact person for Mostaco in this litigation. Mr. Siman is an experienced businessman, with bachelor degrees in both Engineering and Law. As such, Mr. Siman does not anticipate any problems overseeing this matter with counsel.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

11

Dated: February 22, 2022                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff
and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim

13