UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL A. SANCHEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR,<br><br>   Defendants. | Case No.: 1:22-cv-00172-DG-RLM<br><br>Hon. Diane Gujarati |

**MEMORANDUM OF LAW IN SUPPORT OF KNS HOLDINGS LLC DBPP UA JAN. 1, 2016'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ................................................................................................ 2

II. PROCEDURAL HISTORY .................................................................................................. 4

III. ARGUMENT ........................................................................................................................ 4

    A. Appointing Movant as Lead Plaintiff Is Appropriate ...................................................... 4

        1. Movant Filed a Timely Motion. ................................................................................. 5

        2. Movant Has the Largest Financial Interest in the Relief Sought. .............................. 6

        3. Movant Satisfies the Relevant Requirements of Rule 23. .......................................... 7

            a. Movant's Claims Are Typical. ............................................................................ 7

            b. Movant Is An Adequate Representative. ............................................................ 8

    B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...................................... 9

IV. CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.*,
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) .............................................................................. 5, 6

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001) .................................................................................................. 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) .......................................................................................... 8

*In re Coinbase Global Securities Litigation*,
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ............................................ 9

*Deinnocentis v. Dropbox, Inc.*,
  2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ..................................................... 10

*Ford v. VOXX Int'l Corp.*,
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ............ 7

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................................... 7

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................ 7

*Malriat v. Quantumscape Corp.*,
  2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021) ................................................... 9

*Nickerson v. American Electric Power Company, Inc., et al.*,
  No. 2:20-cv-04243-SDM-EPD, (S.D. Ohio Nov. 24, 2020) .............................................. 10

*Snyder v. Baozun Inc.*,
  2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020) .................................................. 10

*Subramanian v. Watford, et. al.*,
  2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021) ..................................................... 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................ 8

*White Pine Invs. v. CVR Ref.*,
  2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) .......................................................... 9

*Xiangdong Chen v. X Fin.*,
  No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020) ....... 6

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................. *passim*

**Rules**

FED. R. CIV. P. 23 .................................................................................................................... 1, 5, 7

KNS Holdings LLC DBPP UA Jan. 1, 2016 ("Movant") respectfully submits this memorandum of law in support of its motion ("Motion") to appoint it as lead plaintiff in the above-captioned action (the "Action") and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons and entities other than Defendants who purchased or otherwise acquired common shares of Arrival SA. ("Arrival" or the "Company") between November 18, 2020 and November 19, 2021, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Section 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Arrival, Denis Sverdlov ("Sverdlov"), Tim Holbrow ("Holbrow"), Michael Ableson ("Ableson"), and Avinash Rugoobur ("Rugoobur"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky

as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

I.     **FACTUAL BACKGROUND**[1]

Arrival (formerly Arrival Luxembourg S.à r.l.) was headquartered in London, United Kingdom ("U.K.") and founded in 2015 as a private company. ¶ 2. The Company is a manufacturer and distributor of commercial electric vehicles ("EVs"), including vans, cars, and buses. *Id.* Arrival develops vertically integrated technologies and products that create a new approach to the assembly of EVs. *Id.* According to Arrival, its proprietary in-house developed components, materials, software and robotic technologies, combined with low capital expenditure and rapidly scalable microfactories, enable Arrival to produce EVs that are competitively priced to traditional fossil fuel vehicles and with a substantially lower total cost of ownership for customers. *Id.*

CIIG Merger Corp. ("CIIG") was a special purpose acquisition company ("SPAC"), also known as a "blank check" company, incorporated for the purpose of entering into a merger, share exchange, asset acquisition, share purchase, recapitalization, reorganization, or similar business combination with one or more businesses or entities. ¶ 3. On March 24, 2021, Arrival consummated a business combination (the "Merger") with CIIG. *Id.* Upon the consummation of the Merger, CIIG changed its name from CIIG to Arrival Vault US Inc. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Sanchez* Complaint") filed in the action styled *Sanchez v. Arrival SA., et al.,* Case No. 1:22-cv-00172-DG-RLM (the "*Sanchez* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Sanchez* Complaint. The facts set forth in the *Sanchez* Complaint are incorporated herein by reference.

