**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL A. SANCHEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR,<br><br>Defendants. | Case No: 1:22-cv-00172-DG-RLM<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT**
**OF THE MOTION OF MICHAEL MACEDO FOR APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT .................................................................................................................. 4

I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF .......................... 4

      A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ............. 4

      B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA .............................. 6

            1.    Movant Filed a Timely Motion ................................................................... 6

            2.    Movant Has the Largest Financial Interest in the Relief Sought ................ 6

            3.    Movant Meets Rule 23's Typicality and Adequacy Requirements ........... 8

                  a.    Movant's Claims Are Typical of the Claims of the Class ............. 8

                  b.    Movant Is an Adequate Representative ....................................... 10

II.   MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED .............................. 11

CONCLUSION ............................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) .................. 8

*Brady v. Top Ships Inc.*,
   324 F. Supp. 3d 335 (E.D.N.Y. 2018)...................................................................... 6

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)......... 6

*Dookeran v. Xunlei Ltd.*,
   No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).................. 9, 10

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005)...................................................................... 1, 7

*Faig v. BioScrip, Inc.*,
   No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754 (S.D.N.Y. Dec. 19, 2013) .......... 8, 9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011). ...................................................................... 4, 7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...................................................................... 11

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017)....... 7

*Omdahl v. Farfetch Ltd.*,
   No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020)................... 5

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008)..................... 9

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v.*
   *Fairfax Fin. Holdings Ltd.*,
   No. 11-cv-5097(JFK), 2011 U.S. Dist. LEXIS 117545 (S.D.N.Y. Oct. 12, 2011)..................... 9

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
   No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006)..................... 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)...................................................................... 4, 6

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................... *passim*

**Rules**

Fed R. Civ. P. 23 ................................................................................................................. *passim*

Movant Michael Macedo ("Macedo" or "Movant") hereby respectfully submits this Memorandum of Law in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel (the "Motion") pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3).

## PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action")[1] brought on behalf of a "Class" consisting of all persons and entities, other than Defendants (as defined below), who purchased or otherwise acquired common shares of Arrival SA ("Arrival" or the "Company") stock between November 18, 2020 and November 19, 2021, both dates inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Arrival and certain Company senior officers (collectively, "Defendants").

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff

---

[1] The actions pending in this Court is captioned *Sanchez v. Arrival SA, et al.*, Case No. 1:22-cv-00172-DG-RLM, filed on January 12, 2022. There is a substantially similar action filed in the United States District Court for the Southern District of New York on December 22, 2021, captioned *Schmutter, et al. v. Arrival SA, et al.*, Case No. 1:21-cv-11016-NRB-OTW (the "*Schmutter* Action").

of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (internal quotations omitted).  Movant lost $205,313.33 as a result of the alleged fraud during the Class Period.[2]  Movant believes that he has the largest financial interest in the outcome of the Action.  Moreover, Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and in that he will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movant's Motion in its entirety.

## FACTUAL BACKGROUND

Arrival (formerly Arrival Luxembourg S.à r.l.) was founded in 2015 as a private company headquartered in London, United Kingdom ("U.K.").  ¶ 2.[3]  Arrival is a manufacturer and distributor of commercial electric vehicles ("EVs"), including vans, cars, and buses.  *Id.*  Arrival develops vertically integrated technologies and products that create a new approach to the assembly of EVs.  According to Arrival, its proprietary in-house developed components, materials, software and robotic technologies, combined with low capital expenditure and rapidly scalable microfactories, enable Arrival to produce EVs that are competitively priced to traditional fossil fuel vehicles and with a substantially lower total cost of ownership for customers.  *Id.*

On March 24, 2021, Arrival consummated a business combination (the "Merger") with CIIG Merger Corp. ("CIIG").  ¶ 3.  Prior to its business combination with Arrival, CIIG was a special purpose acquisition company, also known as a "blank check" company, incorporated for

---

[2]  A signed certification identifying Movant's Arrival transactions during the Class Period, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl." or "Fortunato Declaration"), as Exhibits 1 and 2, respectively.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint For Violations of the Federal Securities Laws filed on January 12, 2022 in the Action (the "Complaint").  ECF No. 1.  The allegations set forth in the Complaint are incorporated herein by reference.

the purpose of entering into a merger, share exchange, asset acquisition, share purchase, recapitalization, reorganization, or similar business combination with one or more businesses or entities. *Id.* Upon the consummation of the Merger, CIIG changed its name from CIIG to Arrival Vault US Inc. *Id.* On March 25, 2021, the Company's common stock and warrants began trading on NASDAQ under symbols "ARVL" and "ARVLW," respectively. ¶ 4.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶¶ 22-25, 28-38, 41-58. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company would record a substantially greater net loss and adjusted EBITDA loss in the third quarter of 2021 compared to the third quarter of 2020; (ii) the Company would experience far greater capital and operational expense to operate and deploy its microfactories and manufacture EV vehicles than it had disclosed; (iii) the Company would not capitalize on or achieve profitability or provide meaningful revenue in the time periods disclosed; (iv) the Company would not achieve its disclosed production and sales volumes; (v) the Company would not meet the disclosed production rollout deadlines; (vi) accordingly, the Company materially overstated its financial and operational position and/or prospects; and (vii) as a result, the Company's public statements were materially false and misleading at all relevant times.. ¶¶ 5, 26, 39, 58.

Investors learned the truth about the real status of Arrival's financial and operational health through a series of disclosures beginning on November 8, 2021. ¶ 6. On November 8, 2021, Arrival announced the Company's financial results for the third quarter of 2021, including a loss of €26 million (compared to a loss of €22 million during the same quarter a year earlier), and adjusted EBITDA loss for the quarter of €40 million (compared to a loss of €18 million in the third

3

quarter of 2020).  ¶¶ 6, 59-61.  The Company also pulled its 2022 revenue goals and significantly scaled back its long-term projections, pushing its production and sales timeline into later time periods.  *Id.*

On this news, shares of Arrival plummeted $4.33, or 24%, to close at $13.46 on November 10, 2021 on unusually high trading volume.  ¶¶ 7, 62.

