**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL SANCHEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR, <br><br> Defendants. | Case No. Case 1:22-cv-00172-DG-RLM <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF TEMEL TIRKES FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF COUNSEL**

00677271;V1

Movant Temel Tirkes ("Tirkes") respectfully submits this memorandum of law in support of his motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of Tirkes' selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned related securities class action (the "Action") that alleges violations of the Exchange Act against Arrival SA ("Arrival" or the "Company") and several of its officers.  The Action was brought on behalf of all persons or entities (the "Class") who purchased Arrival common shares between November 18, 2020 and November 19, 2021, inclusive (the "Class Period").[1]

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Tirkes satisfies these requirements and should be appointed as Lead Plaintiff in the Action.  First, Tirkes lost $265,650 from his purchases of Arrival common shares during the Class Period.  Tirkes believes that his losses constitute the largest financial interest in the Action.  Second, Tirkes satisfies the typicality and adequacy

---

[1] A substantially similar case with the same Class Period is also pending against Arrival in the Southern District of New York denominated *Schmutter et al. v.  Arrival SA, et al.*, No. 21-11-11016-NRB.  Tirkes also filed his motion for appointment as lead plaintiff and approval of counsel in the Southern District.

requirements of Fed. R. Civ. P. 23 as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Tirkes is a radiologist in Indianapolis, Indiana, and is an experienced investor. Terkes has worked for the Indiana University Health Physicians for 14 years. Additionally, Tirkes selected experienced and qualified counsel that can adequately represent the Class.

Accordingly, Tirkes respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff and to approve his selection of Bernstein Liebhard LLP as Lead Counsel.

## SUMMARY OF THE COMPLAINT

Arrival is a UK Company headquartered in London. Arrival is a manufacturer and distributor of commercial electric vehicles ("EVs"), including vans, cars, and buses. Arrival develops vertically integrated technologies and products that create a new approach to the assembly of EVs.

Plaintiff alleges Arrival made false and misleading statements to the public throughout the Class Period and failed to disclose material adverse facts about the Company's business, operational, and financial prospects. Specifically, Arrival failed to disclose that (i) the Company would record a substantially greater net loss and adjusted EBITDA loss in the third quarter of 2021 compared to the third quarter of 2020; (ii) the Company would experience far greater capital and operational expenses required to operate and deploy its microfactories and manufacture EVs than disclosed; (iii) the Company would not capitalize on or achieve profitability or provide meaningful revenue in the time periods disclosed; (iv) the Company would not achieve its production and sales volumes; (v) the Company would not meet the disclosed production rollout deadlines; (vi) accordingly, the Company materially overstated its

00677271;V1                                    2

financial and operational position and/or prospects; and (vii) as a result, the Company's public statements were materially false and misleading.

On November 8, 2021, Arrival announced the Company's financial results for the third quarter of 2021, including a loss of €26 million, and adjusted EBITDA loss for the quarter of €40 million. The Company also significantly scaled back its long-term projections, pushing its production and sales timelines into later time periods. On this news, shares of Arrival plummeted $4.33, or 24%, to close at $13.46 on November 10, 2021. Only a week later, on November 17, 2021, Arrival announced a $200 million offering of green convertible senior notes due 2026, intended to finance the development of EVs. On the same day, November 17, 2021, Arrival announced the commencement of an underwritten public offering of 25 million ordinary shares pursuant to a registration statement on Form F-1 filed with the SEC in a bid to raise around $330 million in cash. Arrival shares again dropped $0.82, or approximately 8%, to close at $9.91 on November 18, 2021.

## ARGUMENT

## I.    THE COURT SHOULD APPOINT TIRKES AS LEAD PLAINTIFF

### A.    The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the

00677271;V1                                                3

PSLRA directs courts to consider any motion to serve as lead plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Tirkes meets the foregoing criteria, and therefore is entitled to the presumption of being the most adequate lead plaintiff to represent the Class.

**B.      Tirkes Is the Most Adequate Plaintiff**

Tirkes respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, he believes he has the largest financial interest in the relief sought by the Class, and he otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.    Tirkes' Motion is Timely

On December 22, 2021, the Early Notice was published via a widely circulated national business-oriented wire service. *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl."), Ex. A.   Accordingly, putative class members had until February 22, 2022, to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Tirkes timely filed this motion in response to the Early Notice. Tirkes also filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in the Action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Seidman Decl., Ex. B.   Accordingly, Tirkes satisfies the first requirement to serve as lead plaintiff for the Class.

### 2.    Tirkes Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Tirkes suffered substantial losses of $265,650 in connection with his purchases of Arrival shares during the Class Period.  *See* Seidman Decl., Ex. C.  Tirkes is not aware of any other movant that has suffered greater losses in Arrival common stock during the Class Period. Accordingly, Tirkes believe that he has the largest financial interest in this litigation.

### 3.    Tirkes Meets the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met

is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original).  Tirkes satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

### a.  Tirkes' Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Tirkes' claims are typical of the Class in that he suffered the same injuries as a result of the same, or substantially the same, course of conduct by Defendants; and (ii) base his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether (i) Defendants violated the federal securities laws; and (2) the members of the Class sustained damages and, if so, what is the proper measure of damages. These questions apply equally to Tirkes as to all members of the Class. Since Tirkes' claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b.  Tirkes Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Tirkes is an adequate lead plaintiff.   Tirkes and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Tirkes' substantial financial stake in the litigation, Class members can be assured that Tirkes has the incentive to vigorously prosecute the claims.

Additionally, Tirkes has demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## II.    THE COURT SHOULD APPROVE TIRKES' CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl., Ex. D (Firm Résumé of Bernstein Liebhard).   Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein

Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action);

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement); and

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Tirkes respectfully request that this Court: (1) appoint him as Lead Plaintiff for the Action, and all subsequently-filed, related actions; and (2) approve Tirkes' selection of Bernstein Liebhard as Lead Counsel for the litigation.


Dated:  February 22, 2022


BERNSTEIN LIEBHARD LLP

/s/ Joseph R. Seidman, Jr.
_____

Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY  10016
212.779.1414

*Counsel for Tirkes and Proposed Lead Counsel
for the Proposed Class*

## CERTIFICATE OF SERVICE

I, Joseph R. Seidman, Jr., hereby certify that on February 22, 2022, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF TEMEL TIRKES TO BE APPOINTED AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: February 22, 2022                              /s/ Joseph R. Seidman, Jr.
                                                      Joseph R. Seidman, Jr.

00677271;V1                              10