**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MIGUEL A. SANCHEZ, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-00172-DG-RLM |
| Plaintiff, | |
| v. | |
| ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR, | |
| Defendants. | |

**DAVID WRAFTER'S RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead Plaintiff Movant David Wrafter ("Wrafter") submits this memorandum of law in response to the competing motions for appointment as lead plaintiff and approval of counsel filed by other purported class members in this action. For the reasons provided below, in the event the Court declines to appoint Mostaco Corp. ("Mostaco") or KNS Holdings LLC DBPP UA Jan 1, 2016 ("KNS") as lead plaintiff, Wrafter should be appointed as lead plaintiff.

Eight movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, the "PSLRA"). The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure" ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the presumption transfers to the movant with the next largest financial interest, until a suitable lead plaintiff is identified. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.7 (S.D.N.Y. 2008).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films*

1

*Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008). Of these factors, losses suffered is the most important. *See id.* at 437. In fact, to determine which movant has the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same, citing *Molex*); *Bo Young Cha v. Kinross Gold Corp.*, No. 12-cv-1203, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("The Court accordingly focuses its analysis on that factor.").[1]

Most courts agree that the preferred method to calculate financial losses requires class period sales to be matched to purchases on a last in, first out (LIFO) basis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005). Indeed, LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *Id.* at 101.

Here, under LIFO, Wrafter has the third largest loss, and therefore the third largest financial interest of the competing movants:[2]

| Movant | Loss |
|--------|------|
| Mostaco | $2,472,483.41 |
| KNS | $592,198.55 |
| Wrafter | $356,804.88 |
| Tirkes | $265,650.58 |

---

[1] *See also Vladimir v. Bioenvision, Inc.*, No. 07-cv-6416, 2007 WL 4526532, at *5 n.10 (S.D.N.Y. Dec. 21, 2007) ("The inquiry need not and should not be complicated by also considering the number of shares or the net expenditures involved because those statistics do not advance the ball.") (quoting *In re Bally Total Fitness Sec. Litig.*, No. 04-cv-3530, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) (appointing a movant with the largest loss despite having a smaller interest with respect to the other three factors).

[2] Loss figures in this chart are taken from the movants' respective loss charts submitted with their lead plaintiff motions. Only the top four movants are listed in this chart.

2

Accordingly, in the event the Court determines that both Mostaco and KNS are inadequate or otherwise cannot represent the class in this action, the most adequate plaintiff presumption should move to Wrafter. *See Varghese*, 589 F. Supp. 2d at 396 n.7. Since Wrafter also satisfies the relevant requirements of Rule 23, as demonstrated in his opening memorandum (Dkt. No. 25-1 at 8-16), and no movant can rebut the presumption, Wrafter should be appointed as lead plaintiff in the event Mostaco and KNS are disqualified.

Respectfully submitted,

DATED: March 8, 2022

**GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for David Wrafter and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 8, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh