**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL A. SANCHEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR,<br><br>Defendants. | **CASE No.: 1:22-cv-00172-DG-RLM**<br><br>**MEMORANDUM OF LAW OF MOSTACO CORP. IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br>**CLASS ACTION** |

Lead Plaintiff Movant Mostaco Corp. ("Movant" or "Mostaco") respectfully submits this opposition to the competing lead plaintiff motions. Dkt. Nos. 10 and 18.

## BACKGROUND

Six lead plaintiff motions were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel, on behalf of all persons or entities who purchased or otherwise acquired stock of Arrival SA ("Arrival" or the "Company") between November 18, 2020 and November 19, 2021, inclusive (the "Class Period").

Of the three remaining movants, Mostaco clearly has the largest financial interest with $2,472,483 in losses from its Class Period transactions of Arrival securities.

| | Gross Shares Purchased | Net Shares Purchased | Net Funds Expended | Approximate Loss | |
|---|---|---|---|---|---|
| Mostaco | **410,619** | **410,619** | **$5,118,922** | **$2,472,483** | Dkt. No. 9-3 |
| KNS Holdings LLC DBPP UA Jan. 1, 2016 | 35,467 | 27,880 | $771,885 | $592,198 | Dkt. No. 12-2 |
| Alexandre Lioubinine | 10,250 | 10,250 | $298,582 | $232,966 | Dkt. No. 21-2 |

As set forth above no other movant claims a larger financial interest than Mostaco. Because Mostaco has the largest financial interest in this action and also prima facie satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Mostaco is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Because competing movants can offer no proof to rebut the presumption in favor of Mostaco, the Court should grant Movant's motion in its entirety and deny the competing lead plaintiff motions.

**ARGUMENT**

**I. MOSTACO SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA provides that there is a "rebuttable presumption … that the most adequate plaintiff … is the person or group of persons … that … has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, Mostaco suffered the largest loss of any movant. Courts across the country recognize this factor as the most significant factor to be considered. *See, e.g., In re Comverse Tech., Inc. Sec. Litig*., 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration*, 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *Foley v. Transocean Ltd*., 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Vicuron Pharms., Inc. Sec. Litig*., 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc*., 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Mostaco has the largest loss—more than 4-times larger the next-largest loss—and thus, the greatest financial interest of the remaining movants. Indeed, Mostaco has the largest financial interest by any and all of the four *Lax* factors.

Moreover, as set forth in Movant's opening papers, Mostaco has made a prima facie showing of its adequacy and typicality. Movant has submitted a certification attesting to its willingness to serve as lead plaintiff. Dkt. No. 9-2. Mostaco's claims are also typical of other class members because its claims arise from the same legal theories and same nucleus of fact. Movant's interests are aligned with the interests of the other class members as it has the same incentive to prove Defendants' fraud. Mostaco is a private company incorporated in the British Virgin Islands. Dkt. No. 9 at 10. Mr. Siman, the signatory of Mostaco's certification, is authorized to bind and will be the contact person for Mostaco in this litigation. *Id*. Mr. Siman resides in Monaco and is an experienced businessman with bachelor degrees in both Engineering and Law. *Id*. As such, Mr. Siman does not anticipate any problems overseeing this matter with counsel. *Id*. There are no conflicts of interest between Mostaco and absent class members. *See Id*. at 9.

In short, because Mostaco has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, it is the presumptive lead plaintiff. As such, Mostaco should be appointed lead plaintiff and his selection of Lead Counsel should be approved.

## II. MOSTACO'S SELECTION OF COUNSEL SHOULD BE APPOINTED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (aa); *see also In re Molson Coors Brewing Co. Sec. Litig*., 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Mostaco has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As Rosen

Law's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 9-4. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id*. Founding partner, Laurence Rosen was recognized by Law360 as a Titan of Plaintiffs Bar for 2020.

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## III. COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Mostaco satisfies the requirements of Rule 23, has the greatest financial interest in the litigation, and should therefore be appointed Lead Plaintiff without further analyses. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

In no way is Mostaco conceding or acknowledging that the competing movants are adequate or that their claims are typical. Mostaco does not address movants who have withdrawn or filed a notice of non-opposition, and reserves the right to address any putative class member's adequacy or typicality, should the Court reach them.

That said some glaring facts bear noting about a competing movant.

### A. KNS HOLDINGS LLC DBPP UA JAN. 1, 2016'S TRUSTEE AND/OR ADMINISTRATOR KWAN FAN IS INADEQUATE

It appears that Kwan Fan, the "trustee and/or administrator" of KNS Holdings LLC DBPP UA Jan. 1, 2016, filed for Chapter 7 Bankruptcy. *In Re: Kwan Fan, Shelley Fan*, case no. 2:10-BK-10182 (Bank. D. Ariz. 2010).

This bankruptcy filing appears to follow at least three other cases against who appears to be Mr. Fan—two in Maricopa County Superior Court in Arizona styled as *American Express Centurion Bank v. Fan, et al*., case no. CV2009-007602, and *FIA Card Services NA v. Kwan Fan*, case no. CV2010-005619, and one in the Eighth Judicial District Court for Clark County in Nevada styled as *Wynn Las Vegas, LLC v. Kwan Fan*, case no. A-10-609482-C.

The nature of these cases demonstrates Mr. Fan's inadequacy. For example, the bankruptcy petition listed claims of $70,000 by Wynn/Las Vegas LLC for a $60,000 marker plus interest, penalties, and court costs. *In Re: Kwan Fan, Shelley Fan*, case no. 2:10-BK-10182, Dkt. No. 1 at 21. It further listed $28,500 in gambling losses over the past year (when his purported family annual income was $52,044). *Id*. at 30 and 44. The same petition also listed credit card claims of $82,000, $77,000, and $15,000 (twice), amongst other credit card claims. *Id*. at 18-20. At least some of these debts appear to match the suits listed above and are listed in the bankruptcy petition as well. *Id*. at 28-29.

## **CONCLUSION**

For the foregoing reasons, Mostaco's motion should be granted in its entirety and the competing motions should be denied.

Dated: March 8, 2022

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim