## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL A. SANCHEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR,<br><br>Defendants. | Case No. 1:22-cv-00172-DG-RLM |

## DAVID WRAFTER'S REPLY MEMORANDUM
## IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT
## AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

I.    ARGUMENT.........................................................................................................................1

II.   CONCLUSION ....................................................................................................................3

# TABLE OF AUTHORITIES

**CASES**

*Batte v. Hecla Mining Co.*,
 2021 WL 516546 (S.D.N.Y. Feb. 11, 2021) ...............................................................1

*Broadfoot v. Barrick Gold Corp.*,
 2017 WL 3738444 (S.D.N.Y. Aug. 9, 2017)...............................................................1

*Fischler v. AmSouth Bancorporation*,
 1997 WL 118429 (M.D. Fla. Feb. 6, 1997)..................................................................2

*Gross v. AT&T Inc.*,
 2019 WL 7759222 (S.D.N.Y. June 24, 2019) .............................................................2

*In re Tronox, Inc. Sec. Litig.*,
 262 F.R.D. 338 (S.D.N.Y. 2009)..................................................................................2

*Siegel v. Boston Beer Co.*,
 2021 WL 5909133 (S.D.N.Y. Dec. 14, 2021)..............................................................1

*Xianglin Shi v. Sina Corp.*,
 2005 WL 1561438 (S.D.N.Y. July 1, 2005).................................................................1

**ARGUMENT**

Lead Plaintiff Movant David Wrafter ("Wrafter") should be appointed lead plaintiff. The only two movants with a greater financial interest than him, Mostaco Corp. ("Mostaco") or KNS Holdings LLC DBPP UA Jan 1, 2016 ("KNS"), both appear to be inadequate to serve as a lead plaintiff.

First, it appears that Kwan Fan, the "trustee and/or administrator" of KNS, was forced to declare bankruptcy due to gambling debts. *See* Dkt. No. 31 at 6.[1] While courts have rejected plaintiffs being inadequate because of prior bad, or even criminal, acts, courts have often disqualified movants when these prior acts called into question their credibility and ability to act as a fiduciary to the class. *See Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at *4 (S.D.N.Y. July 1, 2005) (citing cases). Here, not only does it appear that Kwan Fan was forced to declare bankruptcy – this bankruptcy was related to gambling debts. This calls into question his ability to serve as a financial fiduciary for the class. *Batte v. Hecla Mining Co.*, 2021 WL 516546, at *2-3 (S.D.N.Y. Feb. 11, 2021) (movant sued for gambling debt, amongst other financial calamities, presented "potential credibility issues"); *see also Xianglin Shi*, 2005 WL 1561438, at *4-5 (rejecting movant with 10-year-old felony conviction for providing false information to a financial institution). Moreover, KNS's failure to disclose Kwan Fan's gambling debts and bankruptcy calls into question his credibility even further. *Siegel v. Boston Beer Co.*, 2021 WL 5909133, at *7 (S.D.N.Y. Dec. 14, 2021) (failure to disclose personal bankruptcy and history of financial liens was disqualifying).[2]

---

[1] The fact that Kwan Fan does not know whether he is trustee, administrator, or both of his own entity is concerning in its own right.

[2] At a minimum, the Court should allow discovery into Kwan Fan and KNS regarding the actual source of the funds used in the transactions at issue, as well as Kwan Fan's finances and gambling. *See Broadfoot v. Barrick Gold Corp.*, 2017 WL 3738444, at *1 (S.D.N.Y. Aug. 9, 2017) (granting

Second, Mostaco has failed to provide enough information to demonstrate its adequacy. *See* Dkt. No. 32 at 1-11. As KNS argues, "Mostaco is an opaque shell company with no apparent operations other than to shelter its owners from various tax jurisdictions and, therefore, cannot be entrusted with the oversight of this litigation." Dkt. No. 32 at 4; *see also Gross v. AT&T Inc.*, 2019 WL 7759222, at \*2 (S.D.N.Y. June 24, 2019) (denying motion filed by similar shell company that "failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation."). Furthermore, there is no indication that the signatory was the individual that actually made the transactions at issue and "that Leon Siman has any legitimate economic interest in this litigation, nor is there any basis to believe that he, as one who purposefully masks holdings for himself and/or others, would appear in the United States for discovery or trial or otherwise adequately oversee this litigation." Dkt. No. 32 at 4. As such, Mostaco is likewise inadequate to represent the class.

In contrast, Wrafter does not suffer from any such defects. In fact, no proof has been presented at all that Wrafter would be inadequate or subject to unique defenses. Since no competing movant can present proof rebutting the presumption that Wrafter is an adequate plaintiff (after excluding KNS and Mostaco), Wrafter should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

---

competing movant's request for discovery based on evidence contained in the certification regarding potential unique defenses); *Fischler v. AmSouth Bancorporation*, 1997 WL 118429, at \*3 (M.D. Fla. Feb. 6, 1997) ("uncertainty" or "unanswered questions" about a putative lead plaintiff's ability to properly represent the class are sufficient to trigger the PSLRA's lead plaintiff discovery provision).

## II. CONCLUSION

For the foregoing reasons, Mr. Wrafter is the movant with the largest financial interest that is adequate, and thus should be appointed lead plaintiff, and his counsel Glancy, Prongay & Murray LLP should be appointed lead counsel.

Respectfully submitted,

DATED: March 15, 2022

**GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for David Wrafter and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 15, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 15, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh