**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL A. SANCHEZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR, <br><br> Defendants. | CASE No.: 1:22-cv-00172-DG-RLM <br><br> **REPLY MEMORANDUM OF LAW OF MOSTACO CORP. IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** <br><br><br> **CLASS ACTION** |

1

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 5

MOSTACO SHOULD BE APPOINTED LEAD PLAINTIFF ...................................................... 6

    A.   MOSTACO HAS THE LARGEST FINANCIAL INTEREST ........................................... 6

    B.   MOSTACO IS TYPICAL AND ADEQUATE; MADE A PRIMA FACIE SHOWING OF
ADEQUACY AND TYPICALITY ........................................................................................ 6

    C.   NONETHELESS, MOSTACO, AND MR. SIMAN, PROVIDED BACKGROUND
INFORMATION .................................................................................................................. 8

    D.   KNS HAS FAILED TO REBUT THE LEAD PLAINTIFF PRESUMPTION IN FAVOR
MOSTACO ......................................................................................................................... 9

CONCLUSION ................................................................................................................. 13

**TABLE OF AUTHORITIES**

**Cases**

*Apple v. LJ Int'l Inc.*,
    2008 WL 11343371 (C.D. Cal. Feb. 8, 2008) ........................................................................ 12

*Camp v. Qualcomm, Inc.*,
    2019 WL 277360 (S.D. Cal. 2019) ......................................................................................... 12

*Chupa v. Armstrong Flooring, Inc.*,
    2020 WL 1032420 (C.D. Cal. Mar. 2, 2020) ......................................................................... 10

*Clair v. DeLuca*,
    232 F.R.D. 219 (W.D. Pa. 2005) ............................................................................................ 12

*Darish v. N. Dynasty Mins. Ltd.*,
    2021 WL 1026567 (E.D.N.Y. Mar. 17, 2021) ......................................................................... 6

*Ferrari v. Impath, Inc.*,
    2004 WL 1637053 (S.D.N.Y. July 20, 2004) ......................................................................... 11

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................. 9

*Gross v. AT&T Inc.*,
    2019 WL 7759222 (S.D.N.Y. June 24, 2019) ......................................................................... 12

*In re Boeing Aircraft Sec. Litig.*,
    2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) .......................................................................... 12

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ................................................................................................ 7, 8

*In re Enzymotec Ltd. Sec. Litig.*,
    2015 WL 918535 (D.N.J. Mar. 3, 2015). ............................................................................... 12

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................................. 11

*In re Insys Therapeutics, Inc. Sec. Litig.*,
    case no. 17-cv-1954 (S.D.N.Y.) ............................................................................................... 7

*In re IPO Sec. Litig.*,
    227 F.R.D. 65 (S.D.N.Y. 2004) ............................................................................................. 10

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286, 296 (E.D.N.Y.) .......................................................................................... 6

*In re SLM Corp. Sec. Litig.*,
    2012 WL 209095 (S.D.N.Y. Jan. 24, 2012) ........................................................................... 10

*In re Sundial Growers, Inc. Sec. Litig.*,
    case no. 19-cv-8913 (S.D.N.Y.) ............................................................................................... 7

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ........................................................................................... 11

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
    2021 WL 148752 (S.D.N.Y. Jan. 15, 2021) ............................................................................. 8

*In re USEC Sec. Litig.*,
    68 F. Supp. 2d 560 (D. Md. 2001) ......................................................................................... 13

*In Re: Kwan Fan, Shelley Fan*,
    case no. 2:10-bk-10182 (Bank. D. Ariz. 2010) ....................................................................... 8

3

*Karp v. Diebold Nixdorf, Inc.*,
   2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, 2019 WL
   6619351 (S.D.N.Y. Dec. 5, 2019) .................................................................................. 12
*Kehoe v. 3D Systems Corp., et al.*,
   case no. 1:21-cv-01920-NGG-LB (E.D.N.Y.) ............................................................. 10
*Khunt v. Alibaba Group Holding Ltd.*,
   102 F.Supp.3d 523 (S.D.N.Y. 2015) ............................................................................ 6
*Lavin v. Virgin Galactic Holdings, Inc.*,
   2021 WL 5409798, (E.D.N.Y. Sept. 17, 2021) ........................................................... 6
*Lavin v. Virgin Galatic Holdings, Inc., et al.*,
   case no. 1:21-cv-03070-ARR-TAM (E.D.N.Y.) ........................................................ 10
*Murphy v. JBS S.A.*,
   2017 WL 4480751 (E.D.N.Y. Oct. 6, 2017) ......................................................... 9, 11
*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
   63 F. Supp. 3d 394 (D. Del. 2014) .............................................................................. 9
*Perez v. HEXO Corp.*,
   2020 WL 905753 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO
   Corp. Sec. Litig.*, 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) ................................. 12
*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................ 9
*Piven v. Sykes Enterprises, Inc.*,
   137 F. Supp. 2d 1295 (M.D. Fla. 2000) ..................................................................... 12
*Rauch v. Vale S.A.*,
   case no. 19-cv-526-RJD-SJB (E.D.N.Y.) .................................................................. 10
*Salinger v. Sarepta Therapeutics, Inc.*,
   2019 WL 6873807 (S.D.N.Y. Dec. 17, 2019) ............................................................ 7
*Schmutter v. Arrival SA, et al.*,
   case no. 1:21-CV-11016-NRB (S.D.N.Y.) ................................................................ 4
*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) ....................................................................... 11
*Woburn Ret. Sys. v. Salix Pharms., Ltd.*,
   2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) .......................................................... 11
*Xianglin Shi v. Sina Corp.*,
   2005 WL 1561438 (S.D.N.Y. July 1, 2005) ............................................................. 12

**Statutes**
PSLRA ............................................................................................................... 7, 9, 11, 13

**Rules**
Rule 23 ................................................................................................................... 6

## INTRODUCTION

Lead Plaintiff Movant Mostaco Corp. ("Movant" or "Mostaco") respectfully submits this reply memorandum of law in further support of its lead plaintiff motion. Dkt. No. 8.

Preliminarily, on March 7, 2022, the related action pending in the Southern District of New York was voluntarily dismissed without prejudice. *Schmutter v. Arrival SA, et al.*, case no. 1:21-CV-11016-NRB (S.D.N.Y.), Dkt. No. 48. Thus, there is no impediment to the Court adjudicating the Lead Plaintiff motions pending here.

Mostaco lost over $2.4 million. Dkt. No. 9-3. Only one other movant remains,[1] KNS whose losses at $592,198 are drastically smaller than Mostaco's. Thus, KNS cannot trigger the lead plaintiff presumption due to its smaller financial interest, and as noted in opposition (Dkt. No. 31 at 6), its and its trustee/administrator's atypicality and inadequacy.

Rather than contest Mostaco's financial interest—which is over 4-times larger than the losses of KNS—the sole competing movant argues that Mostaco has not provided general background information about itself and Mr. Siman and thus has not made a *prima facie* showing of his adequacy to trigger the lead plaintiff presumption. Dkt. No. 32.  This argument is wrong. There is no background information requirement to make the preliminary showing of adequacy in order to trigger the lead plaintiff presumption.  In any event, Mostaco did provide relevant

---

[1] On February 23, 2022, after the lead plaintiff motion deadline, Temel Tirkes filed a lead plaintiff motion in this action. Dkt. No. 22. On March 7, 2022, Temel Tirkes filed a notice of non-opposition to the competing motions. Dkt. No. 27. On February 24, 2022, David Wrafter filed a notice of his lead plaintiff motion in the *Schmutter* Action. Dkt. No. 25. On March 8, 2022, David Wrafter filed a notice of non-opposition to Mostaco and KNS. Dkt. No. 30. On March 4, 2022, Yanchen Shi withdrew his lead plaintiff motion. Dkt. No. 26. On March 7, 2022, Michael Macedo filed a notice of non-opposition to the competing lead plaintiff motions. Dkt. No. 28. On March 8, 2022, Alexandre Lioubinine filed a notice of non-opposition to the competing motions. Dkt. No. 29. On February 22, 2022, Bruce Schmutter, Dean Samet, and Faris Alqahtani filed a lead plaintiff motion in the *Schmutter* Action. *Schmutter* Action, Dkt. No. 12. Miguel A. Sanchez, David Wrafter, and the group of Bruce Schmutter, Dean Samet, and Faris Alqahtani have not filed any motion in this action.

background information of itself and Mr. Siman in its opening papers. Additionally, while KNS pretends it was unable to vet Mostaco on one hand, it did have enough information to conduct its searches and locate information about Mostaco and Mr. Siman on the other.

Additionally, KNS argues without any justification, that Mostaco and/or Mr. Siman being listed in the "Pandora Papers" somehow shows that Mostaco is inadequate. Such speculation is not the requisite proof that Mostaco or Mr. Siman is inadequate or atypical. KNS' speculation and inuendo fall well short of demonstrating that Mostaco or Mr. Siman is inadequate or atypical.[2]

## MOSTACO SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    MOSTACO HAS THE LARGEST FINANCIAL INTEREST

Mostaco has the largest financial interest of the remaining movants:

| Movant(s) | Loss | |
|---|---|---|
| 1. Mosatco | $2,472,483 | Dkt. No. 9-3 |
| 2. KNS | $592,198 | Dkt. No. 12-2 |

### B.    MOSTACO IS TYPICAL AND ADEQUATE; MADE A PRIMA FACIE SHOWING OF ADEQUACY AND TYPICALITY

Contrary to KNS's outlier and one-off cases (*see infra* pp. 7-9), courts require only a "preliminary showing" of adequacy to trigger the most adequate plaintiff presumption. *See e.g., Khunt v. Alibaba Group Holding Ltd.*, 102 F.Supp.3d 523, 536 (S.D.N.Y. 2015) (movant "must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met. In fact, a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification")

---

[2] Mere listing in the "Pandora Papers" is not proof of wrongdoing. Indeed, U.S. companies like Apple, Inc., Nike, and the law firm of Baker McKenzie are listed in the Pandora Papers. *See https://en.wikipedia.org/wiki/List_of_people_named_in_the_Pandora_Papers*.

(internal quotations and citations omitted); *Darish v. N. Dynasty Mins. Ltd.*, 2021 WL 1026567, at *6 (E.D.N.Y. Mar. 17, 2021) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y.), *opinion adhered to on reconsideration sub nom. In re Olsten Corp.*, 181 F.R.D. 218 (E.D.N.Y. 1998)); *Lavin v. Virgin Galactic Holdings, Inc.*, 2021 WL 5409798, at *7 (E.D.N.Y. Sept. 17, 2021). This is necessarily a low burden, as it "would make little sense" if a movant was required to "'prove' that it satisfied Rule 23 in order to get the benefit of the lead plaintiff presumption, because that would create a situation in which the only way to rebut the presumption would be to 'disprove' something that the presumptively most adequate plaintiff had already 'proved.'" *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001).

Movants typically meet their *prima facie* burden on "adequacy" by retaining counsel that is "qualified, experienced, and generally able to conduct the litigation in question," having a "sufficient interest" in the lawsuit large enough to "ensure vigorous advocacy," and presenting no evidence of "claims that conflict with the class." *See Salinger v. Sarepta Therapeutics, Inc.*, 2019 WL 6873807, at *4 (S.D.N.Y. Dec. 17, 2019). To this end, individual Lead Plaintiff movants often submit sworn PSLRA certifications with their opening papers—to make this preliminary showing.

Indeed, KNS's counsel, Levi & Korsinsky, LLP, has made lead plaintiff motions relying solely on the PSLRA certifications to make the preliminary showing of adequacy under the PSLRA: *In re Sundial Growers, Inc. Sec. Litig.*, case no. 19-cv-8913 (S.D.N.Y.) and *In re Insys Therapeutics, Inc. Sec. Litig.*, case no. 17-cv-1954 (S.D.N.Y.).

## C.    NONETHELESS, MOSTACO, AND MR. SIMAN, PROVIDED BACKGROUND INFORMATION

That said, Mostaco, and Mr. Siman, provided background information in its opening brief:

> … Mostaco is a private company incorporated in the British Virgin Islands. Mr. Siman, the signatory of Mostaco's certification, resides in Monaco. Mr. Siman is authorized to bind and will be the contact person for Mostaco in this litigation. Mr. Siman is an experienced businessman, with bachelor degrees in both Engineering and Law. As such, Mr. Siman does not anticipate any problems overseeing this matter with counsel.

Dkt. No. 9 at 10.

In fact, Mostaco provided *more* information about itself than KNS has. Contrary to KNS, which was able to find and vet both Mostaco and Mr. Siman with the information provided—the same cannot be said for KNS itself.[3] Moreover, while Mr. Fan provided some personal details about himself, he failed to disclose the most pertinent facts about his past—his gambling and credit debt and related bankruptcy. *In Re: Kwan Fan, Shelley Fan*, case no. 2:10-bk-10182 (Bank. D. Ariz. 2010).

In short, Mostaco has the largest financial interest and has made a *prima facie* showing of adequacy and typicality and is the presumptive Lead Plaintiff.

---

[3]https://www.google.com/search?q=%22KNS+Holdings+LLC+DBPP+UA+Jan.+1%2C+2016%
22&rlz=1C1CHBF_enUS877US877&sxsrf=APq-
WBsIeOTnroZ3gkRtaghDJfv8uwrKkQ%3A1647024882632&ei=8porYtSaJt2optQPh-
i8wAI&ved=0ahUKEwjU28Lo3b72AhVdlIkEHQc0DygQ4dUDCA4&uact=5&oq=%22KNS+H
oldings+LLC+DBPP+UA+Jan.+1%2C+2016%22&gs_lcp=Cgdnd3Mtd2l6EAMyBAgjECc6Bw
gAEEcQsANKBAhBGABKBAhGGABQhAVYvRZgjhhoAXABeACAAWaIAdYBkgEDMi4x
mAEAoAEByAEIwAEB&sclient=gws-wiz.

8

**D.      KNS HAS FAILED TO REBUT THE LEAD PLAINTIFF PRESUMPTION IN FAVOR MOSTACO**

Once the lead plaintiff presumption attaches, as it does here with Mostaco, the process turns adversarial, where competing movants have the opportunity to rebut the presumption with proof of inadequacy and atypicality. *In re Cendant Corp.*, 264 F.3d at 264 ("The first subsection (the one that deals with triggering the lead plaintiff presumption) requires that a movant 'otherwise satisf[y]' Rule 23, but the second (which covers rebutting it) requires 'proof' that the presumptively most adequate plaintiff does not."); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2021 WL 148752, at *8 (S.D.N.Y. Jan. 15, 2021) ("While presumptive lead plaintiffs may be rejected on the basis of risks of unique defenses, such risks must be supported by proof and rise above the level of mere speculation.").

Speculation and innuendo is insufficient to rebut the lead plaintiff presumption. *See Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("'[E]xacting proof' is needed to rebut the presumption.") (citing *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012)); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("There is absolutely no proof … and we decline [KNS's] invitation to use our imagination."); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("[KNS] must produce more than speculation to rebut the presumption. The PSLRA is clear that the presumption is rebutted 'only upon proof' that the presumptive lead plaintiff is inadequate and subject to unique defenses.") (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

Here, KNS advances two meritless arguments. <u>First</u>, KNS speculates that the inclusion of Mostaco and Mr. Siman in the "Pandora Papers" renders them inadequate. Yet KNS provides no explanation as to how Mostaco's and Mr. Siman's inclusion impacts their adequacy. KNS has

had time to review the Pandora Papers, but presents no specific document or facts to suggest any wrongdoing whatsoever. Indeed, numerous respected companies and individuals are listed in the Pandora Papers. (*See* p. 3 n.2 *supra*).

Even if KNS did identify any misconduct it would not be sufficient to rebut the presumption in favor of Mostaco. *E.g., JBS S.A.*, 2017 WL 4480751, at *7 ("Their allegations concerning the potential use of tax havens and the supposed economic illogic of investing in ADRs are mere speculation and innuendo, which are insufficient to rebut the presumption that GWI Enterprise is the most adequate plaintiff") (citing *OFI Risk Arbitrages*, 63 F. Supp. 3d and 403) (footnote omitted); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 417 (S.D.N.Y. 2004) ("[E]ven if the violations in question had been proven, they do not appear to represent the degree of serious misconduct that would require Empire's candidacy to be rejected at this stage, particularly . . . in the absence of any specific connection between the types of violations claimed and the execution fraud alleged here."); *Chupa v. Armstrong Flooring, Inc.*, 2020 WL 1032420, at *4 (C.D. Cal. Mar. 2, 2020) ("Since there is no contention or evidence that Marker's [] conviction for bank robbery is related to the securities fraud alleged in this case, the Court finds that his conviction should only preclude Marker from serving as lead plaintiff if that conviction demonstrates past dishonesty that might suggest the inability to serve as a fiduciary.") (quotation omitted).

Second, KNS argues that Mostaco's certification is inadequate. KNS sounds an alarm because Mostaco's certification states that it is "willing to serve as lead plaintiff," "either individually or as part of a group[.]." We do not know what to make of this argument, as this is standard language in PSLRA certifications the Rosen Law Firm submits in all of its cases—

including numerous cases in this Court.[4]  KNS also identifies a typo in  Mostaco's certification—

which included the wrong case number for a prior lead plaintiff motion in the *Vale* case.  Dkt.

No. 32 at 6 n.1.  Minor typos such as this is not material to adequacy or typicality. *E.g., In re*

*SLM Corp. Sec. Litig.*, 2012 WL 209095, at *8 (S.D.N.Y. Jan. 24, 2012) (at class certification,

"Courts routinely reject criticisms based on errors in certifications, particularly where there is no

evidence of bad faith or intent to deceive the court or the parties.") (citing *In re IPO Sec. Litig.*

227 F.R.D. 65, 98 (S.D.N.Y. 2004)).[5]

Lastly, KNS's request for discovery should be denied.  Other than speculation, KNS has

failed to demonstrate a reasonable basis for discovery.  *Woburn Ret. Sys. v. Salix Pharms., Ltd.*,

2015 WL 1311073, at *9 (S.D.N.Y. Mar. 23, 2015) (rejecting similar discovery request under the

PSLRA).  Other than speculation, KNS has provided no facts in support of the request. *In re*

*Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 347–48 (S.D.N.Y. 2009) ("Alaska also seeks … limited

discovery to ascertain the adequacy of LaGrange in light of Alaska's claims regarding

LaGrange's trading patterns and corporate structure. … However, Alaska has not presented

sufficient evidence ... Moreover, such discovery will only cause unnecessary delay and expense,

likely to provide results that are neither helpful nor likely to change the outcome.") (internal

citations and footnotes omitted); *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *7 (S.D.N.Y.

July 20, 2004) ("The PSLRA provides for discovery in connection with the appointment of lead

plaintiff and counsel in limited circumstances … [w]hile the Court views the allegations as

---

[4] *See e.g., Lavin v. Virgin Galatic Holdings, Inc., et al.*, case no. 1:21-cv-03070-ARR-TAM (E.D.N.Y.), Dkt. No. 10-2; *Kehoe v. 3D Systems Corp., et al.*, case no. 1:21-cv-01920-NGG-LB (E.D.N.Y.), Dkt. No. 26-2.

[5] KNS implies that Mostaco's withdrawal of its lead plaintiff motion in *Rauch v. Vale S.A.*, case no. 19-cv-526-RJD-SJB (E.D.N.Y.) was somehow due to its refusal to provide information about itself.  This is false.  Mostaco withdrew its motion due to trading issues—it was in-and-out and a net seller during that class period. *See Vale*, Dkt. Nos. 28, 29, 31, 32, 33.

potentially troubling, [KNS] ha[s] produced not one iota of evidence to give the Court even a reasonable basis to authorize discovery.") (internal citation omitted)).

"In sum, [KNS's] contentions fail to meet the exacting proof standard required under the PSLRA to demonstrate [that Mostaco's] claims are atypical." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 39 (S.D.N.Y. 2012); *see also JBS S.A.*, 2017 WL 4480751, at *5. Nor do KNS's contentions meet the exacting proof required to demonstrate that Mostaco is inadequate.

*        *        *

KNS's cases are distinguishable. Many of KNS's authorities involved groups of unrelated investors attempting to aggregate their financial interests. Groups, unlike individual movants like Mostaco and KNS, must provide background information to show cohesion and how the group can work together and protect the interests of absent class members. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). These cases include: *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at *4 (S.D.N.Y. July 1, 2005); *Clair v. DeLuca*, 232 F.R.D. 219, 226 (W.D. Pa. 2005); *Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000); *Apple v. LJ Int'l Inc.*, 2008 WL 11343371, at *4 (C.D. Cal. Feb. 8, 2008).

KNS's other cases fare no better. In *Perez v. HEXO Corp.*, the lead plaintiff movant "fail[ed] to provide *any* information regarding his experience in his preliminary motion[.]" (emphasis in original). 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020). Likewise, in *Gross v. AT&T Inc.*, the lead plaintiff movant only provided the name of a director and nothing else. 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019). In *In re Enzymotec Ltd. Sec.*

12

*Litig.*, the signer of the PSLRA certification did not provide her role or title at the entity and did not provide any other information about herself. 2015 WL 918535, at *3 (D.N.J. Mar. 3, 2015). Here, Mostaco provided ample background information about itself and Mr. Siman in its opening papers.

*Camp v. Qualcomm, Inc.*, dealt with a lead plaintiff movant with "significant" errors in his submission including material errors to the movant's loss calculation. 2019 WL 277360, at * 3 (S.D. Cal. 2019). *Karp v. Diebold Nixdorf, Inc.*, involved a movant with incorrect loss calculations, lack of background information, and a group member with financial issues related to Puerto Rico's bankruptcy. 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019).

In *In re Boeing Aircraft Sec. Litig*., the lead plaintiff submission itself exhibited cause for concern as it demonstrated unusual trading patterns. 2019 WL 6052399, at *5-6 (N.D. Ill. Nov. 15, 2019. Additionally, facts came to light that the movants did not have the financial means to engage in the transactions they claimed they did. *Id.*

*In re USEC Sec. Litig.*, involved a movant that failed to provide full stock transaction data in its certification as required by the PSLRA.  68 F. Supp. 2d 560, 568 (D. Md. 2001).

## CONCLUSION

Because Mostaco has the largest financial interest and has made a *prima facie* showing of adequacy and typicality he is the presumptive Lead Plaintiff. No party has rebutted the presumption with the requisite proof that Mostaco is inadequate or atypical. As such, Mostaco's motion should be granted in its entirety and the competing motions should be denied.

13

Dated: March 15, 2022                    Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

                                         /s/ Phillip Kim
                                         Phillip Kim, Esq. (PK 9384)
                                         Laurence M. Rosen, Esq. (LR 5733)
                                         275 Madison Avenue, 40th Floor
                                         New York, New York 10016
                                         Telephone: (212) 686-1060
                                         Fax: (212) 202-3827
                                         Email: pkim@rosenlegal.com
                                         Email: lrosen@rosenlegal.com

                                         *[Proposed] Lead Counsel for Lead Plaintiff
                                         and Class*

14

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

15