**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL A. SANCHEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR, <br><br> Defendants. | Case No.: 1:22-cv-00172-DG-RLM <br><br> Hon. Diane Gujarati <br><br> ORAL ARGUMENT REQUESTED |


**KNS HOLDINGS LLC DBPP UA JAN. 1,**
**2016'S REPLY IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF**

Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Attorneys for KNS Holdings LLC DBPP UA Jan. 1, 2016 and Proposed Lead Counsel for the Class*

**TABLE OF CONTENTS**

**Page**

I.       PRELIMINARY STATEMENT ................................................................. 1

II.      ARGUMENT.......................................................................................... 3

    A.   Mostaco Has Failed to Meet the Adequacy Requirement of Rule 23............................. 3

    B.   Discovery is Warranted if the Court Wishes to Further Consider Mostaco for Appointment as Lead Plaintiff. ................................................................................. 5

    C.   Bankruptcy Does Not Render KNS Inadequate Under Rule 23. .................................... 8

III.     CONCLUSION..................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrade v. Am. Apparel, Inc.*,
No. 10-6352, 2011 U.S. Dist. LEXIS 79795 (C.D. Cal. Mar. 15, 2011) ................................. 6

*Brown v. Biogen IDEC, Inc.*,
Nos. 05-10400-RCL; 05-10453-RCL; 05-10801-RCL, 2005 U.S. Dist. LEXIS 19350 (D. Mass. July 26, 2005) ...................................................................................................... 8

*Burnham v. Qutoutiao Inc.*,
No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020) ............... 9

*Constance Sczesny Trust v. KPMG LLP*,
223 F.R.D. 319 (S.D.N.Y. 2004) ................................................................................ 9

*Deering v. Galena Biopharma, Inc.*,
No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766 (D. Or. Oct. 3, 2014) ........................ 6

*In re Facebook, Inc.*,
288 F.R.D. 26 (S.D.N.Y. 2012) .................................................................................. 9

*Fischler v. Amsouth Bancorporation*,
No. 96-1567-Civ-T-17A, 1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) ................... 8

*Gross v. AT&T Inc.*,
No. 19-CV-2892 (VEC), 2019 U.S. Dist. LEXIS 22577 (S.D.N.Y. June 24, 2019) ............ 2, 4

*In re Groupon Secs. Litig.*,
Master File No. 12-c-2450 Class Action, 2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012) ................................................................................................................ 2, 8

*In re Grupo Televisa Secs. Litig.*,
No. 18 Civ. 1979 (LLS), 2020 U.S. Dist. LEXIS 101932 (S.D.N.Y. Jun. 8, 2020) ............. 2, 6

*In re HEXO Corp. Sec. Litig.*,
No. 19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 166312 (S.D.N.Y. Sep. 11, 2020) 1, 3, 4, 5

*Karp v. Diebold Nixdorf, Inc.*,
Nos. 19 Civ. 6180(LAP); 19 Civ. 6514(LAP), 2019 U.S. Dist. LEXIS 188670 (S.D.N.Y. Oct. 30, 2019) .......................................................................................................... 4

*Perez v. Hexo Corp.*,
Nos. 19 Civ. 10965 (NRB); 20 Civ. 00196 (NRB), 2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Feb. 25, 2020) ...................................................................................... 1, 3, 5

*Schaffer v. Horizon Pharma PLC,*
   No. 16-cv-1763, 2016 U.S. Dist. LEXIS 83175 (S.D.N.Y. June 27, 2016) ............................. 7

*Siegel v. The Bos. Beer Co.,*
   No. 21-CV-7693 (VSB), 2021 U.S. Dist. LEXIS 239143 (S.D.N.Y. Dec. 14, 2021).............. 8

*Springer v. Code Rebel Corp.,*
   No. 16-cv-3492 (AJN), 2017 U.S. Dist. LEXIS 29983 (S.D.N.Y. Mar. 2, 2017).................... 3

*In re Tronox, Inc. Sec. Litig.,*
   262 F.R.D. 338 (S.D.N.Y. 2009) ........................................................................................ 6

*In re USEC Sec. Litig.,*
   168 F. Supp. 2d 560 (D. Md. 2001) .................................................................................... 7

*In re Vonage Initial Pub. Offering Sec. Litig.,*
   Civil Action No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sep. 6, 2007) .......... 6

**Statutes**

15 U.S.C. §78u-4(a)(3)(B)(iv) ...................................................................................................... 6

## I.    PRELIMINARY STATEMENT

Despite numerous opportunities, Mostaco has failed to show the Court and fellow Class members that it is adequate to represent the Class under Rule 23 of the Federal Rules of Civil Procedure in this instant Action. Mostaco has failed to proffer any evidence to allay the concerns, raised by KNS in its opposition brief, that preclude the appointment of Mostaco as Lead Plaintiff. *See* ECF No. 32 ("KNS Opp.").  It is now too late to do so. "[G]iven [Mostaco's] failure to provide any information regarding [its] experience in [its] *preliminary motion*, the Court questions whether [Mostaco] will meaningfully oversee and control the prosecution of this consolidated class action." *Perez v. Hexo Corp.,* Nos. 19 Civ. 10965 (NRB); 20 Civ. 00196 (NRB), 2020 U.S. Dist. LEXIS 32381, at *8 (S.D.N.Y. Feb. 25, 2020) (emphasis added).

While Mostaco claims to have a larger financial interest than KNS, Mostaco has failed to provide evidence from which the Court could evaluate its typicality and adequacy to serve as lead plaintiff. In fact, Mostaco has provided no meaningful information, whether via a sworn declaration or any other acceptable proffer, short of a few vague sentences, regarding its background, operations, or ability to oversee the litigation. We do not know Mostaco's identity, background, investment or business activities, structure, or composition, nor has the Court been provided any information as to, *inter alia*, the origins of its capital, the qualifications of its Director, Leon Siman, to manage this litigation, or the identities of the true decision-makers. This absence of information precludes the parties and the Court from making any substantive assessment as to Mostaco's typicality and/or adequacy under Rule 23. *See In re HEXO Corp. Sec. Litig.*, No. 19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 166312, at *4-5 (S.D.N.Y. Sep. 11, 2020) (*quoting Karp v. Diebold Nixdorf, Inc.*, 2019 U.S. Dist. LEXIS 188670, at *16-17 (S.D.N.Y. Oct. 30, 2019)). The necessity of this information cannot be overstated, as illustrated by *In re Grupo*

*Televisa Securities Litigation* where the court denied the plaintiff's motion for class certification after learning belatedly that the proposed class representative held "short" positions that offset its alleged losses. No. 18 Civ. 1979 (LLS), 2020 U.S. Dist. LEXIS 101932, at *20-21 (S.D.N.Y. Jun. 8, 2020) (holding that pension fund's other investments netted a gain from the defendants' alleged fraud).

This is not the first time Mostaco has attempted to move for lead plaintiff without demonstrating its ability to adequately protect the interests of the class. Mostaco attempted this same maneuver when it moved for lead plaintiff in *Rauch v. Vale S.A.*, No. 19-cv-526-RJD-SJB (E.D.N.Y.), ultimately withdrawing its motion before any meaningful information about Mostaco was brought to light. Mostaco's reticence is due to the fact that it is an opaque shell company with no apparent operations other than to shelter its unknown owner(s) from various tax jurisdictions, and therefore should not be trusted to represent the Class. *Gross v. AT&T Inc.,* No. 19-CV-2892 (VEC), 2019 U.S. Dist. LEXIS 22577, at *5-6 (S.D.N.Y. June 24, 2019) (denying motion filed by Cypriot shell company that "failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation.").

Instead of providing the information needed to demonstrate its adequacy under Rule 23, Mostaco instead attacks KNS's administrator for filing bankruptcy in 2011. The bankruptcy is entirely irrelevant and, indeed, Mostaco fails to support the argument with any law whatsoever. "[B]ankruptcy is not a crime, is not evidence of misconduct, and does not end one's ability to earn an income." *In re Groupon Secs. Litig.,* Master File No. 12-c-2450 Class Action, 2012 U.S. Dist. LEXIS 123899, at *13-14 (N.D. Ill. Aug. 28, 2012) (adequacy not called into question by multiple DUI's and a bankruptcy filing). This specious argument should be summarily rejected. No other

2

movant has raised arguments against KNS's typicality and adequacy and, as such, KNS possessing the second-largest financial interest in the Action should be appointed lead plaintiff.

## II.    ARGUMENT

### A.    Mostaco Has Failed to Meet the Adequacy Requirement of Rule 23.

As explained in detail in KNS's opposition brief, Mostaco has failed to meet the typicality and/or adequacy requirements of Rule 23 because it has not made "a sufficient preliminary showing that [it] can satisfy the relevant requirements of Federal Rule of Civil Procedure 23." *Springer v. Code Rebel Corp.,* No. 16-cv-3492 (AJN), 2017 U.S. Dist. LEXIS 29983, at *6 (S.D.N.Y. Mar. 2, 2017); KNS Opp. at 6.

As the Court observed in *Perez v. HEXO Corp.,* 2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.,* 2020 U.S. Dist. LEXIS 166312, an investor "seeking to be appointed lead plaintiff—though he need only make a preliminary showing that he satisfies the requirements of Rule 23, [ ] 'nonetheless needs to provide enough information to make that preliminary showing.'" *Perez,* 2020 U.S. Dist. LEXIS 32381 at *5-6 (*citing In re eSpeed, Inc. Sec. Litig*., 232 F.R.D. 95, 102 (S.D.N.Y. 2005)). In *HEXO Corp*., the movant provided a description of his professional and education background disclosing that "resides in Reno, Nevada, holds a Bachelor of Science degree in Engineering, that he is retired but previously worked as an engineer, and that he has been investing in securities for more than 25 years." *Perez*, 2020 U.S. Dist. LEXIS 32381, at *6-7. The court in that case held that this showing was still insufficient because "given Wong's failure to provide any information regarding his experience in his preliminary motion, the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action." *Id.* at *7. Thus, a movant

3

for lead plaintiff must provide information that allows the parties and the court to adequately assess his or her adequacy as well as whether any conflicts exist with the class. *In re Hexo*, 2020 U.S. Dist. LEXIS 166312, at \*5 ("(1) that Wong had not provided any information regarding his background or investment experience in his preliminary motion; (2) that the limited additional information included in the declaration submitted with Wong's reply fared little better; and (3) that the dearth of information not only precluded the necessary inquiry into whether Wong had any conflicts with other class members, but also caused the Court to question whether Wong would meaningfully oversee the litigation.").; *see also Karp v. Diebold Nixdorf, Inc.*, Nos. 19 Civ. 6180(LAP); 19 Civ. 6514(LAP), 2019 U.S. Dist. LEXIS 188670, at \*16 (S.D.N.Y. Oct. 30, 2019) ("While the Aroras contend that they need not 'provide adequate information about themselves' on top of the requirements of the PSLRA, . . . they nonetheless need to provide enough information to make a preliminary showing of adequacy under Rule 23."), *adhered to on reconsideration*, 2019 U.S. Dist. LEXIS 210109 (S.D.N.Y. Dec. 5, 2019).

Mostaco has yet to make the necessary preliminary showing to find it a typical and adequate representative of the Class. Mostaco provided only a few vague sentences in its opening motion but did not provide any additional information about itself, including but not limited to Mostaco's background, investment or business activities, structure, or composition, nor has the Court been provided any information as to, *inter alia,* the origins of its capital, the qualifications of its Director, Leon Siman, to manage this litigation, or the identities of the true decision-makers. *See Gross*, 2019 U.S. Dist. LEXIS 22577, at \*5-6 ("Pro-Alpha has not provided sufficient information for the Court to determine that it will fairly and adequately protect the interests of the class. . . . [I]t is an undisputed fact that Pro-Alpha has failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities

litigation. . . . The Court declines to appoint as lead plaintiff an entity that lacks basic transparency even at this juncture."). The absence of such basic information regarding Mostaco "preclud[es] the necessary inquiry into whether [Mostaco] has any conflicts with other class members." *See Perez*, 2020 U.S. Dist. LEXIS 32381, at *6.

Mostaco seems intent on providing the Court no further information than what has already been given. This approach directly contradicts *HEXO Corp*. to the extent that the court required a "threshold amount of information" when making a preliminary showing of adequacy. *In re HEXO*, 2020 U.S. Dist. LEXIS 166312, at *4.  Indeed, Mostaco's position is "if anything, at odds with the PSLRA's text and structure. If [Mostaco] were correct that '[his] financial interest in the case and his decision to retain a nationally-recognized, experienced securities litigation firm entitled him to the statutory 'presumption' of lead plaintiff,' the PSLRA's express requirement that the presumptively most adequate plaintiff 'otherwise satisf[y] the requirements of Rule 23' would be superfluous. In any event, ample case law supports what one would have thought is an uncontroversial point -- namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication." *In re HEXO*, 2020 U.S. Dist. LEXIS 166312, at *4. Accordingly, Mostaco's request to be appointed as Lead Plaintiff should be denied in its entirety.

### B. Discovery is Warranted if the Court Wishes to Further Consider Mostaco for Appointment as Lead Plaintiff.

Mostaco is not an adequate lead plaintiff, and its motion should be denied. Should the Court wish to further consider Mostaco for appointment as lead plaintiff, KNS should be granted the ability to conduct limited discovery regarding Mostaco's routine operations; other investments business purposes; organizational structure; relationships with other companies affiliated with

Leon Siman; its ability and willingness to travel to the United States for discovery and trial; its basis for selecting counsel; its intent to serve as a sole lead plaintiff and/or co-lead plaintiff; Leon Siman's background and experience; and whether either Mostaco or Leon Siman is acting as an agent for an undisclosed third-party who is the interested party in this litigation. Discovery of this nature is appropriate at this stage of the proceedings in order to protect the class. *See, e.g., Andrade v. Am. Apparel, Inc.*, No. 10-6352, 2011 U.S. Dist. LEXIS 79795, at *27 (C.D. Cal. Mar. 15, 2011) (granting a request for limited discovery, including deposition, regarding whether proposed lead plaintiff would fairly and adequately represent the class); *Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766, at *32 (D. Or. Oct. 3, 2014) (noting that the court allowed limited discovery to determine largest financial interest); *In re Vonage Initial Pub. Offering Sec. Litig.,* Civil Action No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258, at *11 (D.N.J. Sep. 6, 2007) (ordering discovery in the form of all documents relating to the transactions at issue and a one-hour deposition of the presumptive lead plaintiff, and using the evidence derived from this to find him inadequate). Without the requested discovery, the class will be exposed to significant risk. The court's recent decision in *Grupo Televisa* illustrates KNS's concern. Specifically, in that case, it was discovered at the class certification stage that the lead plaintiff held "short" interests in the defendant that ultimately netted a significant gain as a result of the alleged fraud. *See In re Grupo Televisa Sec. Litig.*, 2020 U.S. Dist. LEXIS 101932, at *20.

Consistent with the Court's discretion to appoint the most adequate plaintiff to represent the class, the PSLRA permits the Court to grant discovery upon a "reasonable basis" that the proposed lead plaintiff is incapable of representing the class. 15 U.S.C. §78u-4(a)(3)(B)(iv); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 347 (S.D.N.Y. 2009). KNS has more than provided a "reasonable basis" that Mostao is incapable of representing the Class. Not only has Mostaco not

6

met the preliminary showing of Rule 23, but the concern that Mostaco is incapable of representing the Class is not theoretical. As explained in KNS' opposition brief, Mostaco has previously failed to provide information about its operations and organizational structure in *Rauch v. Vale S.A.,* No. 19-cv-526-RJD-SJB (E.D.N.Y.). When pushed, Mostaco, on reply, filed a declaration containing few facts (raising more questions than it answered) and then mysteriously withdrew its motion to serve as lead plaintiff. *See Vale S.A.,* ECF Nos. 31-1 (declaration), 33 (notice of withdrawal of motion). Similarly, no declaration has been filed to date in this Action supporting Mostaco's lead plaintiff motion – leading KNS to wonder if the same pattern is playing out here.

Further, through online research, KNS uncovered Mostaco and its purported signatory, Leon Siman, as a part of the Pandora Papers. a whistleblower repository, that shows Siman as an agent on behalf of unknown third-parties who control various off-short entities in jurisdictions known to be tax havens, such as Panama, Luxembourg, Malta, Lichtenstein and the British Virgin Islands. KNS Opp. at 10. This information has led to even more questions regarding Mostaco's and Siman's adequacy to represent the Class. "[T]he proof needed to rebut the presumption need not establish a plaintiff's inadequacy with absolute certainty; instead it is enough that it presents a colorable risk of inadequacy." *Schaffer v. Horizon Pharma PLC,* No. 16-cv-1763, 2016 U.S. Dist. LEXIS 83175 (S.D.N.Y. June 27, 2016).

Moreover, based on Mostaco's catch-all phrasing of its PSLRA certification, it is unclear if Leon Siman or Mostaco were really exercising independent agency when it signed up to move for lead plaintiff, and whether it would, or even could, act independently from its counsel if appointed lead. *See* KNS Opp. at 9; *In re USEC Sec. Litig.,* 168 F. Supp. 2d 560, 564 (D. Md. 2001) ("Th[e] information [included in a PSLRA certification] is required so that the court may be assured that the named plaintiff has suffered more than a nominal loss, is not a professional

7

plaintiff, and is otherwise interested and able to serve as a class representative.").

Coupling Mostaco's refusal to provide information, both here and in *Vale S.A.*, its catch-all certification, and it being nothing more than a secretive tax shelter in the British Virgin Islands that was identified in the Pandora Papers, at the very least it "remains debatable" whether Mostaco is the most adequate plaintiff. *Brown v. Biogen IDEC, Inc.*, Nos. 05-10400-RCL; 05-10453-RCL; 05-10801-RCL, 2005 U.S. Dist. LEXIS 19350, at *7 (D. Mass. July 26, 2005); *see also Fischler v. Amsouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 U.S. Dist. LEXIS 2875, at *11 (M.D. Fla. Feb. 6, 1997) (holding that "the uncertainty of Movant's claims and the unanswered questions of Movant's intent, both raised by Plaintiff, are sufficient" to trigger the PSLRA's discovery provision.). For the reasons stated above and detained in KNS' opposition brief, KNS' request to conduct discovery is founded in a reasonable basis that Mostaco is incapable of adequately representing the Class.

### C.      Bankruptcy Does Not Render KNS Inadequate Under Rule 23.

Mostaco attempts to rebut KNS's adequacy through mere speculation, by pointing out debts from more than a decade ago, and a resulting bankruptcy. Mostaco Opp. at 6. Yet, in doing so Mostaco cites to no authority that having previous debts or filing for bankruptcy makes a lead plaintiff movant inadequate. "[B]ankruptcy is not a crime, is not evidence of misconduct, and does not end one's ability to earn an income." *In re Groupon Secs. Litig.,* Master File No. 12-c-2450 Class Action, 2012 U.S. Dist. LEXIS 123899, at *13-14 (N.D. Ill. Aug. 28, 2012) (adequacy not called into question by multiple DUI's and a bankruptcy filing); *as compared to Siegel v. The Bos. Beer Co.,* No. 21-CV-7693 (VSB), 2021 U.S. Dist. LEXIS 239143, at *20-21 (S.D.N.Y. Dec. 14, 2021) (lead plaintiff movant was denied appointment after failing to provide background information on opening motion, made conflicting statements, "declared personal bankruptcy, and

ha[d] a long history of liens and default judgments levied against him" which raised questions about the plausibility of his claimed loss). This falls well short of the "exacting proof needed to rebut the PSLRA's presumption" in favor of KNS. *In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. 2012). "[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence." *Constance Sczesny Trust v. KPMG LLP,* 223 F.R.D. 319, 324 (S.D.N.Y. 2004).

Rather, the fact that Mostaco is now dredging up irrelevant bankruptcy proceedings from more than a decade ago, only furthers KNS's adequacy because it reveals that nothing scathing is lurking in Mr. Fan's, nor KNS's, background. There is no evidence of any conflict between Mr. Fan and KNS and the class and the evidence provided by Mr. Fan in KNS's preliminary motion demonstrates Mr. Fan's experience, sophistication, and willingness to engage substantively with counsel for the benefit of the class. Mr. Fan, unlike Mostaco, is readily available to attend hearings and actively participate in the Action given his location in Scottsdale, Arizona. Mr. Fan and KNS have presented evidence showing his significant loss and is therefore highly motivated to maximize the recovery in this action. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020). Accordingly, KNS' appointment as lead plaintiff is appropriate.

## III.    CONCLUSION

Based on the foregoing, KNS respectfully requests that the Court grant its Motion.


Dated: March 15, 2022                                        Respectfully Submitted,

                                                            **LEVI & KORSINSKY, LLP**

                                                            By: */s/ Adam M. Apton*
                                                            Adam M. Apton

9

55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Attorneys for KNS Holdings LLC DBPP UA
Jan. 1, 2016 and Proposed Lead Counsel for
the Class*

10