**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| MIGUEL A. SANCHEZ, Individually and on Behalf of All Others Similarly Situated, |
| Plaintiffs, |
| v. |
| ARRIVAL SA, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ABLESON, and AVINASH RUGOOBUR, |
| Defendants. |

Case No.: 1:22-cv-00172-DG-RLM

Hon. Diane Gujarati

ORAL ARGUMENT REQUESTED

<u>**KNS HOLDINGS LLC DBPP UA JAN. 1, 2016'S**</u>
<u>**SUR-REPLY IN SUPPORT OF MOTION FOR LEAD PLAINTIFF**</u>

Adam M. Apton
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Attorneys for KNS Holdings LLC DBPP UA Jan. 1, 2016 and Proposed Lead Counsel for the Class*

Kwan Fan, on behalf of KNS Holdings LLC DBPP UA Jan. 1, 2016, should be appointed as the lead plaintiff in this action. Despite being given a chance to remedy the evidentiary shortfalls in its motion, Mostaco Corp. has failed to do so. On March 24, 2022, Mostaco filed the Declaration of Leon Siman. Dkt. No. 36. Mr. Siman's Declaration offers little new information about Mostaco or himself in terms of their "background and relevant investment and litigation experience," as required by the Court's Scheduling Order dated March 18, 2022. It also fails to provide any substance in support of the claim that Mostaco and Mr. Siman will properly "oversee[]" the litigation. Dkt. No. 9 at 10.

In its Scheduling Order, the Court cited *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 417 (S.D.N.Y. 2004), when stating that "the size, available resources or even experience of a candidate" may be "relevant to reaching a determination as to whether a candidate will be capable of adequately protecting the interests of the class." Judge Naomi Reice Buchwald, who was the presiding judge over the first-filed case in the Southern District of New York before it was voluntarily dismissed, applied *Pirelli* in *Hexo Corp.* when she denied the motion of a lead plaintiff movant who failed to adequately demonstrate his typicality and adequacy under Rule 23. *See Perez v. Hexo Corp.*, 2020 U.S. Dist. LEXIS 32381, at *7-8 (S.D.N.Y. Feb. 25, 2020). This was in spite of the movant's (belated) declaration describing his location of residence, educational degree, occupational history, and investment experience. *Id.* at *6-7.

Mr. Siman's declaration provides even less information than the one submitted in *Hexo Corp.* and does not expand the quantum of information known about him and/or Mostaco. In its opening motion papers, Mostaco stated simply that:

> Mostaco is a private company incorporated in the British Virgin Islands. Mr. Siman,
> the signatory of Mostaco's certification, resides in Monaco. Mr. Siman is

1

authorized to bind and will be the contact person for Mostaco in this litigation. Mr. Siman is an experienced businessman, with bachelor degrees in both Engineering and Law. As such, Mr. Siman does not anticipate any problems overseeing this matter with counsel.

Dkt. No. 9 at 10. The only new information contained in Mr. Siman's declaration is that he is a "Director" of Mostaco and that he received his law degree in 1993. Dkt. No. 36-1 at ¶2. The declaration also gives Mostaco's mailing address in the British Virgin Islands and notes that the entity is "primarily engaged in business and strategic consultancy services." *Id*. at ¶¶3-4. There is no detail as to what business Mostaco actually conducts, the industry in which it operates or, in fact, any information to dispel the notion that Mostaco is a shell-company operating as a tax shelter, as described previously in the briefing. *See* Dkt. No. 32 at 7-11 (describing Mostaco's role in investigational findings from the "Pandora Papers"). Tax shelters like Mostaco present a host of issues that render it atypical and inadequate to serve as a class representative, not the least of which is the legality of its operations and its willingness to properly advocate for the class in the face of standard discovery obligations. *See Gross v. AT&T*, 2019 U.S. Dist. LEXIS 22577, at *5-6 (S.D.N.Y. June 23, 2019) ("[I]t is an undisputed fact that Pro-Alpha has failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation. . . . The Court declines to appoint as lead plaintiff an entity that lacks basic transparency even at this juncture.").

This point is exemplified by the fact that, to date, Mr. Siman and Mostaco have *not* properly overseen the litigation of this action. When filing its motion, Mostaco provided its counsel with unfettered discretion to take one of several actions on its behalf in the lawsuit. The certification provides:

> The individual or institution listed below (the "Plaintiff') authorizes The Rosen Law Firm, P.A. ***to file an action or amend a current action*** under the federal securities laws . . . .

. . .

> I am willing to **serve as a lead plaintiff either individually or as part of a group**. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

Dkt. No. 9-2 at 1 & ¶3 (emphasis added). Mostaco's deference to counsel contradicts the claim that it has been properly "overseeing" this matter. Dkt. No. 9 at 10. It also contradicts the claim made by Mr. Siman in his declaration that Mostaco has "put [its] skills to bear in overseeing this litigation." Dkt. No. 36-1. Quite the opposite, "[Mostaco's] failure to provide *any* information regarding [its] experience in [its] preliminary motion" suggests that it will not "meaningfully oversee and control the prosecution" of this action. *Perez*, 2020 U.S. Dist. LEXIS 32381, at *7. This is underscored by the fact that Mostaco apparently had no interest or say in deciding whether it was nominated to serve as lead plaintiff individually or as part of a group. *See also Tsirekidze v. Syntax-Brillian Corp.*, 2008 U.S. Dist. LEXIS 118562, at *15-16 (D. Ariz. Apr. 4, 2008) (refusing to appoint movant individually where he initially moved as part of a group because "[t]he willingness to abandon the group only suggests how loosely it was put together").

There is no reason to jeopardize the class's recovery in this action by entrusting it with Mostaco. By contrast, Mr. Fan has demonstrated his agency in this lawsuit and exemplifies the sort of "adequacy" courts endorse when appointing a lead plaintiff. He actively vetted class counsel by interviewing lawyers from various firms over videoconference and in-person. He then negotiated a competitive fee arrangement (which the undersigned is prepared to disclose to the Court upon request). Further, Mr. Fan resides in Scottsdale, Arizona, and consequently will be easily accessible throughout the litigation. The fact that he lost nearly $600,000 of his retirement savings due to Defendants' alleged fraud underscores his

3

committment to the claims alleged and the recovery he intends to secure on behalf of the class. Mr.

Fan respectfully requests that the Court grant his motion.

Dated: March 25, 2022                                    Respectfully Submitted,

                                                        **LEVI & KORSINSKY, LLP**


By: _____
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Attorneys for KNS Holdings LLC DBPP UA*
*Jan. 1, 2016 and Proposed Lead Counsel for*
*the Class*

4