# The Rosen Law Firm

November 18, 2022

**VIA ECF**

Honorable Nina R. Morrison
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  _Sanchez v. Arrival et al._, No. 1:22-cv-00172-NRM-RLM (E.D.N.Y.)

Dear Judge Morrison:

We write on behalf of Plaintiffs[1] in response to Defendants Gavin Cuneo ("G. Cuneo") and Michael Minnick's ("Minnick") pre-motion letter. The Complaint adequately alleges violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") as to Defendants G. Cuneo and Minnick.[2]

**Factual Background**: CIIG is the blank check company that went public in an IPO in December 2019 and then combined with Arrival in the Arrival IPO approximately one year later.  ¶¶39; 67-79. Defendant Minnick has been an executive director- the Chief Investment Officer- of CIIG since its inception, and Defendant G. Cuneo (the son of Defendant P. Cuneo[3]) has been an executive director- the Chief Operating Officer- of CIIG since its inception as well. ¶¶54-55. Both Defendants Minnick and G. Cuneo had strong financial incentives to execute the Business Combination with Arrival: each received 5,821,875 shares of CIIG Class B common stock at the time of the CIIG IPO. ¶72. Those shares were automatically convertible into CIIG Class A common stock, equal to one share of Arrival common stock, upon closing of the Business Combination. _Id_. As managing members of CIIG, Defendants Cuneo and Minnick participated in board meetings and conference calls, voted to approve the Business Combination, signed or authorized the signing of the Registration Statement and Proxy, and approved the Proxy, solicited approval of the Business Combination through the board's recommendation that CIIG shareholders vote in favor of the Business Combination, (which appeared in the Proxy), and permitted the use of their names in connection with the solicitation of proxies from the shareholders. ¶57. Further, the Proxy Statement details Defendant G. Cuneo and Minnick's extensive participation in meetings with the Arrival Executive Defendants, due diligence in connection with the Business Combination and "substantial experience in evaluating the operating and financial merits of companies" as the reason why CIIG determined not to obtain a fairness opinion in connection with the Business Combination (Proxy Statement p. 101-110).[4] In their

---

[1] All capitalized terms herein have the meanings ascribed to them in the Amended Class Action Complaint (ECF No. 47). References to "¶" are to paragraphs in the Complaint. All emphasis is added. Plaintiffs incorporate by reference herein their responses to the other Defendants' pre-motion letters as applicable.

[2] Plaintiffs withdraw their claims under Section 11 of the Securities Act of 1933 as to Defendants Cuneo and Minnick.

[3] Proxy Statement, p. 90. (https://www.sec.gov/Archives/edgar/data/1835059/000119312520317249/d59484df4.htm#rom59484_22).

[4] _E.g.,_ "On September 11, 2020, Messrs. Cuneo, Cuneo, and Minnick held a teleconference with Messrs. Sverdlov, Rugoobur, Abelson, Holbrow and Chin along with representatives from Cowen to discuss the next steps for due diligence…"; "On September 16, 2020, Messrs. Cuneo, Cuneo, Minnick and board

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

capacities as signatories of the Proxy Statement, as well as by virtue of their authority to approve the Business Combination, Defendants G. Cuneo and Minnick had the ability to control the contents of the Registration Statement, Proxy/Prospectus, as well as CIIG's and Arrival's press releases, investor and media presentations and other SEC filings. *Id.*

**Falsity**:   The Proxy Statement/Prospectus incorporated all business and financial information about Arrival that was also included in the Arrival Registration Statement, (and formed a part of the Registration Statement) which is alleged to be misleading for the reasons set forth in the Complaint and in Plaintiffs' response to the Arrival Defendants' pre-motion letter. For example, the Proxy Statement/Prospectus contained actionable misstatements concerning Arrival's ability to set up microfactories in six months using existing warehouses (Proxy Statement p. 148); Arrival's AMR's (Proxy Statement p. 154-55); the necessary capital and operational expenditures to set up and operate a microfactory and the capability of a microfactory to produce 10,000 vans per year (Proxy Statement p. 155); and Arrival's ability to produce vehicles at a lower cost with proprietary composite materials (Proxy Statement p. 156).

**Sounding in Fraud**: As explained in Plaintiffs' response to the Arrival Defendants' pre-motion letter, the Section 14(a) claims do not sound in fraud. Further, even were the Court to find the Section 14(a) claims sound in fraud as to certain Section 10(b) Defendants, this does not warrant applying Rule 9(b) to the claims against Defendants G. Cuneo and Minnick. Courts do not apply Rule 9(b) to claims against *all* defendants simply because the actions of *some* defendants sound in fraud. *See, e.g., In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 437 (S.D.N.Y. 2009) (applying Rule 9(b) to Securities Act against one defendant, while applying Rule 8 to Securities Act claims against other defendants because there were "no allegations [they] possessed any knowledge of the [omissions and misstatements]"). The Complaint alleges Section 14(a) claims against Defendants G. Cuneo and Minnick that are based on negligence. ¶¶352-53. It does not allege any Section 10(b) claims against Defendants G. Cuneo and Minnick. *See* Complaint, Count I, (p. 128). Thus, there is no basis to infer fraud allegations as to Defendants G. Cuneo and Minnick.

Accordingly, the Section 14(a) claims against Defendants G. Cuneo and Minnick need only meet the notice pleading standards of Rule 8, not the heightened pleading standards of Rule 9(b) or the PSLRA.  *See, e.g., Fresno Cnty. Employees' Ret. Ass'n v. comScore, Inc.*, 268 F. Supp. 3d 526, 559 (S.D.N.Y. 2017) ("the elevated pleading standard does not apply to Section 14(a) claims that sound in negligence because 'negligence is not a state of mind; it is a failure, whether conscious or even unavoidable (by the particular defendant, who may be below average in his ability to exercise due care), to come up to the specified standard of care'") (quoting *Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) (Posner, J.)).

Additionally, Plaintiffs' 14(a) claims are direct, not derivative, for the reasons set forth in Plaintiffs' response to the Arrival Defendants' pre-motion letter.

---

members of CIIG, Ms. Kristen O'Hara, Messrs. Kenneth West, David Flowers and Christopher Rogers held a video teleconference with Messrs. Sverdlov, Rugoobur, Abelson, Holbrow, Chin, and representatives of Cowen. During the teleconference, the discussion included a detailed discussion of Arrival's operations, strategy, financial profile and industry position.";  "On September 30, 2020, CIIG and representatives from Cowen, UBS Investment Bank and Barclays held a video teleconference with Mr. Holbrow to discuss diligence items relating to Arrival's financial projections including, but not limited to, vehicle pricing, vehicle volume deployments, operating cost estimates, bill of materials, and microfactory capital expenditure estimates.";  "Before reaching its decision, CIIG's board of directors discussed the results of the due diligence conducted by CIIG's management, and their advisors, which included…review of Arrival's material contracts, intellectual property, financial, tax, legal, real estate, environmental insurance and accounting due diligence.. financial projections prepared by Arrival's management team."

**Duty and Negligence.** Section 14(a) makes it "unlawful for any person" to "permit the use of his name to solicit any proxy . . . in contravention" of the SEC's regulations. 15 U.S.C. § 78n(a). Accordingly, the securities laws imposed a duty on Defendants G. Cuneo and Minnick to review the proxy materials to ensure they did not contain "any false or misleading statements respecting any material fact, or omit stating material facts necessary to make the statements in it not false or misleading." 17 C.F.R. § 240.14a–9(a)).

Defendant G. Cuneo and Minnick's bare assertion that they owed no duty to CIIG/Arrival shareholders in connection with Arrival's proxy materials is contrary to established law and the facts alleged in the Complaint. Claims under Section 14(a) do not require allegations that a defendant "personally made allegedly misleading statements or personally prepared the proxy materials." *Sec. & Exch. Comm'n v. Hurgin*, 484 F. Supp. 3d 98, 117 (S.D.N.Y. 2020). Here, Defendants G. Cuneo and Minnick are liable under Section 14(a) because they "put their reputations in issue" and "cannot divorce themselves from improper actions taken in the proxy battle by the participants acting under the banner of their names." *Chris-Craft Indus., Inc. v. Indep. S'holders Comm.,* 354 F. Supp. 895, 915 (D. Del. 1973). The proxy statement burnishes Defendant G. Cuneo and Minnick's respective reputations by touting the value each would add as managing members of CIIG whose sole purpose was selecting and vetting a target for the Business Combination. *See* Proxy Statement at 190 ("Mr. Cuneo is well qualified to serve as our Chief Operating Officer due to his diverse career experience as a business operator and investor as well as a financial professional"); *id.* ("Mr. Minnick is well qualified to serve as a director due to his experience in strategy and investing acquired over the course of his career spent working in private equity, as a senior investment/financial officer and as an investment banker"). Further, the proxy statement mentions Minnick's name 34 times *See Sec. & Exch. Comm'n v. Hurgin*, 484 F. Supp. 3d 98, 117 (S.D.N.Y. 2020) (Section 14(a) claim adequately alleged and that the defendant owed duty to shareholders where proxy statement invoked the defendant's name "approximately 29 times").

The AC also adequately alleges that Defendants G. Cuneo and Minnick acted negligently. "Under Rule 14a–9, plaintiffs need not demonstrate that the omissions and misrepresentations resulted from knowing conduct undertaken by the director defendants with an intent to deceive. Liability can be imposed for negligently drafting a proxy statement." *Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987, 995 (2d Cir. 1988). The proxy details their extensive involvement in board meetings and conference calls, votes to approve the Business Combination, signing or authorizing the signing of the Registration Statement, Proxy, and approving the Proxy, and soliciting approval of the Business Combination through the board's recommendation that CIIG shareholders vote in favor of the Business Combination. ¶¶ 54-57; Proxy at 102-105. Through the exercise of reasonable care, Cuneo and Minnick should have known the truth about the alleged misstatements. Their failure to do so was negligent.

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

*/s/Sara Fuks*
Sara Fuks

*Lead Counsel for Plaintiffs*

cc:    all counsel of record (via ECF)

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686 - 1060 ♦ FAX: (212) 202 - 3827