UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re Arrival SA, et al. Securities Litigation

           :

           :

           :

           :

           :

22-cv-00172-NRM-PK

Service Date: July 6, 2023

ECF Case

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## JOINDER BY DEFENDANT JAE OH TO CERTAIN DEFENDANTS'
## MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Jae Oh hereby joins in Certain Defendants' Motion to Dismiss the Second Amended Class Action Complaint ("SAC"), and all papers filed in support thereof, by defendants Arrival SA, CIIG Merger Corp., n/k/a/ Arrival Vault US, Inc., Denis Sverdlov, Tim Holbrow, Michael Ableson, Avinash Rugoobur, Peter Cuneo, Kristen O'Hara, Michael Anatolitis and Alain Kinsch (together with Mr. Oh, the "Moving Defendants") (ECF No. 107 & Attachments 1-33, 37-44) (the "Motion to Dismiss").[1] At the time the Motion to Dismiss was commenced, Mr. Oh had not been served in this action.[2] For the reasons stated in the Motion to Dismiss papers, which are fully incorporated by reference herein, as well as in the supplemental briefing below, the SAC should be dismissed as against Mr. Oh with prejudice under Rules 8(a), 9(b), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b).

---

[1] Capitalized terms not defined herein have the meanings as set forth in the Moving Defendants' opening brief in support of the Motion to Dismiss ("motion" or "Mot.," ECF No. 107, Attachment 1) and reply brief in further support of the Motion to Dismiss (the "Reply," ECF No. 107, Attachment 37), except that the terms "Moving Defendants" and "Individual Defendants" are hereby deemed to include Mr. Oh throughout the Motion to Dismiss and herein.

[2] On June 22, 2023, Mr. Oh and Plaintiffs entered into a stipulation under which Mr. Oh accepted service of the SAC without waiving any defenses other than with respect to service of process. (ECF No. 106.) Under the stipulation, this joinder to the Motion to Dismiss is due July 6, 2023. (*Id.*)

## SUPPLEMENTAL BACKGROUND

The SAC alleges no conduct, let alone misconduct, by Mr. Oh. Indeed, the only facts alleged in the SAC specific to Mr. Oh are that he (i) was named in the Registration Statement as a prospective member of Arrival's board of directors (SAC ¶ 58; *see also* Ex. 2 at 212 (Reg. Stmt.)), and (ii) served as a member of Arrival's board of directors for just a few months, from March 2021 until July 2021 (SAC ¶ 58).

Plaintiffs assert primary liability claims against Mr. Oh under Section 11 of the Securities Act and Section 14(a) of the Exchange Act and control person claims against Mr. Oh under Section 15 of the Securities Act. (*See* SAC ¶¶ 357-60, 442-54, 463-69.) With respect to their Section 11 claims, Plaintiffs allege only that "the Director Defendants" failed to "conduct a reasonable due-diligence investigation into the accuracy and completeness of the representations contained in the Registration Statement." (SAC ¶ 368; *accord id.* ¶ 448.) There are no allegations specific to Mr. Oh. There are also no allegations as to the due diligence anyone actually conducted or purportedly should have conducted. With respect to their Section 14(a) claims, Plaintiffs allege only that a group of "Defendants" including Mr. Oh "solicited proxies . . . that through Defendants' negligence contained [allegedly false or misleading] statements." (*Id.* ¶ 359.) Again, there are no allegations specific to Mr. Oh. Nor are there any allegations to support the conclusory assertion that "Defendants" acted negligently.

## SUPPLEMENTAL ARGUMENT

### I.     PLAINTIFFS FAIL TO PLEAD SCIENTER WITH RESPECT TO MR. OH FOR ADDITIONAL REASONS

As demonstrated in the Motion to Dismiss, Plaintiffs must plead with particularity facts giving rise to a strong inference of scienter with respect to all claims asserted, including those under Section 11 of the Securities Act and Section 14(a) of the Exchange Act. (Mot. 5-6, 36; Reply

21-22.) Plaintiffs must meet this pleading burden as to each defendant individually. (Mot. 36.) Plaintiffs do not even attempt to allege any well-pleaded fact giving rise to an inference, let alone the requisite strong inference, of scienter with respect to Mr. Oh.

To start, Plaintiffs do not allege stock sales by Mr. Oh or any other facts that would support a theory of motive. Accordingly, "the 'strength of the circumstantial allegations [of conscious misbehavior or recklessness] must be correspondingly greater.'" (Mot. 39 (quoting *ECA & Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198-99 (2d Cir. 2009)).) But Plaintiffs do not allege any well-pleaded facts to support a conscious misbehavior or recklessness theory either.

With respect to their Section 11 claims, Plaintiffs' sole intent allegations applicable to Mr. Oh are generalized averments that the "Director Defendants" collectively failed to conduct sufficient pre-merger due diligence. (SAC ¶¶ 368, 448.) As explained in the motion, however, a plaintiff cannot plead scienter through such group pleading—*i.e.*, "generalized averments" that "draw no distinction between and among defendants." (Mot. 40 (quoting *Ross v. Lloyds Banking Grp., PLC*, No. 11-cv-8530 (PKC), 2012 WL 4891759, at *10 (S.D.N.Y. Oct. 16, 2012), *aff'd*, 546 F. App'x 5 (2d Cir. 2013)).) Nor are allegations that a defendant failed to conduct due diligence sufficient to plead a strong inference of scienter in any event. *See S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 103 (2d Cir. 2009) (affirming dismissal of securities claims for "lack of any indication of scienter" because "alleged failure to perform due diligence did not establish recklessness"). (*See also* Reply 26-27.) Instead, "[w]here plaintiffs contend defendants had access to contrary facts [to support a theory of fraudulent intent], they must specifically identify the reports or statements containing this information." *Canez v. Intelligent Sys. Corp.*, No. 19 Civ. 3949 (RPK) (CLP), 2021 WL 3667012, at *10 (E.D.N.Y. Aug. 18, 2021); *id.* at *11. Plaintiffs

here allege nothing whatsoever about the diligence conducted by or the information available to Mr. Oh. (*See* SAC ¶¶ 368, 448.)

Plaintiffs' intent allegations with respect to their Section 14(a) claim are likewise group pleaded, conclusory and insufficient as a matter of law. Plaintiffs allege only that a group of "Defendants" including Mr. Oh and several others "solicited proxies . . . that through Defendants' negligence contained [allegedly false or misleading] statements." (SAC ¶ 359.) Plaintiffs offer no well-pleaded facts to support the notion that Mr. Oh was even negligent, let alone that he acted in a manner that is "highly unreasonable" and that "represent[s] an extreme departure from the standards of ordinary care" as required to plead conscious misbehavior or recklessness. (Mot. 39 (quoting *In re Renewable Energy Grp. Sec. Litig.*, No. 22-335, 2022 WL 14206678, at *2 (2d Cir. Oct. 25, 2022).) Indeed, Plaintiffs' allegations would be insufficient even to plead negligence, *see* (Mot. 41 n.22); *Bond Opportunity Fund v. Unilab Corp.*, No. 99 Civ. 11074 (JSM), 2003 WL 21058251, at *4 (S.D.N.Y. May 9, 2003) (plaintiffs must plead negligence "with particularity" and "group pleading" is not permitted), *aff'd*, 87 F. App'x 772 (2d Cir. 2004), and even under notice pleading standards, *see Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307 (2d Cir. 2006) ("conclusory allegation[s] unsupported by factual assertions" cannot support a claim).

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER MR. OH

This Court lacks personal jurisdiction over Mr. Oh, a resident of South Korea. As courts have consistently held, "[a]bsent any alleged role . . . in preparing false . . . statements the exercise of jurisdiction . . . exceeds the limits of due process, as articulated by the Supreme Court and the Second Circuit." *SEC v. Sharef*, 924 F. Supp. 2d 539, 548 (S.D.N.Y. 2013). Here, Plaintiffs' sole alleged basis for jurisdiction with respect to Mr. Oh is that he "was named in the Registration Statement as about to become a director of Arrival on the closing of the Business Combination." (SAC ¶ 58.) Mr. Oh played no alleged "role in making, proposing, editing or approving [Arrival's]

4

public filings in the United States." *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 770 (S.D.N.Y. 2017) (dismissing individuals for lack of jurisdiction); *accord In re EHang Holdings Ltd. Sec. Litig.*, No. 21 Civ. 1392-GBD, --- F. Supp. 3d ----, 2022 WL 17718546, at *6 (S.D.N.Y. Dec. 15, 2022) (same). "[S]tatus as a board member is not alone sufficient to establish jurisdiction." *In re AstraZeneca Sec. Litig.*, 559 F. Supp.2d 453, 467 (S.D.N.Y. 2008) (declining to exercise personal jurisdiction over chairman and deputy chairman of board who were citizens of the U.K. and Sweden, respectively; rejecting as insufficient "conclusory statements" about participation in alleged fraud "applicable to all individual defendants as a result of their positions within the Company"). And here, Mr. Oh was not even a board member—he was merely listed as a *future* board member of Arrival. Thus, Plaintiffs have not established the minimum contacts necessary for personal jurisdiction over Mr. Oh.

Dated:   New York, New York
       July 6, 2023

Respectfully submitted,

/s/ Susan L. Saltzstein
Susan L. Saltzstein
Robert A. Fumerton
Shaud G. Tavakoli
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000
susan.saltzstein@skadden.com
robert.fumerton@skadden.com
shaud.tavakoli@skadden.com

*Attorneys for Defendants Arrival SA, Arrival Vault US, Inc., Denis Sverdlov, Tim Holbrow, Michael Ableson, Avinash Rugoobur, Peter Cuneo, Kristen O'Hara, Michael Anatolitis, Alain Kinsch and Jae Oh*

5