**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Arrival SA, et al. Securities Litigation | **CASE No.: 1:22-cv-00172-NRM-PK**<br><br><br>CLASS ACTION |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE, OR IN THE ALTERNATIVE FOR LEAVE TO FILE SUR-REPLY, RELATED TO THE ARRIVAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**

0

Lead Plaintiff Mostaco Corp. and named Plaintiff Salvatore Fiorellino ("Plaintiffs") respectfully submit this memorandum of law in support of their motion to strike, or in the alternative for leave to file a sur-reply to respond to new arguments and caselaw raised for the first time in Arrival Defendants'[1] Reply.

## I.    **INTRODUCTION**

Arrival Defendants improperly attempt to raise an argument in their Reply Memorandum in Support of Arrival Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("Reply") (Dkt. No. 107-37) that they could have- but did not- raise in the body of their opening brief. Specifically, Arrival Defendants claim that §10(b) claims on behalf of CIIG shareholders are "foreclosed under binding Second Circuit authority":

> In a case involving a de-SPAC transaction similar to the one here, a court has now squarely held that the Second Circuit's holding in *Frutarom* precludes plaintiffs from challenging statements made by a pre-merger target company or its officers about itself where the only pre-merger shares purchased were those of the SPAC. *In re CarLotz, Inc. Sec. Litig.*, No. 21 Civ. 5906 (RA), 2023 WL 2744064, at *4 (S.D.N.Y. Mar. 31, 2023).

Reply at 29.

While Arrival Defendants cited *Frutarom*[2] in their opening motion to dismiss, they did so solely in a footnote. As Plaintiffs stated in their opposition, the Court should, as courts do, disregard arguments raised solely in footnotes. *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 45 (S.D.N.Y. 2016). *See also F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 471 n.1 (S.D.N.Y. 2014) ("[i]t is well settled ... that a court need not consider arguments relegated to

---

[1] "Arrival Defendants" refers to Arrival SA, CIIG Merger Corp. (n/k/a/ Arrival Vault US, Inc.), Denis Sverdlov, Tim Holbrow, Michael Ableson, Avinash Rugoobur, Peter Cuneo, Kristen O'Hara, Michael Anatolitis and Alain Kinsch. All capitalized terms have the meanings ascribed to them in Plaintiffs' Second Amended Class Action Complaint ("Complaint") and the glossary contained in Plaintiffs' Memorandum of Law in Opposition to the Arrival Defendants' Motion to Dismiss, unless otherwise stated.

[2] *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.,* 54 F.4th 82 (2d Cir. 2022).

footnotes"); *Primmer v. CBS Studios, Inc.,* 667 F. Supp. 2d 248, 256 n.4 (S.D.N.Y. 2009) ("because the argument is made wholly in a footnote ..., the [c]ourt may choose to disregard it"); *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("[a] contention is not sufficiently presented for appeal if it is conclusorily asserted only in a footnote "); *Diesel v. Town of Lewisboro*, 232 F.3d 92, 110 (2d Cir. 2000) ("[w]e do not consider an argument  mentioned only in a  footnote to be adequately raised or preserved for appellate review") (internal quotation omitted).

In addition to now relying on *Frutarom* in the body of their Reply, Defendants expand on the argument they merely footnoted in their opposition, citing *In re CarLotz, Inc. Sec. Litig.*, No. 21 Civ. 5906 (RA), 2023 WL 2744064, at *4 (S.D.N.Y. Mar. 31, 2023) ("*CarLotz*") as recent authority. While *CarLotz* was decided after Arrival Defendants filed their opposition, they use it in support of a new argument they never properly raised in their opening brief. Because Arrival Defendants raise this argument for the first time in Reply, the Court should disregard it. In the alternative, Plaintiffs' should be given an opportunity to respond to it via submission of a sur-reply.

I.    **ARGUMENT**

A.    **The Court Should Strike and Disregard Defendants' Argument**

Motions  to strike "are subject to the sound discretion of the court." *Pagan v. Abbott Laboratories, Inc.*, 287 F.R.D. 139, 144 (E.D.N.Y. 2012); *Navarrete De Pedrero v. Schweizer Aircraft Corp.*, 635 F. Supp. 2d 251, 258 (W.D.N.Y. 2009). "Generally, courts do not consider issues raised in a reply brief for the first time, because if [a litigant] raises a new argument in a reply brief [the opposing party] may not have an adequate opportunity to respond to it." *Ross v. Miller*, 2016 WL 1376611, at *26 (S.D.N.Y. Apr. 7, 2016). "A court may strike portions of reply submissions if they add new material that should have been included in the opening papers, as long

2

as the new material is not merely in response to a new issue raised by the opposition papers." *Perez v. Manna 2nd Ave. LLC*, 2016 WL 7489040, at *4 (S.D.N.Y. Dec. 28, 2016). Accordingly, "[a]rguments made for the first time in a reply brief need not be considered by a court." *Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd,* 159 F.3d 1347 (2d Cir. 1998).

Defendants attempt to use *CarLotz* as pretext to improperly raise an issue in their Reply that they raised only in a footnote in their opening brief. Arrival Defendants claim that *Carlotz*, relying on *Frutarom*, "precludes plaintiffs from challenging statements made by a pre-merger target company or its officers about itself where the only pre-merger shares purchased were those of the SPAC." Reply at 29. Of course, *Frutarom* was available to Arrival Defendants when they filed their opening brief, yet they cited it only in a footnote. If Arrival Defendants believed *Frutarom* was important enough to their argument to warrant discussing caselaw purportedly interpreting it in their Reply, Arrival Defendants would have discussed *Frutarom* in the body of their opening brief, not merely in a footnote. *See, e.g., Penske Media Corp. v. Shutterstock, Inc.*, 548 F. Supp. 3d 370, 381 (S.D.N.Y. 2021) (finding argument waived where the defendant devoted only "a single sentence in its opening brief" before developing the argument in its reply). "It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010); *See also Browe v. CTC Corp.,* 15 F.4th 175, 191 (2d Cir. 2021) ("it is hornbook law that arguments may not be made for the first time in a reply brief") (citation omitted); *In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006) ("We generally do not consider issues raised in a reply brief for the first

3

time"); *United States v. Barnes*, 158 F.3d 662, 672 (2d Cir. 1998) ("Normally, we will not consider arguments raised for the first time in a reply brief, let alone [at or] after oral argument.").

Because Defendants failed to raise the issue of standing in the body of their opening brief, the Court should not consider their argument.

**B.      In the Alternative The Court Should Grant Plaintiffs Leave to File a Sur-Reply**

Should the Court decide to consider Defendants' argument based on *Frutarom* and *CarLotz,* Plaintiffs respectfully request leave to file a sur-reply responding to Defendants' new argument.  Like motions to strike, "[m]otions for leave to file a sur-reply are subject to the sound discretion of the court." *Gustovich v. Town of Greenwich*, 2015 WL 5251930, at *7 n.5 (D. Conn. Sept. 8, 2015). "Where new evidence is presented in a party's reply brief . . . the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (finding "good cause for the Court to grant [ ] request to file a sur-reply, because the sur-reply is directed to arguments the SEC raises for the first time in its reply"). *See also Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 2021 WL 1222159, at *2 (S.D.N.Y. Mar. 31, 2021) (granting leave to file sur-reply to respond to new argument raised in reply brief); *Am. S.S. Owners Mut. Protection & Indem. Ass'n, Inc. v. Am. Boat Co., LLC*, 2012 WL 32352, at *1 (S.D.N.Y. Jan. 6, 2012) (same); *Mayer v. Neurological Surgery, P.C.*, 2016 WL 347329, at *4 (E.D.N.Y. Jan. 28, 2016) (holding in abeyance plaintiff's motion to strike new argument made in reply; granting plaintiff's alternative request to file a sur-reply; and ultimately granting plaintiff's motion to strike). *Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*, 2012 WL 4049955, at *6 (S.D.N.Y. Sept. 14, 2012) (holding that because the "reply raised new issues material to the disposition of the question[s] before the court," the "Sur–Reply is accepted").

## II.    CONCLUSION

For the foregoing reasons, the Court should strike or disregard Arrival Defendants' argument pertaining, and citation to, *Frutarom* and *CarLotz,* in Arrival Defendants' Reply. In the alternative, the Court should grant Plaintiffs leave to file a sur-reply to address Arrival Defendants' new argument. A copy of Plaintiffs' proposed sur-reply is attached hereto as Exhibit A.

Dated:  July 10, 2023                                          Respectfully submitted,


                                                              */s/ Sara Fuks*
                                                              Sara Fuks
                                                              Laurence Rosen
                                                              Phillip Kim
                                                              **THE ROSEN LAW FIRM, P.A.**
                                                              275 Madison Avenue, 40th Floor
                                                              New York, NY 10016
                                                              Tel: (212) 686-1060
                                                              sfuks@rosenlegal.com
                                                              lrosen@rosenlegal.com
                                                              pkim@rosenlegal.com

                                                              *Lead Counsel for Plaintiffs and the Putative Class*

5