**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Arrival SA, et al. Securities Litigation | **CASE No.: 1:22-cv-00172-NRM-PK** |
| | CLASS ACTION |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY, RELATED TO  BARCLAYS CAPITAL INC.'S AND UBS SECURITIES LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED CLASS <u>ACTION COMPLAINT</u>**

0

Lead Plaintiff Mostaco Corp. and named Plaintiff Salvatore Fiorellino ("Plaintiffs") respectfully submit this memorandum of law in support of their motion to strike, or in the alternative for leave to file a sur-reply to respond to new arguments and caselaw raised for the first time in Barclays Capital, Inc., and UBS Securities LLC's Reply.

## I.    **INTRODUCTION**

Barclays Capital, Inc. and UBS Securities LLC ("Underwriter Defendants")[1] raise new arguments in their Reply Memorandum in Support of Underwriter Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("Reply") (Dkt. No. 110-14), relying upon a recent Supreme Court case and district court case that they did not raise in their opening brief.

Specifically, Underwriter Defendants contend that Plaintiffs' theory of liability- *i.e.* that the CIIG IPO and Arrival IPO functioned as a unitary, integrated offering is "foreclosed by the Supreme Court's very recent decision in *Slack,* 144 S.Ct. 1433." ("*Slack*"[2]) Reply at 3. Underwriter Defendants also contend that in *In re CarLotz, Inc. Securities Litigation,* 2023 WL 2744046 (S.D.N.Y. Mar. 31, 2023) ("*CarLotz*") the court rejected an argument "similarly attempting to conflate an offering of shares in the SPAC IPO with an offering of shares in the de-SPAC transaction…" (Reply at 6). Underwriter Defendants cite *Slack* (Reply at 1, 3-4, 10) and *CarLotz* (Reply at 4, 6)- neither of which involve claims against underwriters, or the issue of underwriter liability- several times in their Reply, asserting that these cases, which were decided after Underwriter Defendants filed their opening brief, categorically foreclose Underwriter Defendants' liability. Because Underwriter Defendants raise these arguments for the first time on

---

[1] All capitalized terms have the meanings ascribed to them in Plaintiffs' Second Amended Class Action Complaint ("Complaint") and Plaintiffs' Memorandum of Law in Opposition to Underwriter Defendants' Motion to Dismiss, unless otherwise stated.
[2] Decided June 1, 2023.

Reply, the arguments should be disregarded. In the alternative, Plaintiffs should be given an opportunity to respond to Underwriter Defendants' new arguments.

II.    **ARGUMENT**

a.    **The Court Should Strike and Disregard Underwriter Defendants' Arguments**

Motions to strike "are subject to the sound discretion of the court." *Pagan v. Abbott Laboratories, Inc.*, 287 F.R.D. 139, 144 (E.D.N.Y. 2012); *Navarrete De Pedrero v. Schweizer Aircraft Corp.*, 635 F. Supp. 2d 251, 258 (W.D.N.Y. 2009). "Generally, courts do not consider issues raised in a reply brief for the first time, because if [a litigant] raises a new argument in a reply brief [the opposing party] may not have an adequate opportunity to respond to it." *Ross v. Miller*, 2016 WL 1376611, at *26 (S.D.N.Y. Apr. 7, 2016). "A court may strike portions of reply submissions if they add new material that should have been included in the opening papers, as long as the new material is not merely in response to a new issue raised by the opposition papers." *Perez v. Manna 2nd Ave. LLC*, 2016 WL 7489040, at *4 (S.D.N.Y. Dec. 28, 2016). Accordingly, "[a]rguments made for the first time in a reply brief need not be considered by a court." *Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd,* 159 F.3d 1347 (2d Cir. 1998).

While *Slack* and *CarLotz* were decided after Underwriter Defendants' filed their opening brief, they both concerned the issue of whether a plaintiff was able to trace his shares to a defective registration statement. Yet Underwriter Defendants did not contend in their opening brief that Plaintiffs were unable to trace their shares. And while *Slack* and *CarLotz* were recently decided, the caselaw concerning tracing and the tracing requirement is not new. Yet Underwriter Defendants did not- though they could have- invoke any of the long-standing caselaw on tracing that the *Slack* and *CarLotz* courts relied on, in their opening brief. "It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its

2

motion and that is necessary in order for that party to meet its burden." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010); *See also In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006) ("We generally do not consider issues raised in a reply brief for the first time"); *United States v. Barnes*, 158 F.3d 662, 672 (2d Cir. 1998) ("Normally, we will not consider arguments raised for the first time in a reply brief, let alone [at or] after oral argument.").

Such is the case here. The new material Underwriter Defendants cite is not in response to a new issue raised in Plaintiffs' opposition. Underwriter Defendants failed to raise the issue of standing in the body of their opening brief. The Court, therefore, should not consider Underwriter Defendants' arguments as they pertain to *Slack* and *CarLotz*.

**b.  In the Alternative The Court Should Grant Plaintiffs Leave to File a Sur-Reply**

Should the Court decide to consider Underwriter Defendants' arguments based on *Slack* and *CarLotz*, Plaintiffs respectfully request leave to file a sur-reply responding to Underwriter Defendants' new arguments. Like motions to strike, "[m]otions for leave to file a sur-reply are subject to the sound discretion of the court." *Gustovich v. Town of Greenwich*, 2015 WL 5251930, at *7 n.5 (D. Conn. Sept. 8, 2015). "Where new evidence is presented in a party's reply brief . . . the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (finding "good cause for the Court to grant [ ] request to file a sur-reply, because the sur-reply is directed to arguments the SEC raises for the first time in its reply"). *See also Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 2021 WL 1222159, at *2 (S.D.N.Y. Mar. 31, 2021) (granting leave to file sur-reply to respond to new argument raised in reply brief); *Am. S.S. Owners Mut. Protection & Indem. Ass'n, Inc. v. Am. Boat Co., LLC*, 2012 WL 32352, at *1 (S.D.N.Y. Jan. 6, 2012) (same); *Mayer v. Neurological Surgery, P.C.*, 2016 WL

3

347329, at *4 (E.D.N.Y. Jan. 28, 2016) (holding in abeyance plaintiff's motion to strike new argument made in reply; granting plaintiff's alternative request to file a sur-reply; and ultimately granting plaintiff's motion to strike); *Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*, 2012 WL 4049955, at *6 (S.D.N.Y. Sept. 14, 2012) (holding that because the "reply raised new issues material to the disposition of the question[s] before the court," the "Sur–Reply is accepted").

## III.    CONCLUSION

For the foregoing reasons, the Court should strike or disregard Underwriter Defendants' arguments pertaining, and citations to, *Slack* and *Carlotz*, in Underwriter Defendants' Reply.  In the alternative, the Court should grant Plaintiffs leave to file a sur-reply to address these new arguments and cases. A copy of Plaintiffs' proposed sur-reply is attached hereto as Exhibit A.

Dated:  July 10, 2023                               Respectfully submitted,


                                                   */s/ Sara Fuks*
                                                   Sara Fuks
                                                   Laurence Rosen
                                                   Phillip Kim
                                                   **THE ROSEN LAW FIRM, P.A.**
                                                   275 Madison Avenue, 40th Floor
                                                   New York, NY 10016
                                                   Tel: (212) 686-1060
                                                   sfuks@rosenlegal.com
                                                   lrosen@rosenlegal.com
                                                   pkim@rosenlegal.com

                                                   *Lead Counsel for Plaintiffs and the Putative Class*

4