# EXHIBIT 2

2022 WL 19403713 (S.D.N.Y.) (Trial Motion, Memorandum and Affidavit)
United States District Court, S.D. New York.

In re CARLOTZ, INC. SECURITIES LITIGATION.

No. 1:21-cv-05906-RA.
November 8, 2022.

**Plaintiffs' Sur-reply Memorandum of Law in Further Opposition to Defendants' Motion to Dismiss the Second Amended Complaint**

Kahn Swick & Foti, LLC, Kim E. Miller (KM-6996), 250 Park Avenue, 7th Floor, New York, NY 10177, Telephone: (212) 696-3730, Facsimile: (504) 455-1498, E-Mail: kim.miller@ksfcounsel.com, -and-, Lewis S. Kahn, 1100 Poydras Street, Suite 3200, New Orleans, LA 70163, Telephone: (504)455-1400, Facsimile: (504) 455-1498, E-Mail: ulewis.kahn@ksfcounsel.com, Lead Counsel for Lead Plaintiff David Berger, Additional Plaintiff Craig Bailey, and the Class.

Lead Plaintiff David Berger and additional Plaintiff Craig Bailey (collectively, "Plaintiffs") respectfully submit this sur-reply memorandum of law in opposition to Defendants' motion to dismiss the Second Amended Complaint (ECF No. 67).[1]

**PRELIMINARY STATEMENT**

In their Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 74) (the "Reply"), Defendants rely heavily on the Second Circuit's decision in *Menora Mivtachim Ins. Ltd. v. Frutarom Indus.,* No. 21-1076, 2022 U.S. App. LEXIS 27412 (2d Cir. Sept. 30, 2022), to argue "Plaintiffs lack standing to bring pre-merger claims under Section 10(b)." Def. Reply at 3 (uncapitalized). Defendants' concession that Plaintiffs have standing to bring Section 10(b) claims for the alleged post-merger misrepresentations and omissions underscores that this is not a standing issue. Even assuming that *Frutarom* stands for the broad position Defendants argue, and assuming *Frutarom* survives a current *en banc* petition supported by an Amicus brief filed by a number of preeminent securities law scholars,[2] at most, the Class Period for Plaintiffs' 10(b) claims would be shortened to begin at the time of the merger, when CarLotz' shares became publicly available for trading. However, CarLotz shareholders would still have standing to bring claims based on pre-merger statements because such statements were part of the nexus of information available at the time the Company went public.

Moreover, based on their interpretation of *Frutarom,* coupled with other arguments in their motion, Defendants ask this Court to create a system in which Special Purpose Acquisition Companies ("SPACs"), their target companies, and everyone touting those companies are immune from private securities litigation (under *both* Section 10(b) and Section 11) for material misrepresentations and omissions leading up to the surviving companies' public debut (*i.e.,* pre-merger statements). This would be dangerous precedent and comports with neither the letter nor the intent of the law.

**ARGUMENT**

Contrary to Defendants' arguments in their reply, the Second Circuit's recent opinion in *Frutarom,* a case with very different facts, does not affect the standing of Plaintiffs in this action.

In *Frutarom,* shareholders of an acquiring company brought Section 10(b) claims against the target company for statements made by the target company in historical financial reports filed many years before the merger took place. 2022 U.S. App. LEXIS 27412, at *12.[3] In other words, the only plaintiffs in the case were purchasers of the acquiring company, and the only

defendant was the target company. *Id.* The *Frutarom* court held that "purchasers of an acquiring company do not have standing under Section 10(b) to sue the target company for alleged misstatements the target company made about itself prior to the merger between the two companies." 2022 U. S. App. LEXIS 27412 at * 11. The situation here is very different.

Unlike in *Frutarom,* Plaintiffs in this case are shareholders *of both* the target (CarLotz) *and* the acquiror (Acamar). *See* Certifications of Craig Bailey and David Berger, ECF Nos. 47-2, 47-1. Further, the Complaint alleges that in the short time leading up to the merger vote, both Acamar and CarLotz (as well as the Individual Defendants, executives, and board members of the companies) made numerous material misrepresentations and omissions touting the business combination (which was the only business operation of Acamar, a blank check SPAC) and the surviving company, CarLotz. *See, e.g.,* ¶¶ 110-112 (beginning of Class Period misstatements from when "CarLotz and Acamar announced their planned merger").[4] In fact, nearly all of the statements were filed with the SEC under the heading: "This filing relates to a proposed business combination involving Acamar Partners Acquisition Corp. and CarLotz, Inc." *See* Plaintiffs' Opposition Brief, ECF No. 70 at 17. Nothing in *Frutarom* prevents CarLotz shareholders from suing CarLotz for its own statements made about itself. Additionally, and just as importantly, nothing in *Frutarom* prevents the shareholders of Acamar from suing CarLotz for misrepresentations relating to both Acamar and CarLotz. At the very most, the new legal proposition in *Frutarom* (if it survives further appellate review)[5] - that shareholders of an acquiror cannot sue the target for statements the target made about itself- could only call into question the standing of Acamar shareholders to sue CarLotz under Section 10(b) for statements CarLotz solely made about CarLotz.[6]

Finally, to the extent Defendants argue that *Frutarom* fully disallows any Section 10(b) claims to be brought against either a target or an acquired company in a de-SPAC transaction for misrepresentations and omissions in advance of the merger, such a rule opens the door for such companies to flagrantly mislead investors and would run contrary to the very foundation of the securities laws. As the Amici Securities Law Scholars stated in their brief, interpreting the decision as "[f]oreclosing SPAC investors from bringing Rule 10b-5 actions could have disastrous consequences ... Regulators have become increasingly concerned about 'regulatory arbitrage' in the SPAC market producing widespread opportunities for fraud. Excluding SPAC investors from remedies under Rule 10b-5 would exacerbate this problem and undercut the impact of proposals to require more disclosures in the SPAC process." Scholars' Amicus Brief at 9-10. If this Court accepts Defendants' interpretation of *Frutarom* in combination with Defendants' other arguments regarding SPAC immunity from Section 11 and 12 liability, it will create a precedent of allowing parties to SPAC transactions to lie with impunity in all public statements leading up to the merger, including the proxy and offering documents. Congress surely did not endorse nor condone such a gaping loophole when drafting these laws.

## CONCLUSION

For the foregoing reasons, in addition to those enumerated in Plaintiffs' Opposition Brief, Plaintiffs respectfully request Defendants' Motion to Dismiss the Second Amended Complaint be denied. In the alternative, Plaintiffs request leave to further amend their Complaint to cure any defects which may have arisen due to the new Second Circuit precedent set forth in *Frutarom.*

DATED: November 8, 2022

Respectfully Submitted,

**KAHN SWICK & FOTI, LLC**

*/s/Kim E. Miller*

Kim E. Miller (KM-6996)

250 Park Avenue, 7th Floor

New York, NY 10177

Telephone: (212) 696-3730

Facsimile: (504) 455-1498

E-Mail: kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn

1100 Poydras Street, Suite 3200

New Orleans, LA 70163

Telephone: (504)455-1400

Facsimile: (504) 455-1498

E-Mail: ulewis.kahn@ksfcounsel.com

*Lead Counsel for Lead Plaintiff David Berger, Additional Plaintiff Craig Bailey, and the Class*

## Footnotes

[1]      All ¶_____ references are to the Second Amended Complaint (ECF. No. 54) and any undefined words have the meaning ascribed to them in the Second Amended Complaint.

[2]      *See* Brief of James Cox, Donald Langevoort et al. as Amici Curiae Supporting the Plaintiffs-Appellant, *Jansen v. International Flavors & Fragrances,* No. 21-1076, ECF No. 131 (the "Scholars' Amicus Brief"), attached as Exhibit 1.

[3]      *See also Frutarom* Oral Argument Hearing Transcript, Defs. Exh. 48, ECF No. 76-5 at 15:12-18: "IFF, the U.S. issuer here, whose stock the Plaintiffs purchased, is no longer in the case. What remains are Israeli investors in IFF, the U.S. company, suing Frutarom, an Israeli company, under the U.S. securities laws for what Frutarom allegedly did in Russia and Ukraine many years ago."

[4]      The fact that the statements in this case were made in the context of the merger further differentiates the facts of this case from *Frutarom,* where the alleged misstatements were made many years before IFF acquired Frutarom.

[5]      The *Frutarom* Plaintiffs' application for *en banc* review is currently pending. The *Frutarom* opinion, written by Judge Park, joined in by Judge Nardini, with a concurring opinion by Judge Pérez, who opined "that this Court need not have created new law to dispose of this case" given the facts, has drawn negative attention from numerous legal scholars, who have submitted an Amicus brief to support Plaintiffs' *en banc* application. *See* Exhibit 1.

**In re CARLOTZ, INC. SECURITIES LITIGATION., 2022 WL 19403713 (2022)**

---

[6] If the Court finds that, pursuant to the new law created by *Frutarom,* the Complaint should have brought pre-merger Section 10(b) claims against Acamar, rather than CarLotz, Plaintiffs reiterate their request for leave to amend, as set forth in their Opposition Brief, to bring those claims against Acamar and its related individual defendants. ECF No. 70 at 48-49. Interpreting *Frutarom* as stripping securities plaintiffs of standing to bring claims against Acamar is counterintuitive. *See* Ann Lipton, *In Connection With,* Business Law Prof Blog, Oct. 8, 2022, https://lawprofessors.typepad.com/businesslaw/2022/10/in-connection-with.html ("let's just point out the incongruence of treating statements in a prospectus for the sale of the acquirer's stock as not being about the acquirer.").

---

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.