**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Arrival SA, et al. Securities Litigation | **CASE No.: 1:22-cv-00172-NRM-PK**<br><br><br>CLASS ACTION |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSTION TO DEFENDANT JAE OH'S MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**

Lead Plaintiff Mostaco Corp. and named Plaintiff Salvatore Fiorellino ("Plaintiffs") respectfully submit this memorandum in response to the Joinder By Defendant Jae Oh to Certain Defendants' Motion to Dismiss the Second Amended Class Action Complaint (ECF No. 118), which the Court construes as a motion to dismiss, per its July 7, 2023 Order. For the reasons stated in Plaintiffs' Memorandum of Law in Opposition to the Arrival Defendants' Motion to Dismiss[1] (ECF. No. 107-34), Plaintiffs' Memorandum of Law in Opposition to Gavin Cuneo, Michael Minnick and CIIG Management LLC's Motion to Dismiss (ECF No. 112-12), and Plaintiffs' Memorandum of Law in Opposition to Kinetik Sarl, Gilles Dusemon and Csaba Horvath's Motion to Dismiss (ECF No. 108-6)[2], the SAC adequately alleges that Defendant Oh violated Sections 11 and 15 of the Securities Act and Section 14(a) of the Exchange Act.

**BACKROUND**

Defendant Jae Oh asserts that the Complaint's allegations as to him are insufficiently specific and that the SAC does not allege his "misconduct." Defendant Oh makes the illogical argument that the "intent" allegations against him are "generalized." But the Complaint does not

---

[1] All capitalized terms herein have the meanings ascribed to them in Plaintiffs' Memorandum of Law in Opposition to the Arrival Defendants' Motion to Dismiss and the glossary of terms therein.
[2] Plaintiffs incorporate by reference the arguments set forth therein as to Defendant Oh as applicable.

1

and need not allege Defendant Oh's "intent. " Defendant Oh ignores the strict liability nature of Section 11 of the Securities Act and Section 14(a)'s negligence standard- which does not require pleading a specific state of mind.

Defendant Oh does not contest the fact that he was named in Arrival's Registration Statement as about to become a director of Arrival following the Business Combination. In connection with the filing of Arrival's Registration Statement, Defendant Oh signed a consent, "pursuant to Rule 438 of the Securities Act, to be named as a nominee of the board of directors of Arrival Group in the Registration Statement and any and all amendments and supplements thereto." Defendant Oh also "consent[ed] to the filing of this consent as an exhibit to such Registration Statement and any amendments thereto."[3] The fact that Defendant Oh was named as a *prospective* board member, and the fact that Defendant Oh served as an Arrival director "for just a few months" does not absolve him of liability under Section 11 of the Securities Act.  Defendant Oh is no different than any other director of a publicly traded public company that courts hold strictly liable under the Securities Act for false and misleading statements contained in registration statements.

Defendant Oh also does not contest that he permitted his name to be used in the Proxy Statement/Prospectus to solicit votes in favor of the Business Combination. *See* Proxy Statement/Prospectus at p. 9 ("It is anticipated that, at the Closing, Holdco's board of directors will be composed of Peter Cuneo, Alain Kinsch, Kristen O'Hara, Jae Oh, Avinash Rugoobur and two other directors who are expected to be identified and appointed prior to the Closing.")). This is all that is required to allege negligence under Section 14(a)'s low bar.

---

[3]https://www.sec.gov/Archives/edgar/data/1835059/000119312521042132/d59484dex996.htm

**ARGUMENT**

### I.    PLAINTIFFS ARE NOT REQUIRED TO PLEAD SCIENTER

Plaintiffs are not required to plead that Defendant Oh acted with scienter, either in connection with the Section 11 claims under the Securities Act or the Section 14(a) claims under the Exchange Act against him.

Liability arises under §11 if "any part of the registration statement, when such part became effective … omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. §77k(a). Section 11 "was designed to assure compliance with the disclosure provisions of the Act by imposing a stringent standard of liability on the parties who play a direct role in a registered offering." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 381-82, 103 S. Ct. 683, 687 (1983).  As §11 is "limited in scope [it] places a relatively minimal burden on a plaintiff," to "only show a material misstatement or omission to establish his *prima facie* case. Liability against the issuer of a security is virtually absolute….Other defendants bear the burden of demonstrating due diligence." 459 U.S. at 382.

The Complaint adequately alleges a Section 11 claim as to Defendant Oh. First, Defendant Oh's consent to be named as a director in a Registration Statements a misleading confers liability under Section 11. 15 U.S.C.  §77k (a)(2) (Section 11 liability as to "every person who, with his consent, is named in the registration statement as being or about to become a director, person performing similar function or partner.") Second, Defendant Oh has it backwards, the burden is on him to demonstrate due diligence, where, as here the SAC alleges that the Registration Statement contained material misstatements and omissions. Third, because the SAC does not allege a Section 10(b) claim against Defendant Oh, Plaintiffs are not required to allege scienter. *In*

*re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 338 (S.D.N.Y. 2003) ("the PSLRA pleading requirements have no application to claims that arise under Section 11 or other provisions of the Securities Act").

Similarly, Plaintiffs are not required to plead scienter for the 14(a) claim as to Defendant Oh. "***As a matter of law***, the preparation of a proxy statement by corporate insiders containing materially false or misleading statements or omitting a material fact is sufficient to satisfy the [] negligence standard." *Fresno Cnty. Employees' Ret. Ass'n v. comScore, Inc.*, 268 F. Supp. 3d 526, 561 (S.D.N.Y. 2017)(*quoting Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987, 995 (2d Cir. 1988)); *see also Baum v. Harman Int'l Indus., Inc.*, 575 F. Supp. 3d 289, 301 (D. Conn. 2021) (similar, and holding that plaintiffs pleaded claim against independent directors by showing they signed a proxy containing false statements). Defendant Oh quotes the inapt scienter standard as requiring conduct that is "highly unreasonable." The appropriate standard, negligence, is not a state of mind. (CIIG Management Defendants' Opp. at 9-10) *Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) ("negligence is not a state of mind; it is a failure, whether conscious or even unavoidable [] to come up to the specified standard of care.").

## II. THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT OH

While Defendant Oh may be a resident of Korea, there is no question the Court has jurisdiction over him. Defendant Oh: 1( signed a consent stating that under U.S. Securities Laws he acknowledged that he was being named as a prospective director of Arrival in the Registration Statement, 2) permitted his name to be used in the Proxy Statement to solicit votes in favor of the Business Combination, and 3) did become a director of Arrival after the Business Combination. ¶¶58, 359, 446-51. These facts are sufficient to establish personal jurisdiction over Defendant Oh. *See, e.g., In re Cinar Corp. Sec. Litig.*, 186 F. Supp. 2d 305–06 (E.D.N.Y. 2002)(finding it

"perfectly reasonable to exercise jurisdiction over Corbeil ***based solely*** on her signing the 1999 Registration Statement….***There is no clearer example of purposeful availment*** of the privilege of doing business in the United States than this….[Defendant] ***must have known that the Statement was made to comply with the laws governing securities offerings in American markets*** and, as such, it would be used and relied upon by American investors. Corbeil ***could have reasonably foreseen that, were there to be litigation concerning the Statement, she would be haled into court in the United State***s.") *SEC v. Hurgin*, 484 F. Supp. 3d 98, 115 (S.D.N.Y. 2020) (finding court had personal jurisdiction over defendant residing in Israel despite no personal involvement in drafting misleading proxy materials where defendant consented to the use of his name in proxy materials).  Indeed, in his consent Defendant Oh specifically acknowledged that he was signing it pursuant to the Securities Act. None of the cases Defendant Oh cites involved claims under Section 11 of the Securities Act. (Oh MTD at p. 5).  Because those cases involved Section 10(b) claims, the actions necessary to establish a defendant's minimum contacts are necessarily greater because they require plaintiffs to demonstrate that a defendant participated in fraud.

Dated:  July 20, 2023                                        Respectfully submitted,


                                                            */s/ Sara Fuks*
                                                            Sara Fuks
                                                            Laurence Rosen
                                                            Phillip Kim
                                                            **THE ROSEN LAW FIRM, P.A.**
                                                            275 Madison Avenue, 40th Floor
                                                            New York, NY 10016
                                                            Tel: (212) 686-1060
                                                            sfuks@rosenlegal.com
                                                            lrosen@rosenlegal.com
                                                            pkim@rosenlegal.com

5

*Lead Counsel for Plaintiffs and the Putative Class*

6