UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
|  | : | 22-cv-00172-NRM-PK |
| In re Arrival SA, et al. Securities Litigation | : |  |
|  | : | ECF Case |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
### JOINDER BY DEFENDANT JAE OH TO CERTAIN DEFENDANTS'
### MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT

***Plaintiffs Do Not Plead Scienter With Respect to Mr. Oh.*** Plaintiffs do not dispute that they have pled no facts whatsoever to support an inference, let alone the requisite strong inference, of scienter with respect to Mr. Oh.[1] Plaintiffs insist that they are not required to plead scienter, yet they do not even address the recent authority in this district—*In re Chembio Diagnostics, Inc. Securities Litigation*, 616 F. Supp. 3d 192 (E.D.N.Y. 2022) (cited in Mot.13 n.9; Reply 21)— refuting their argument. As Judge Ross explained in *Chembio*:

> *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004), instructs that Section 11 or 12(a)(2) claims that sound in fraud are "subject to the test of Rule 9(b)." *Id.* at 170. This test includes the requirement that a fraud claim plead the defendant's state of mind. . . . Accordingly, courts in this circuit have consistently applied *Rombach* to dismiss Securities Act claims that sound in fraud but fail to plead scienter.

616 F. Supp. 3d at 203–04 (citations omitted). A plaintiff must also plead scienter with respect to Section 14(a) claims that sound in fraud. *See In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 636 (S.D.N.Y. 2005) (cited in Mot. 36) (dismissing Section 14(a) claims "grounded in alleged fraudulent conduct" because "plaintiffs have failed to plead a strong inference of scienter").[2]

Plaintiffs cite *In re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003) ("*IPO*"), for the proposition that the PSLRA does not apply to Section 11 claims.

---

[1]    Capitalized terms not defined herein have the meanings as set forth in the Joinder (ECF No. 118).

[2]    Plaintiffs assert that Mr. Oh has the "burden . . . to demonstrate due diligence." Although there is a due diligence defense to Section 11 liability for which a director bears the burden of proof, the *plaintiff* has the burden to plead and prove scienter where, as here, fraudulent intent is an element of the claim.

But the scienter requirement for Securities Act claims sounding in fraud is imposed by Rule 9(b), not the PSLRA. And the holding in *IPO* that Rule 9(b) and its scienter requirement do not apply to Section 11 claims sounding in fraud was overruled by *Rombach* a year later.

Plaintiffs also cite *Fresno County Employees' Retirement Association v. comScore, Inc.*, 268 F. Supp. 3d 526 (S.D.N.Y. 2017), for the proposition that the "preparation of a proxy statement *by corporate insiders*" containing material misstatements is sufficient to establish negligence.[3] (ECF No. 127 at 4.) Plaintiffs do not meet this standard because they do not plead that Mr. Oh had any involvement whatsoever in preparing the Proxy. Plaintiffs effectively argue that a misstatement in a proxy that references an individual, standing alone, establishes negligence as to that individual. That cannot be correct: it would eviscerate the negligence requirement entirely. In any event, here Plaintiffs must plead scienter, not negligence.[4]

***There Is No Personal Jurisdiction.*** Plaintiffs identify no authority holding that mere consent to using one's name in a registration statement is sufficient to confer personal jurisdiction over a foreign-based individual defendant. In *SEC v. Hurgin*, 484 F. Supp. 3d 98 (S.D.N.Y. 2020), on which Plaintiffs rely, the defendant signed a merger agreement with a broadly worded consent to jurisdiction provision, played a "central role" in soliciting shareholder approval and had other contacts with the forum that are not present here. *Id.* at 114-15.

For the reasons set forth herein, in the Motion to Dismiss Papers and in the Joinder, the SAC should be dismissed with prejudice as to Mr. Oh.

---

[3]  *Fresno* relied on *Wilson v. Great American Industries, Inc.*, 855 F.2d 987 (2d Cir. 1988), a post-trial decision holding only that negligence was established where the defendants *knew* the proxy was misleading and hence had "a culpable state of mind." *Id.* at 995.

[4]  *Fresno* applied a negligence standard because the Section 14(a) claim there did not rely on a theory of fraud. (ECF No. 112, Attachment 7 at 3-4.) Here, Plaintiffs' Section 14(a) claims are reliant on the very same fraud allegations on which their Section 10(b) claims are based. (Mot. 13 n.9; Reply 2.)

Dated:  New York, New York
          July 27, 2023

Respectfully submitted,

/s/ Susan L. Saltzstein
Susan L. Saltzstein
Robert A. Fumerton
Shaud G. Tavakoli
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000
susan.saltzstein@skadden.com
robert.fumerton@skadden.com
shaud.tavakoli@skadden.com

*Attorneys for Defendants Arrival SA, Arrival Vault US, Inc., Denis Sverdlov, Tim Holbrow, Michael Ableson, Avinash Rugoobur, Peter Cuneo, Kristen O'Hara, Michael Anatolitis, Alain Kinsch and Jae Oh*

3