# SHEARMAN & STERLING LLP

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

adam.hakki@shearman.com
+1.212.848.4924

January 30, 2024

**VIA ECF**

The Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   Notice of Supplemental Authority
> *In re Arrival SA Sec. Litig.*, 1:22-cv-00172 (NRM) (PK)

Dear Magistrate Judge Kuo:

Defendants Barclays Capital Inc. ("Barclays") and UBS Securities LLC ("UBS") respectfully submit this notice of supplemental authority to inform the Court that the U.S. Securities and Exchange Commission (the "SEC") has adopted its final rules concerning special purpose acquisition companies ("SPACs") and to provide the Court with a copy of those rules. *See* Special Purpose Acquisition Companies, Shell Companies, and Projections (the "Final Rules"), Securities Act Release No. 11265, Exchange Act Release No. 99418 (adopted January 24, 2024) (the "Final Release"). As explained below, the Final Rules foreclose multiple arguments advanced by Plaintiffs in their opposition to Defendants' motions to dismiss, which are fully briefed. The first point discussed below (Proposed Rule 140a) applies only to the motions to dismiss filed by (1) Barclays and UBS and (2) Cowen and Company, LLC ("Cowen") and is submitted on behalf of Barclays, UBS, and Cowen. The second point discussed below (statutory safe harbor for forward-looking statements) applies to all Defendants' motions to dismiss and is submitted on behalf of all Defendants in this action.

## A. THE SEC DECLINED TO ADOPT PROPOSED RULE 140a

As the Court knows, the operative complaint in this action asserts claims against Barclays, UBS, and Cowen under Section 11 of the Securities Act of 1933 (the "Securities Act") based

SHEARMAN.COM

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

on the assertion that Barclays, UBS, and Cowen should be deemed "statutory underwriters" of the March 24, 2021 business combination transaction between CIIG Merger Corp. ("CIIG"), a SPAC, and Arrival S.à.r.l.  As explained in the motion to dismiss filed by Barclays and UBS, although Barclays and UBS were underwriters of CIIG's IPO (as to which Plaintiffs assert *no* claims), they were not – and are not properly alleged to have been – underwriters of the business combination between CIIG and Arrival S.à.r.l at issue in this action.  *See* Barclays' and UBS's Motion to Dismiss the Second Amended Complaint ("Motion" or "Mot.", ECF No. 110-1), Background §§ A-B; Barclays' and UBS's Reply in Further Support of Defendants' Motion to Dismiss the Second Amended Complaint ("Reply", ECF No. 110-14), § I.A. Likewise, as explained in the motion to dismiss filed by Cowen, it was not – and is not properly alleged to have been – an underwriter of the business combination at issue.  *See* Cowen's Motion to Dismiss the Second Amended Complaint ("Cowen Motion" or "Cowen Mot.", ECF No. 111-1), § I; Reply in Further Support of Cowen's Motion to Dismiss the Second Amended Complaint ("Cowen Reply", ECF No. 111-8), § I.

In their opposition to the motions filed by Barclays and UBS and by Cowen, Plaintiffs argued that the SEC's Proposed Rule 140a (which was proposed in 2022, well after the events in question) supports their claim that Barclays, UBS, and Cowen can be held liable as statutory underwriters of the business combination transaction.  *See, e.g.*, Opp'n to Defendants Barclays Capital Inc.'s and UBS Securities LLC's Motion to Dismiss ("Opposition" or "Opp.", ECF No. 110-8), §§ III.B-C; Opp'n to Cowen's Motion to Dismiss the Second Amended Complaint ("Cowen Opp.", ECF No. 111-5), at 6-7.  Under Proposed Rule 140a, if it had been adopted and not inconsistent with the Securities Act, a party that was an underwriter of the IPO of a SPAC (here, CIIG) could have, under certain circumstances, been considered an underwriter of the securities of the surviving company of the business combination transaction (here, Arrival S.à.r.l.) if the party took steps to "facilitate" or "otherwise participate[]" in the business combination transaction.  *See* Special Purpose Acquisition Companies, Shell Companies, and Projections, Securities Act Release No. 11048, Exchange Act Release No. 94546, 87 Fed. Reg. 29458 at 96 (proposed March 30, 2022).

Barclays and UBS explained in their Motion why Proposed Rule 140a was inconsistent with the Securities Act and irrelevant to the claim against them under binding Second Circuit precedent.  Mot. §§ I.A-B; *see also* Reply § B.  Among other things, the rule had never been adopted, could not permissibly apply retroactively even if it were subsequently adopted, and could not be reconciled with the Second Circuit's decision in *In re Lehman Bros. Mortgage-Backed Securities Litigation*, 650 F.3d 167 (2d Cir. 2011).  Cowen explained in its briefing that Proposed Rule 140a was irrelevant to the claim against it for an additional reason: "Cowen did not act as an underwriter of [CIIG's IPO] and consequently Plaintiffs d[id] not and [could not] argue that Cowen f[ell] within the definition of 'underwriter' under the SEC's Proposed Rule

140a." Cowen Reply, at 4. These questions are now academic because the SEC itself declined to adopt Proposed Rule 140a.

Additionally, Plaintiffs' so-called "single distribution" or "unitary process" theory (which would treat the SPAC IPO, SPAC business combination transaction, and any PIPE financing as a single distribution) cannot be reconciled with the SEC's commentary in the Final Release. *See* Opp. § III.C; Cowen Opp. § III.B. The Final Release highlights the separateness of the SPAC IPO distribution of securities from what occurs in a SPAC business combination transaction and in a PIPE financing. Final Release at 294 n.942; *see also id*. at 285 (describing the relevant "distribution" as "the process by which the SPAC's investors, and therefore the public, receive interests in the combined operating company"); *id*. at 289 (it is "the combined company in a de-SPAC transaction" that "is effectively acting as an issuer engaged in a sale of its securities to the public shareholders of the SPAC").

Although it is unnecessary for the Court to reach any of these issues to grant the motions to dismiss filed by Barclays and UBS and by Cowen, the SEC's decision not to adopt Proposed Rule 140a and the commentary in the Final Release foreclose Plaintiffs' core arguments related to underwriter liability.

## B. THE FINAL RELEASE CONFIRMS THE PSLRA SAFE HARBOR APPLIES

The Final Release also confirms that the forward-looking statements challenged by Plaintiffs are protected under the "safe harbor" in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Final Release asserts that "the PSLRA safe harbor [for forward-looking statements is] unavailable to SPACs . . . by defining 'blank check company' to encompass SPACs." Final Release at 21. As the Final Release makes clear, however, this modification does not apply retroactively to statements made prior to the rule change:

> [The] concomitant unavailability of the PSLRA safe harbor for forward-looking statements [is] not intended to have any retroactive effect related to forward-looking statements made prior to the effective date of the [Final Release].

*Id.* at 257 n.808.

The forward-looking statements alleged in this case all occurred prior to the rule change. Accordingly, the Final Release confirms that the safe harbor under the PSLRA does apply to these statements. *See* Certain Defendants' Motion to Dismiss the Second Amended Class Action Complaint at 14 n.11 (ECF No. 107-1); Certain Defendants' Reply in Further Support of Their Motion to Dismiss the Second Amended Class Action Complaint at 3 (ECF No. 107-37).

Page 4                                                                    January 30, 2024

Respectfully submitted,

/s/ Adam S. Hakki

Adam S. Hakki

**Encl.**

cc:    All counsel of record (via ECF)