UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                                :       1:22-cv-00172-NRM-PK

In re Arrival SA, et al. Securities Litigation    :

                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DENIS SVERDLOV

Susan L. Saltzstein
(susan.saltzstein@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
Shaud G. Tavakoli
(shaud.tavakoli@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS.......................................................................................................2

ARGUMENT...........................................................................................................................4

I.      SKADDEN HAS ESTABLISHED A SATISFACTORY REASON FOR
WITHDRAWAL: A CONFLICT OF INTEREST BETWEEN GROUP CLIENTS .........4

II.     SKADDEN'S WITHDRAWAL WILL NOT SIGNIFICANTLY IMPACT THE
TIMING OF THE PROCEEDINGS ...............................................................................5

CONCLUSION.......................................................................................................................6

i

Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), to withdraw as counsel of record for Defendant Denis Sverdlov.

## PRELIMINARY STATEMENT

Skadden moves to withdraw as counsel for Defendant Denis Sverdlov under Local Rule 1.4 because a conflict of interest has arisen between Mr. Sverdlov and the other parties represented by Skadden. Under these circumstances, Skadden cannot continue to fulfill its ethical obligations to Mr. Sverdlov and the other parties it represents in the Action. Mr. Sverdlov consents to Skadden's withdrawal.

Skadden agreed to represent corporate entities Arrival SA ("Arrival") and Arrival Vault US, Inc. (together, the "Corporate Group Clients") and individuals Michael Ableson, Michael Anatolitis, Peter Cuneo, Tim Holbrow, Alain Kinsch, Kristen O'Hara, Jae Oh, Avinash Rugoobur, and Mr. Sverdlov (collectively, the "Individual Group Clients," and together with the Corporate Group Clients, the "Group Clients") in connection with this action.

The parties have fully briefed motions to dismiss the operative complaint. On May 16, 2024, Arrival filed a bankruptcy petition with the Tribunal d'Arrondissement de et à Luxembourg of Luxembourg and on May 22, 2024, the Luxembourg Court rendered a judgment declaring Arrival bankrupt. (ECF No. 136.) On September 24, 2024, Skadden notified the court that the parties scheduled a mediation for November 12, 2024. (ECF No. 137.) And on September 27, 2024, Skadden notified the court that lead plaintiffs and all non-bankrupt entity defendants would participate in the November 12, 2024, mediation session. (ECF No. 139.) The participating parties, including Mr. Sverdlov, held the mediation session on November 12, 2024.

(ECF No. 140.) Although the mediation was unsuccessful, certain parties are continuing settlement discussions. (ECF No. 148.)

The Local Rules permit an attorney to withdraw upon a showing of a "satisfactory reason" for the withdrawal and a statement of the "posture of the case." Local Civ. R. 1.4.

First, there is a "satisfactory reason" for withdrawal. Mr. Sverdlov's interests have diverged from the other Group Clients represented by Skadden. As such, Skadden cannot adequately represent both Mr. Sverdlov's interests and the Group Clients' interests. Skadden will continue to represent all Individual Group Clients except Mr. Sverdlov.

Second, withdrawal is appropriate given the posture of the case. Magistrate Judge Kuo has yet to rule on the defendants' motions to dismiss and discovery has not yet begun. Mr. Sverdlov should have ample time to retain new counsel, who will then be able to handle discovery and all other pretrial proceedings in their entirety should the matter proceed as to him. In short, Skadden's withdrawal with respect to Mr. Sverdlov should not cause no prejudicial delay.

For these reasons, as demonstrated more fully below, Skadden requests that the Court enter an order permitting Skadden to withdraw from representing Mr. Sverdlov.

## STATEMENT OF FACTS

On January 12, 2022, this putative securities class action was commenced against Arrival, Mr. Sverdlov, and other individuals and entities. (ECF No. 1.) Mr. Sverdlov served as Arrival's Chief Executive Officer during the Class Period alleged in the operative Second Amended Class Action Complaint (the "Complaint"). (ECF No. 47 ¶¶ 1, 40.) Arrival agreed to indemnify Mr. Sverdlov for certain liabilities, including for legal fees in connection with this Action.

Skadden, Mr. Sverdlov, and the other Group Clients agreed to Skadden representing the Group Clients in this action. (Decl. of Susan L. Saltzstein, dated Feb. 5, 2025 (hereinafter "Saltzstein Decl."), ¶ 4.)

On March 9, 2023, Skadden submitted a motion to dismiss the Complaint to Plaintiffs' counsel on behalf of Arrival, Mr. Sverdlov, and the other Group Clients pursuant to Magistrate Judge Kuo's "bundling rule." (ECF No. 101.) The motion was filed on June 22, 2023 (ECF No. 107), and was fully briefed on July 27, 2023 (ECF No. 130). All other separately represented defendants have also moved to dismiss the Complaint and those motions are also *sub judice*.

On May 16, 2024, Arrival filed a bankruptcy petition with the Tribunal d'Arrondissement de et à Luxembourg of Luxembourg and on May 22, 2024, the Luxembourg Court rendered a judgment declaring Arrival bankrupt. (ECF No. 136.) On September 24, 2024, the parties notified the Court that they intended to participate in a mediation on November 12, 2024. (ECF No. 137.) On November 12, 2024, Skadden, counsel for all non-bankrupt entity defendants, and counsel for Lead Plaintiffs participated in a mediation. (ECF No. 140.) Although the parties did not reach a settlement, they agreed to continue discussions with respect to certain parties. (*Id.*) Those discussions remain ongoing. (ECF Nos. 141-48.)

A conflict has arisen between Mr. Sverdlov's interests and the interests of other Group Defendants. (Saltzstein Decl. ¶ 10.) Skadden has notified Mr. Sverdlov, counsel for Lead Plaintiffs, and counsel for all other parties of Skadden's intent to withdraw from this Action as counsel to Mr. Sverdlov. (*Id.* ¶ 11.) Mr. Sverdlov consents to Skadden's withdrawal. (*Id.*) We understand that, as of this filing, Mr. Sverdlov has not retained new counsel but is considering

3

new counsel. (*Id.* ¶ 12.) In the interim, Skadden has provided counsel for Lead Plaintiffs with contact information for Mr. Sverdlov. (*Id.*)

## ARGUMENT

Under Local Civil Rule 1.4, an attorney for a party may withdraw "by order of the Court." Local Civ. R. 1.4. Such an order is warranted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." *Id.* "In deciding a motion to withdraw as counsel, courts must consider (1) the reasons for the withdrawal, and (2) the impact withdrawal will have on the timing of the proceeding." *United States v. Est. of Wiesner*, No. CV051634DRHAKT, 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017) (citation omitted). Skadden has established a satisfactory reason for withdrawal here. Moreover, Skadden's withdrawal will not substantially impact the timing of the proceeding.[1]

## I.  SKADDEN HAS ESTABLISHED A SATISFACTORY REASON FOR WITHDRAWAL: A CONFLICT OF INTEREST BETWEEN GROUP CLIENTS

A conflict has arisen between Mr. Sverdlov's interests and the interests of the remaining Group Clients providing a satisfactory reason for Skadden to withdraw under Local Rule 1.4. "[A] lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests." N.Y. RPC 1.7(a)(1).

---

[1]  Skadden is not asserting a retaining or charging lien with respect to Mr. Sverdlov. (Saltzstein Decl. ¶ 15.)

For that reason, courts routinely permit counsel to withdraw from representing some but not all members of a group representation where conflicts arise within the group. *See Jones v. Parmley*, No. 598CV0374FJSTWD, 2015 WL 13821160, at *5 (N.D.N.Y. Jan. 7, 2015) (granting motion to withdraw due to conflict of interest between plaintiffs who agreed to proposed settlement and plaintiffs who did not, and permitting counsel to withdraw from representation of specific plaintiffs while continuing to represent other plaintiffs), *aff'd*, 714 F. App'x 42 (2d Cir. 2017); *McDowall v. ILKB LLC*, No. 20-CV-6171 (JS)(JMW), 2023 WL 3570669, at *1 (E.D.N.Y. May 19, 2023) (court granted motion to withdraw because "a conflict of interest had arisen between the parties which necessitated that [certain defendants] have separate counsel from the other defendants in the case") (original alterations and citation omitted); *Behar v. City of New York*, No. 98 CIV. 2635 HB, 1999 WL 212685, at *6 (S.D.N.Y. Apr. 13, 1999) (granting corporation counsel's motion to withdraw because individual defendant officers' pending disciplinary proceedings created a conflict with the interests of the City of New York).

Here, Mr. Sverdlov's interests have diverged from the interests of other Group Clients represented by Skadden. Consequently, Skadden cannot continue to represent Mr. Sverdlov and the other Group Clients consistent with its obligations to them all under the New York Rules of Professional Conduct.

## II.   SKADDEN'S WITHDRAWAL WILL NOT SIGNIFICANTLY IMPACT THE TIMING OF THE PROCEEDINGS

Skadden's withdrawal—with Mr. Sverdlov's consent—will not significantly impact the progress of this Action. "[W]ithdrawal . . . will not significantly prejudice plaintiffs" where "the litigation has only passed the motion to dismiss stage" and "the parties have [not] conducted discovery yet." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010). Here, the

case has not even passed the motion to dismiss stage: all defendants' motions to dismiss remain pending. Moreover, the parties have not conducted discovery. Indeed, there is a mandatory statutory stay of discovery until the motion is decided under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B). And, as the parties advised the court on September 24, 2024, they conducted a mediation on November 12, 2024, and have been in settlement discussions from that time until the present. (ECF Nos. 137, 139-46.) Thus, Skadden's withdrawal will not cause delay that would significantly prejudice plaintiffs. In fact, Skadden's withdrawal will likely not cause any delay at all.

## CONCLUSION

For the foregoing reasons, Skadden respectfully requests that the Court enter an order permitting Skadden to withdraw as counsel of record for Defendant Denis Sverdlov.

Dated: New York, New York
February 5, 2025

/s/ *Susan L. Saltzstein*

Susan L. Saltzstein
(susan.saltzstein@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
Shaud G. Tavakoli
(shaud.tavakoli@skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants Arrival SA, Arrival Vault US, Inc., Denis Sverdlov, Tim Holbrow, Michael Ableson, Avinash Rugoobur, Peter Cuneo, Kristen O'Hara, Michael Anatolitis, Alain Kinsch, and Jae Oh*

6

## CERTIFICATE OF COMPLIANCE

I, Susan L. Saltzstein, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1.(c), that the foregoing Memorandum of Law was prepared using Microsoft Word and contains 1,533 words in accordance with Local Rule 7.1(c).

Dated: New York, New York
       February 5, 2025

/s/ *Susan L. Saltzstein*
Susan L. Saltzstein

7