2

would record a substantially greater net loss and adjusted EBITDA loss in the third quarter of 2021 compared to the third quarter of 2020; (ii) the Company would experience far greater capital and operational expense to operate and deploy its microfactories and manufacture EV vehicles than it had disclosed; (iii) the Company would not capitalize on or achieve profitability or provide meaningful revenue in the time periods disclosed; (iv) the Company would not achieve its disclosed production and sales volumes; (v) the Company would not meet the disclosed production rollout deadlines; (vi) accordingly, the Company materially overstated its financial and operational position and/or prospects; and (vii) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

Investors learned the truth about the real status of the Company's financial and operational health through a series of disclosures beginning on November 8, 2021. ¶ 6. Arrival announced the Company's financial results for the third quarter of 2021 on November 8, 2021, including a loss of €26 million (compared to a loss of €22 million during the same quarter a year earlier), and adjusted EBITDA loss for the quarter of €40 million (compared to a loss of €18 million in the third quarter of 2020). *Id.* The Company also pulled its 2022 revenue goals and significantly scaled back its long-term projections, pushing its production and sales timeline into later time periods. *Id.*

On this news, shares of Arrival declined 24%, or $4.33 to close on November 10, 2021 at $13.46 on unusually high trading volume. ¶ 7.

On November 17, 2021, only a week later, Arrival announced a $200 million offering of green convertible senior notes due 2026, intended to finance the development of EVs. ¶ 8. On the same day, the Company announced the commencement of an underwritten public offering of 25 million ordinary shares pursuant to a registration statement on Form F-1 filed with the SEC in a bid to raise around $330 million in cash. *Id.*

In response to this news, the Company's shares plummeted approximately 8%, or $0.82, to close on November 18, 2021 at $9.91 on unusually high trading volume. ¶ 9.

## II. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Sanchez* Action filed against Defendants. This is the second securities lawsuit pending against the Defendants alleging securities fraud.

Plaintiffs Bruce Schmutter and Dean Samet ("Plaintiffs") commenced the first-filed action on December 22, 2021 in the United States District Court for the Southern District of New York, entitled *Schmutter, et al. v. Arrival SA., et. al.,* Case No. 1:21-cv-11016-NRB (S.D.N.Y.) (the "*Schmutter* Action"). On that same day, counsel acting on Plaintiffs' behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release).

## III. ARGUMENT

### A. Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

4

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of its knowledge, the largest financial interest in this litigation—having lost $592,198.55 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Movant respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.  **Movant Filed a Timely Motion.**

On December 22, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Schmutter* published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Arrival common shares that they had 60 days from the publication of the December 22, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at

5

\*6 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Movant timely filed its motion within the 60-day period following publication of the December 22, 2021 Press Release and submitted herewith a sworn certification attaching its transactions in Arrival common shares and attesting that it is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Arrival common shares at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $592,198.55. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that it has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

#### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claim is typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning

7

Arrival's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Arrival common shares during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Kwan Fan ("Mr. Fan"), on behalf of Movant as trustee and/or administrator, considers himself to be a sophisticated investor, having been investing in the stock market for approximately four years. He resides in Scottsdale, Arizona, and possess a Bachelor of Science Kinesiology from San Jose State University with a minor in business management. Mr. Fan has been employed as a real estate broker for over fifteen years and has been with the same firm for the past six years earning commissions on real estate sales. Therefore, Movant will prosecute the

Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of its motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation*, No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the

9

firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

### IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: February 22, 2022          Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for KNS Holdings LLC DBPP UA Jan. 1, 2016 and [Proposed] Lead Counsel for the Class*