Only a week later, on November 17, 2021, Arrival announced a $200 million offering of green convertible senior notes due 2026, intended to finance the development of EVs.  ¶¶ 8, 63. On the same day, November 17, 2021, Arrival announced the commencement of an underwritten public offering of 25 million ordinary shares pursuant to a registration statement on Form F-1 filed with the SEC in a bid to raise around $330 million in cash.  ¶¶ 8, 64.

On this news, Arrival shares dropped $0.82, or approximately 8%, to close at $9.91 on November 18, 2021 on unusually high trading volume.  ¶¶ 9, 66.

## ARGUMENT

### I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

#### A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that (1) the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after the filing of the first complaint, and (2) any class member may move for appointment as Lead Plaintiff within 60 days after the date on which the notice is published.  15 U.S.C. § 78u-4(a)(3)(A); *see Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

4

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members." *Id*. The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020). The presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of his knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against him that Defendants could raise. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

5

### B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA.  Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### 1.    Movant Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the *Schmutter* Action, the first-filed action, published notice of the pendency of the action on December 22, 2021, within 20 days of the filing of the Complaint, through *Globe Newswire*, a widely circulated national business-oriented wire service.  *See* Fortunato Decl., Ex. 3.  The notice informed members of the proposed Class of the 60-day deadline to seek appointment as lead plaintiff, which is February 22, 2022.  *See id.*; 15 U.S.C. § 78u-4(a)(3)(A) and (B).  Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 2.    Movant Has the Largest Financial Interest in the Relief Sought

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Fortunato Decl., Ex. 2 (Loss Chart).  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 344-45, 349-50 (E.D.N.Y. 2018); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *5-6 (S.D.N.Y. June 21, 2018) ("In deciding which proposed lead plaintiff has 'the largest financial interest in the relief

6

sought by the class,' courts in this district tend to consider four criteria, known as the <u>Lax</u> factors . . . . Courts generally find the fourth factor, [net loss suffered], to be the most compelling.") (internal citations omitted; emphasis in original); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028, at *14 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period.  15 U.S.C. § 78u-4(e).

Within the Class Period, Movant purchased Arrival common stock in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby.  Movant has suffered substantial losses of $205,313.33 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged misstatements and omissions.  *See eSpeed*, 232 F.R.D. at 101 (noting that courts prefer losses to be calculated under LIFO); *Transocean*, 272 F.R.D. at 129; *see also* Fortunato Declaration, Ex. 2 (Loss Chart).  Movant, thus, has a significant financial interest in the outcome of this Action.  To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**3.**     **Movant Meets Rule 23's Typicality and Adequacy Requirements**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied:   (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018) ("The parties moving for lead plaintiff are only required to make a prima facie showing that they meet Rule 23, and courts need only consider the typicality and adequacy requirements."); *Faig v. BioScrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754, at *8-9 (S.D.N.Y. Dec. 19, 2013) ("At this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

**a.**     **Movant's Claims Are Typical of the Claims of the Class**

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  A plaintiff satisfies the typicality requirement if the plaintiff has:  (1) suffered

8

the same injuries as the absent class members; (2) the injuries are as a result of the same course of conduct by defendants; and (3) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. *See BioScrip*, 2013 U.S. Dist. LEXIS 178754, at *8. "The lead plaintiff's claims, however, 'need not be identical' to the claims of the class to satisfy this requirement." *Id.* at *9; *see also In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with, the claims of the other Class members. *See Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575, at *7 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants") (quoting *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097(JFK), 2011 U.S. Dist. LEXIS 117545, at *5 (S.D.N.Y. Oct. 12, 2011)). Movant, like the other members of the Class, acquired Arrival common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and those losses were a result of Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3) for the purposes of this Motion. *See Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *7.

### b.    Movant Is an Adequate Representative

Movant is also an adequate representative for the Class.    Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class."    Adequate representation will be found if:  "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *6 (internal citation omitted).  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of a movant and other members of the class.  15 U.S.C. § 78u-4(a)(3)(B).

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class.  Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss incurred as a result of the wrongful conduct alleged therein.  *See Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *7 (movant's "substantial losses provide a sufficient incentive to vigorously litigate this case").  Indeed, Movant has already taken steps that demonstrate that he recognizes and will protect the interests of the Class, including:  (1) executing a certification detailing his Class Period transactions and expressing his willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities violations.  Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

## II.  MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (internal citation omitted). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected and retained BES as proposed Lead Counsel for the Class.

As set forth in its accompanying firm résumé (Fortunato Decl., Ex. 4), BES is highly accomplished, and is currently acting as lead counsel, in a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class. Thus, this Court may be assured that if the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Macedo as Lead Plaintiff on behalf the Class; (2) approve Movant's selection of BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

11

DATED: February 22, 2022                    Respectfully submitted,


                                            **BRAGAR EAGEL & SQUIRE, P.C.**

                                            By: */s/ Melissa A. Fortunato*
                                            Melissa A. Fortunato
                                            Marion C. Passmore
                                            810 Seventh Avenue, Suite 620
                                            New York, NY 10019
                                            Telephone:  (212) 308-5858
                                            Facsimile:  (212) 214-0506
                                            Email:  fortunato@bespc.com
                                                      passmore@bespc.com

                                            *Counsel for Movant and Proposed*
                                            *Lead Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I, Melissa A. Fortunato, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 22nd day of February, 2022.

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato