**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Arrival SA, et al. Securities Litigation | **Case No.: 1:22-cv-00172-NRM-PK**<br><br>CLASS ACTION |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| ALEXANDRE LIOUBININE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRIVAL, DENIS SVERDLOV, AVINASH RUGOOBUR, MICHAEL ABLESON, TIM HOLBROW, PETER CUNEO, MICHAEL ANATOLITIS, GILLES DUSEMON, CSABA HORVATH, ALAIN KINSCH, KRISTEN O'HARA, JAE OH, ARRIVAL VAULT US, INC., UBS SECURITIES LLC, BARCLAYS CAPITAL INC., AND COWEN & COMPANY LLC<br><br>Defendants. | Index No. 651783/2022<br><br>Commercial Division Part 48<br><br>Honorable Andrea Masley |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement ("Stipulation") dated June 23, 2025 in the action captioned *In re Arrival SA, et al. Securities Litigation*, No. 1:22-cv-00172-NRM-PK (E.D.N.Y.) (the "Federal Action") and in the action captioned *Lioubinine v. Arrival*, Index No. 651783/2022 (Sup. Ct. N.Y. Cnty.) (the "State Securities Action," and together with the Federal Action, the "Actions"), is entered into among (i) Lead Plaintiff Mostaco Corp. and named Plaintiff Salvatore Fiorellino in the Federal Action (the "Federal Plaintiffs"), and Plaintiff Alexandre Lioubinine in the State Securities Action (the "State Securities Plaintiff" and, together with the Federal Plaintiffs,

1

"Plaintiffs") on behalf of themselves and each of the Settlement Class Members, and (ii) Defendants CIIG Management LLC ("CIIG Management"), Tim Holbrow, Michael Abelson, Avinash Rugoobur, Michael Anatolitis, Gilles Dusemon, Csaba Horvath, Alain Kinsch, Kristen O'Hara, Jae Oh, Peter Cuneo, Gavin Cuneo, Michael Minnick, UBS Securities LLC ("UBS"), Barclays Capital Inc. ("Barclays"), and Cowen and Company, LLC ("Cowen")[1] (altogether, the "Settling Defendants," and with Plaintiffs, the "Settling Parties"),[2] by and through their respective counsel of record in the Actions. This Stipulation is intended to fully, finally, and forever resolve, discharge, and settle all Settlement Class Claims against the Settling Defendants and the Released Claims subject to the approval of the United States District Court for the Eastern District of New York (the "Court") and the terms and conditions as set forth herein.[3]

## I.    THE LITIGATION

The Actions are putative class actions alleging claims under the federal securities laws. For purposes of this Settlement only, the Settlement Class is defined in Section II.B herein, and the Settling Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become Final.

---

[1] Pursuant to an acquisition completed on March 1, 2023, Cowen was acquired by Toronto Dominion Holdings (U.S.A.) Inc. In December 2024, Cowen formally merged into TD Securities (USA) LLC, a wholly-owned subsidiary of Toronto Dominion Holdings (U.S.A.) Inc. The surviving entity in the merger was TD Securities (USA) LLC, and Cowen no longer exists as a separate entity. As a result, TD Securities (USA) LLC is the successor to Cowen.

[2] Excluded from the Settlement are Defendants Denis Sverdlov ("Sverdlov") and Kinetik S.à.r.l. ("Kinetik"). Plaintiffs, the Settling Defendants, Arrival, CIIG Merger Corp. ("CIIG"), now known as Arrival Vault US, Inc., Denis Sverdlov, and Kinetik are collectively referred to as the Parties.

[3] All capitalized terms not otherwise defined shall have the meaning ascribed to them in Section II.B herein.

## A.    Procedural History of the Federal Action

The Federal Action began on January 12, 2022, when Miguel A. Sanchez filed a putative securities fraud class action complaint in this Court against Defendants Arrival, Denis Sverdlov, Tim Holbrow, Michael Ableson, and Avinash Rugoobur, alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Dkt. No. 1.

On April 15, 2022, Magistrate Judge Roanne L. Mann appointed Mostaco Corp. as Lead Plaintiff and appointed The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel in the Federal Action. Dkt. No. 39.

On September 12, 2022, the Federal Plaintiffs filed their First Amended Complaint against Defendants Arrival, CIIG, CIIG Management, Denis Sverdlov, Tim Holbrow, Michael Ableson, Avinash Rugoobur, Michael Anatolitis, Gilles Dusemon, Csaba Horvath, Alain Kinsch, Kristen O'Hara, Jae Oh, P. Cuneo, Gavin Cuneo, Michael Minnick, UBS, Barclays, Cowen, and Kinetik, alleging claims arising under Sections 10(b), 20(a), and 14(a) of Exchange Act, as well as claims arising under Sections 11, 15, and 12(a)(2) of the Securities Act of 1933 (the "Securities Act"). Dkt. No. 47.

On November 10, 2022, Arrival, Michael Ableson, Peter Cuneo, Tim Holbrow, Kristen O'Hara, Avinash Rugoboor, and Denis Sverdlov filed a letter motion requesting a pre-motion conference (Dkt. No. 63), Barclays and UBS filed a letter motion requesting a pre-motion conference (Dkt. No. 64), Cowen filed a letter motion requesting a pre-motion conference (Dkt. No. 65), and Gavin Cuneo and Michael Minnick filed a letter motion requesting a pre-motion conference (Dkt. No. 67).

On November 18, 2022, the Federal Plaintiffs filed separate responses to each of the letter motions requesting a pre-motion conference. Dkt. Nos. 73-76.

On November 21, 2022, the Federal Action was reassigned to Magistrate Judge Peggy Kuo. Minute Entry 11/21/2023.

On January 6, 2023, Magistrate Judge Kuo held a pre-motion hearing by telephone. Minute Entry 1/9/2023.

Following the pre-motion conference, the Court set a briefing schedule governing Defendants' motions to dismiss. Minute Entry 1/9/2023.

On February 13, 2023, Plaintiffs filed a Stipulation and Proposed Order governing Filing of Second Amended Complaint in the Federal Action, which this Court so-ordered on February 14, 2023. Dkt. No. 92; Minute Entry 2/14/2023.

On February 14, 2023, the Federal Plaintiffs filed the Second Amended Complaint in the Federal Action. Dkt. No. 93. The Federal Plaintiffs assert claims under the Securities Act and Exchange Act based on, among other things, alleged material misstatements or omissions in a Proxy Statement dated February 21, 2021 (the "Proxy") and other public statements in connection with the business combination through which Arrival "[became] a publicly traded company by merging with [CIIG]" (the "Business Combination"). *Id.* ¶¶ 3-4; *see also id.* ¶¶ 102-11. The Federal Plaintiffs allege material misrepresentations or omissions with respect to Arrival's technological capabilities (*see, e.g.*, *id.* ¶¶ 421-22), projected production timelines (*see, e.g.*, *id.* ¶¶ 416-20), projected annual vehicle production volumes (*see, e.g.*, *id.* ¶¶ 418-20), and projected revenues and gross profit (*see, e.g.*, *id.* ¶¶ 410-14), among other things.

On March 9, 2023, all Defendants, other than Defendant Oh, served five separate Motions to Dismiss the Second Amended Complaint in the Federal Action. Dkt. Nos. 101-102 (letters to court regarding service).

4

On May 23, 2023, the Federal Plaintiffs served five separate Opposition briefs to the respective Motions to Dismiss. Dkt. No. 105 (letter to court attaching service emails).

On June 22, 2023, all Defendants, other than Defendant Oh, served five separate reply briefs and filed the fully briefed motions to dismiss pursuant to this Court's bundling rule. Dkt. Nos. 107-113.

On July 6, 2023, Defendant Oh filed a Motion for Joinder in Pending Certain Defendants Motion to Dismiss the Federal Action. Dkt. No. 118. The next day the Court construed the filing as a Motion to Dismiss. Minute Entry 7/7/2023. On July 20, 2023, the Federal Plaintiffs filed their Opposition brief to Defendant Oh's Motion to Dismiss. Dkt. No. 12. On July 27, 2023, Defendant Oh filed his reply brief. Dkt. No. 130.

On July 10, 2023, the Federal Plaintiffs filed a Motion to Strike or in the Alternative for Leave to File a Sur-Reply Related to Arrival Defendants' Reply (Dkt. No. 119) and a Motion to Strike or in the Alternative for Leave to File a Sur-Reply Related to Barclays's and UBS's Reply (Dkt. No. 121). On July 11, 2023, the Court granted the Federal Plaintiffs' motions for leave to file sur-replies. Minute Entry 7/11/2023. The Court did not grant the Federal Plaintiffs' motions to strike. *Id.*

On July 20, 2023, certain Defendants filed a letter motion for leave to file a response to the Federal Plaintiffs' Sur-Reply and in Further Support of their Motion to Dismiss (Dkt. No. 128), and Barclays and UBS filed a letter motion for leave to file a response to the Federal Plaintiffs' Sur-Reply (Dkt. No. 129), both of which the Court denied. Minute Entry 7/21/2023.

On January 30, 2024, Barclays and UBS filed a Letter Providing Notice of Supplemental Authority. Dkt. No. 131.

On February 7, 2024, the Federal Plaintiffs filed a letter response to Barclays's and UBS's Letter Providing Notice of Supplemental Authority. Dkt. No. 132.

On March 11, 2024, certain Defendants filed a Letter responding to the Federal Plaintiffs' February 7, 2024 letter. Dkt. No. 133.

## B.    New York State Court Action

The State Securities Action began on April 8, 2022, when the State Securities Plaintiff filed a putative class action complaint in the New York State Supreme Court, New York County, against Arrival, Denis Sverdlov, Tim Holbrow, Michael Anatolitis, Gilles Dusemon, Csaba Horvath, Michael Ableson, Avinash Rugoobur, Peter Cuneo, Alain Kinsch, Kristen O'Hara, and Jae Oh asserting claims under Section 11, 12(a)(2) and 15 of the Securities Act, captioned *Lioubinine v. Arrival SA, et al.*, Index No. 651783/2022. NYSCEF Doc. No. 1. Mr. Lioubinine is represented by Bernstein, Litowitz, Berger & Grossmann LLP and Kaskela Law ("State Securities Plaintiffs' Counsel" and together with Lead Counsel, "Plaintiffs' Counsel").

On August 12, 2022, the State Securities Plaintiff filed an amended complaint against Defendants Arrival, Denis Sverdlov, Avinash Rugoobur, Michael Abelson, Tim Holbrow, Peter Cuneo, Michael Anatolitis, Gilles Dusemon, Csaba Horvath, Alain Kinsch, Kristen O'Hara, Jae Oh, CIIG, UBS, Barclays, and Cowen, alleging claims arising under Sections 11, 15, and 12(a)(2) of the Securities Act. NYSCEF Doc. No. 9. The State Securities Plaintiff alleges material misrepresentations or omissions with respect to Arrival's technological capabilities (*see, e.g.*, *id.* ¶¶ 120-28), projected production timelines (*see, e.g.*, *id.* ¶¶ 110-19), projected annual vehicle production volumes (*see, e.g.*, *id.* ¶¶ 115, 118) and projected revenues and gross profit (*see, e.g.*, *id.* ¶¶ 136-42), among other things. The claims in the State Securities Action are based on the same set of operative facts as the claims in the Federal Action.

On October 5, 2022, defendants in the State Securities Action filed an Application by Order to Show Cause to Stay. NYSCEF Doc. No. 17. The Application by Order to Show Cause to Stay explained that the Federal Action asserted substantially similar claims against certain defendants in the State Securities Action. *Id.* The Application by Order to Show Cause to Stay also explained that, on February 22, 2022, State Securities Plaintiffs' Counsel filed on behalf of the State Securities Plaintiff a motion for appointment as lead plaintiff in the Federal Action and later filed a Notice of Non-Opposition with respect to pending motions for appointment as lead plaintiff in the Federal Action. *Id.*

On February 17, 2024, the court in the State Securities Action stayed the State Securities Action pending resolution of the Federal Action, given the substantial overlap between the two actions. NYSCEF Doc. No. 61.

### C.    The Delaware Chancery Court Action

On March 22, 2024, Plaintiffs Jack Hardy and Ahuva Schachter ("Delaware Plaintiffs") filed a putative class action in the Delaware Chancery Court ("Delaware Court") on behalf of stockholders of CIIG Merger alleging breaches of fiduciary duty against defendants Peter Cuneo, Gavin Cuneo, Michael Minnick, David Flowers, Chris Rogers, Kenneth P. West, Kristen M. O'Hara, Denis Sverdlov, and Tim Holbrow captioned, *Hardy v. Cuneo, et al.*, C.A. 2024-0297-JTL (Del. Ch.) (the "Delaware Action"). The Delaware Plaintiffs assert claims under Delaware state law based on alleged material misstatements or omissions in the Proxy in connection with the Business Combination. Verified Am. Class Action Compl. ¶¶ 126-30, 137-40, 143-47, *Hardy v. Cuneo, et al.*, C.A. No. 2024-0297-JTL (Del. Ch. Jan. 8. 2025). The Delaware Plaintiffs allege material misrepresentations or omissions with respect to Arrival's technological capabilities (*see, e.g., id.* ¶¶ 81-82, 87), projected production timelines (*see, e.g., id.* ¶¶ 84-85, 87), projected annual vehicle production volumes (*see, e.g., id.* ¶¶ 92-93) and projected revenues and gross profit (*see,*

*e.g.*, *id.* ¶¶ 86-87), among other things. The claims in the Delaware Action are based on the same set of operative facts as the claims in the Federal Action and the State Securities Action. The Delaware Plaintiffs are represented by the law firm Robbins, Geller, Rudman & Dowd LLP ("Delaware Plaintiffs' Counsel"). Delaware Plaintiffs' Counsel sought appointment as lead counsel in the Federal Action (Dkt. No. 13) but withdrew their motion following this Court's order appointing Mostaco Corp. as Lead Plaintiff and Rosen Law as Lead Counsel. Dkt. No. 40.

### D.    Bankruptcy Proceedings

On June 11, 2024, certain Defendants filed a letter with the Court informing it that: (1) on May 16, 2024, Arrival filed a bankruptcy petition with the Tribunal d'Arrondissement de et à Luxembourg of Luxembourg (the "Luxembourg Court"); and (2) on May 22, 2024, the Luxembourg Court rendered a judgment declaring Arrival bankrupt. Dkt. No. 136.

### E.    Settlement Negotiations

On September 24, 2024, the parties informed the Court of their intention to hold a mediation on November 12, 2024. Dkt. No. 137.  Pursuant to the Court's Order (Dkt. No. 138), the Parties informed the Court that all non-bankrupt entity defendants in the Federal Action would be participating in the mediation. Dkt. No. 139. The parties also informed the Court that Gavin Cuneo and Michael Minnick were still considering whether to participate in the mediation and that all other individual defendants intended to participate. *Id.*

On November 12, 2024, the parties in the Federal Action and the State Securities Action participated in a mediation with Mr. David Murphy, Esq. of Phillips ADR. While the Settling Parties did not reach an agreement at the mediation, the Settling Parties continued negotiating in the months following the mediation with the assistance of Mr. Murphy. *See* Dkt. Nos. 140-148, 153-154.

On March 18, 2025, the Settling Parties informed the Court that they had reached an

8

agreement in principle subject to certain terms and conditions. Dkt. No. 155.

### F.    Plaintiffs' Assessment of the Claims and Benefits of Settlement

While Plaintiffs believe that the claims asserted in the Actions have merit, Plaintiffs and Plaintiffs' Counsel recognize the substantial risk that all of Plaintiffs' claims will not succeed at summary judgment and trial. Plaintiffs and Plaintiffs' Counsel are mindful of inherent problems of proof, possible defenses to the violations asserted in the Actions, possible limitations on damages, and practical impediments to judgment enforcement against Defendants, including those based abroad. Plaintiffs and Plaintiffs' Counsel, based upon their thorough evaluation, believe that the settlement set forth in this Stipulation is in the best interests of the Settlement Class Members and that it confers substantial benefits upon Settlement Class Members. Plaintiffs and Plaintiffs' Counsel shall use their best efforts to obtain final Court approval of the Settlement.

### G.    Settling Defendants' Denials of Wrongdoing and Liability

Settling Defendants have denied, and continue to deny, *inter alia*, that they engaged in any wrongdoing of any kind, including, without limitation, that they committed any act or omission giving rise to any liability or violation of the law. Specifically, Settling Defendants have denied, and continue to deny, each and all of the claims and contentions alleged in the Actions, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions. Settling Defendants have denied, and continue to deny, that they violated or breached any law, regulation or duty owed to Plaintiffs or the Settlement Class, failed to disclose any material information to investors that was required to be disclosed, acted in any deceitful manner, that their public statements were false or misleading, or that Plaintiffs and the Settlement Class suffered any damages or were harmed by the conduct alleged in the Actions. Settling Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law. In

9

addition, Settling Defendants maintain that they have meritorious defenses to all of the claims alleged in the Actions.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed as, deemed to be evidence of, or constitute an admission or finding of, any violation, fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Settling Defendants have, or could have, asserted in the Federal Action or the State Securities Action. Settling Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Settling Defendants have concluded that it is desirable and beneficial that the Released Claims be fully and finally settled and that the Actions be terminated as to the Settling Defendants in the manner and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Settling Defendants, by and through their respective undersigned counsel or attorneys of record, that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Actions and the Released Claims shall be finally and fully compromised, settled and released, and the Actions shall be dismissed with prejudice, as to all Settling Defendants, Arrival, and CIIG, upon and subject to the terms and conditions of this Stipulation.

### B.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Actions" means, collectively, the Federal Action and the State Securities Action.

10

1.1     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2     "CAFA Notice" means the notice of the Settlement that counsel for Defendants shall serve pursuant to section 1715 of Title 28 of the United States Code.

1.3     "Claimant" means a Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4     "Claims Administrator" means Strategic Claims Services ("SCS"), the firm retained by Lead Counsel to administer the Settlement, including by sending a mailed Postcard Notice to Settlement Class Members in the form of Exhibit A-4 hereto, or emailing Notice to Settlement Class Members, arranging for publication of Notice in the form of Exhibits A-1 and A-3 hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.5     "Class Period" means the period from November 18, 2020, through November 19, 2021, both dates inclusive.

1.6     "Court" means the United States District Court for the Eastern District of New York.

1.7     "Defendants" means Arrival, CIIG, CIIG Management, Tim Holbrow, Michael Abelson, Avinash Rugoobur, Michael Anatolitis, Gilles Dusemon, Csaba Horvath, Alain Kinsch, Kristen O'Hara, Jae Oh, Peter Cuneo, Gavin Cuneo, Michael Minnick, UBS, Barclays, Cowen, Denis Sverdlov, and Kinetik S.à.r.l.

1.8     "Defendant Claims" means any and all counterclaims and bases for relief, whether known or Unknown Claims, that the Released Parties could have raised in the Actions against

Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Member, whether arising under state, federal, common, or foreign law, which arise out of or are related to the commencement and prosecution of the Actions except for claims relating to enforcement of the Settlement.

1.9     "Delaware Action" means the case captioned *Jack Hardy and Ahuva T. Schachter v. F. Peter Cuneo, et al.*, Case No., 2024-0297 pending in the Delaware Chancery Court

1.10     "Delaware Plaintiffs" means Ahuva Schachter and Jack Hardy.

1.11     "Delaware Court" means the Delaware Chancery Court.

1.12     "Delaware Plaintiffs' Counsel" means Robbins Geller Rudman & Dowd LLP.

1.13     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met.

1.14     "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.15     "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.16     "Federal Action" means this case captioned *In re Arrival SA, et al. Securities Litigation*, Case No. 22-cv-00172-NRM-PK (E.D.N.Y.), pending in this Court, and including any and all complaints filed in the Federal Action.

1.17     "Federal Plaintiffs" means Lead Plaintiff Mostaco Corp. and named Plaintiff Salvatore Fiorellino in the Federal Action.

1.18     "Fee and Expense Application" shall have the definition as set forth herein in ¶ 7.0, *infra*.

12

1.19    "Fee and Expense Award" shall have the definition as set forth herein in ¶ 7.1, *infra*.

1.20    "Final," with respect to:

a.    this Settlement, means that: (1) the Court has entered an order finally approving the Settlement in all material respects, including but not limited to certifying the Settlement Class defined herein for settlement purposes only, approving the scope of the Releases set forth herein, and entering the Judgment; (2) the time to file any motion to alter or amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure in the Federal Action has expired without any such motion having been filed; and (3) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review; however, the Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of a Fee and Expense Award to Lead Counsel or compensatory award to Plaintiffs or any appeals solely related thereto;

b.    an order of the court in the State Securities Action or the Delaware Action as to the Settling Defendants dismissing or declining to dismiss the State Securities Action or the Delaware Action means that: (1) the time to move for reconsideration or appeal the order dismissing or declining to dismiss has expired or (2) the order dismissing or declining to dismiss has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review.

1.21    "Cash Settlement Amount" means the eleven million, two hundred and seventy-

13

five thousand dollars ($11,275,000) used to settle the Actions.

1.22 "Cash Settlement Reserve Amount" means the two million dollars ($2,000,000), set aside to be used to pay the Settling Defendants' reasonable legal fees and costs associated with: (1) the Delaware Action as to the Released Parties, including, but not limited to, seeking to obtain a stay of the Delaware Action as to the Released Parties and dismissal of the Delaware Action with prejudice as to the Released Parties; (2) defending any objections to the Settlement, including, but not limited to, objections brought by Delaware Plaintiffs, Delaware Plaintiffs' Counsel, or related to the Delaware Action, in the Federal Action; and/or (3) obtaining final approval of this Settlement; provided, however, that the Released Parties collectively shall not seek payment or reimbursement from insurers of the Individual Settling Defendants for any legal fees or costs as identified in 1.22(1)–(3) in excess of $2,000,000; and further provided that expenses incurred in the ordinary course of settlement negotiations and obtaining approval that are not related to objections or potential objections to the Settlement by the Delaware Plaintiffs or the Delaware Plaintiffs' failure to participate in this Settlement are excluded from in the Cash Settlement Reserve Amount.

1.23 "Cash Settlement Reserve Remainder Amount" means the monies remaining from the Cash Settlement Reserve Amount after payment of Settling Defendants' reasonable legal fees associated with: (1) the Delaware Action as to the Released Parties, including, but not limited to, seeking to obtain a stay of the Delaware Action as to the Released Parties and dismissal of the Delaware Action with prejudice as to the Released Parties; (2) defending any objections to the Settlement, including, but not limited to, objections brought by Delaware Plaintiffs, Delaware Plaintiffs' Counsel, or related to the Delaware Action, in the Federal Action; and/or (3) obtaining final approval of this Settlement; provided, however, that expenses incurred in the ordinary course

of settlement negotiations and obtaining approval that are not related to objections or potential objections to the Settlement by the Delaware Plaintiffs or the Delaware Plaintiffs' failure to participate in this Settlement are excluded from in the Cash Settlement Reserve Amount.

1.24    "Controlling Person" means a person who holds a majority voting power in, or possesses the power to direct the actions of or to exercise control over, the general or daily operations of, a company or other business entity.

1.25    "Individual Settling Defendants" means Tim Holbrow, Michael Abelson, Avinash Rugoobur, Michael Anatolitis, Gilles Dusemon, Csaba Horvath, Alain Kinsch, Kristen O'Hara, Jae Oh, Peter Cuneo, Gavin Cuneo, and Michael Minnick. Individual Settling Defendants specifically excludes Denis Sverdlov.

1.26    "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit B or in similar form adopted by the Court.

1.27    "Lead Counsel" means The Rosen Law Firm, P.A.

1.28    "Net Settlement Fund" means the Cash Settlement Amount plus the Cash Settlement Reserve Remainder Amount less any Taxes and Tax Expenses, any Fee and Expense Award, any compensatory award to Plaintiffs approved by the Court, and Notice and Administration Costs.

1.29    "Notice" means collectively, the Notice of Pendency and Proposed Partial Settlement of Class Actions ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made

15

available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.30    "Notice and Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing the Postcard Notice and publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Postcard Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting claims from Settlement Class Members, assisting with the filing of claims, processing Proof of Claim and Release Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.31    "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, association, joint stock company, joint venture, limited liability company or corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and for each of them their respective heirs, successors-in-interest, or assigns.

1.32    "Plaintiffs' Counsel" means Lead Counsel and State Securities Plaintiffs' Counsel.

1.33    "Plaintiffs" means Federal Plaintiffs and State Securities Plaintiff.

1.34    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Plaintiffs' Counsel in their sole discretion, subject to the approval of the Court. Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.35    "Preliminary Approval Order" means an order by the Court (substantially in the form of Exhibit A) that will, inter alia, (1) grant preliminary approval to the Settlement; (2) certify the Settlement Class for settlement purposes only; (3) authorize dissemination of notice to the Settlement Class substantially in the form of Exhibits A-1, A-3, and A-4 hereto, along with provision of a Proof of Claim and Release Form substantially in the form of Exhibit A-2; and (4) schedule the Settlement Fairness Hearing.

1.36    "Postcard Notice" means the postcard notice to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-4, and which shall contain information relating to, among other things, how to access the Long Notice, Stipulation, and file a Proof of Claim.

1.37    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.38    "Related Parties" means each of Arrival, CIIG, and each Settling Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or

17

investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Settling Defendant has or had a controlling interest, any family member of an individual defendant, any trust of which any Settling Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Settling Defendants. Related Parties specifically excludes Denis Sverdlov and Kinetik.

1.39    "Released Claims" means the Settlement Class Claims and the Defendant Claims.

1.40    "Released Parties" means Arrival, CIIG, Settling Defendants, and each and all of their Related Parties and Settling Defendants' Counsel. Released Parties specifically excludes Denis Sverdlov and Kinetik.

1.41    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 5.0–5.3.

1.42    "Settlement" means the settlement contemplated by this Stipulation.

1.43    "Settlement Amount" means the Cash Settlement Amount plus the Cash Settlement Reserve Remainder Amount, offered for a full and complete settlement of all Released Claims being paid by Settling Defendants or Settling Defendants' insurance carrier(s) in the amount of at least eleven million two hundred and seventy-five thousand dollars ($11,275,000).

1.44    "Settlement Class" means, for purposes of this Settlement only, all Persons who: (1) purchased or otherwise acquired the publicly traded securities of CIIG and/or Arrival during the Class Period and have suffered compensable damages thereby; and/or (2) beneficially owned

and/or held common stock of CIIG, eligible to vote at CIIG's special meeting and/or to redeem their CIIG stock prior to the closing of the Business Combination. Excluded from the Settlement Class are: (1) Defendants; (2) the present and former officers and directors of Arrival and/or CIIG, and/or CIIG Management; (3) members of such excluded persons' immediate families; (4) the legal representatives, heirs, successors, or assigns of any such excluded person or entity; and (5) any entity in which any of the Defendants, or any person excluded under this subsection, has or had a majority interest during the Class Period. Also excluded from the Settlement Class are those Persons who: (1) suffered no compensable losses; or (2) submit valid and timely a request for exclusion in accordance with the Preliminary Approval Order.

1.45    "Settlement Class Claims" means any and all claims, rights, demands, losses, suits, liabilities, or causes of action whether individual or class, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, including both known and Unknown Claims, alleged or that could have been alleged by Plaintiffs or any Settlement Class Member or their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacities as such, whether brought directly, indirectly, or derivatively against Arrival, CIIG, Settling Defendants or against any other of the Released Parties in any court of competent jurisdiction or any other adjudicatory tribunal that (1) directly or indirectly arise out of, are based upon, in any way related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts, claims, omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Federal Action, the State Securities Action, or the Delaware Action, or (2) otherwise would have been barred by *res judicata* had the Federal

Action, the State Securities Action, or the Delaware Action been fully litigated to a final judgment; or (3) arise out of, are based upon, or in any way relate, directly or indirectly to (a) the holding of any Arrival and/or CIIG securities as of CIIG's redemption deadline or date of CIIG's special meeting (as those terms are used in the Second Amended Complaint in the Federal Action and the operative complaint in the Delaware Action), or (b) the purchase, acquisition, holding, exchange, redemption, vote, sale or disposition of any Arrival and/or CIIG securities during the Class Period; provided, however, that Settlement Class Claims do not include: (1) any claims relating to the enforcement of the Settlement; or (2) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

1.46    "Settlement Class Member" means a Person that is a member of the Settlement Class.

1.47    "Settlement Distribution Order" means the Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class Members; approving of any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.48    "Settlement Fairness Hearing" means a hearing to be held before the Court to determine whether the proposed Settlement of the Federal Action on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Plaintiffs' Counsel for their efforts and any compensatory awards that should be awarded to Plaintiffs for their service to the

Settlement Class; to hear any objections by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Plaintiffs' Counsel or compensatory award to Plaintiffs; and to consider such other matters as the Court may deem appropriate.

1.49    "Settlement Fund" means the Cash Settlement Amount plus the Cash Settlement Reserve Remainder Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition.

1.50    "Settling Defendants" means CIIG Management, Tim Holbrow, Michael Abelson, Avinash Rugoobur, Michael Anatolitis, Gilles Dusemon, Csaba Horvath, Alain Kinsch, Kristen O'Hara, Jae Oh, Peter Cuneo, Gavin Cuneo, Michael Minnick, UBS, Barclays, and Cowen. Settling Defendants specifically excludes Denis Sverdlov and Kinetik.

1.51    "Settling Defendants' Counsel" means Skadden, Arps, Slate, Meagher & Flom LLP, Foley Hoag LLP, Allen Overy Shearman & Sterling US LLP, Goodwin Procter LLP, and Schulte Roth & Zabel LLP.

1.52    "Settling Parties" means Plaintiffs on behalf of themselves and the Settlement Class Members, and Settling Defendants.

1.53    "State Securities Action" means the case captioned *Lioubinine v. Arrival, et al.*, Index No. 651783/2022 (Sup. Ct. N.Y. Cnty.), pending in New York Supreme Court, New York County.

1.54    "State Securities Plaintiff" means Alexandre Lioubinine.

1.55    "State Securities Plaintiffs' Counsel" means Bernstein Litowitz Berger & Grossmann LLP, and Kaskela Law LLP.

1.56    "Summary Notice" means the Summary Notice of Pendency and Proposed Partial Settlement of Class Actions to be published on a national business newswire, substantially in the form attached as Exhibit A-3.

1.57    "Taxes" and "Tax Expenses" means: (1) all federal, state, and/or local taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind imposed by any governmental authority arising with respect to any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (ii) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.9 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.58    "Unknown Claims" or "unknown" in reference to Released Claims means and includes: (1) any and all Settlement Class Claims that Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, or might have affected his, her, or its decision not to object to this Settlement or seek exclusion from the Settlement Class; and (2) any and all Defendant Claims that any Settling Defendant or Released Party does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to the Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Settling Defendants shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States or principle

22

of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Settling Defendants, and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or they now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, and the Released Parties shall expressly, fully, finally, and forever settle and release any and all Settlement Class Claims and Defendant Claims, as applicable, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Settlement Class Members and the Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims was separately bargained for and a material element of the Settlement.

## C.    The Settlement

### a.    Settlement Amount

2.0    In consideration of the full and final settlement of the Settlement Class Claims, Barclays, UBS, Cowen, and the insurers of the Individual Settling Defendants on behalf of the Individual Settling Defendants shall pay or cause to be paid:

(a)    The Cash Settlement Amount to the Escrow Agent for deposit into the Escrow Account within forty-five (45) days after the later of: (1) the Court granting Preliminary Approval of the Settlement; or (2) transmission to Settling Defendants' Counsel of complete payment instructions, including the bank name and ABA routing number, and a signed Form W-9 providing the tax identification number for the Escrow Account; and

(b)    The Cash Settlement Reserve Remainder Amount to the Escrow Agent for the deposit into the Escrow Account within fifteen (15) business days after the later of: (1) approval by the Court of the Settlement, (2) the Delaware Court dismissing the Delaware Action and that dismissal as to the Settling Defendants becoming Final; or (3) the court in the State Securities Action dismissing the State Securities Action as to the Settling Defendants and that dismissal becoming Final.

Settling Defendants' obligations to pay or cause to be paid the Settlement Amount shall be several and not joint and are subject to allocation among them pursuant to an agreement of allocation among the Settling Defendants. The Individual Settling Defendants' contribution to the Settlement Amount shall be paid by their insurers, and nothing in this Stipulation creates or shall be construed to create any obligation of any of the Individual Settling Defendants to pay any sum personally. If for any reason the Effective Date does not occur, the Settlement Amount and interest thereon will be returned to the Settling Defendants, less the actual costs of Notice incurred.

24

2.1    The Settling Defendants' sole financial obligation to Plaintiffs, the Settlement Class Members and Lead Counsel under this Stipulation shall be as set forth in § 2.0, and under no circumstances shall Defendants have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement. All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead Counsel, and any compensatory award to Plaintiffs as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

2.2    Plaintiffs, Plaintiffs' Counsel, and the Settlement Class shall not bear any responsibility for or liability related to the investment of the Cash Settlement Reserve Amount by Settling Defendants.

2.3    At the written direction of Lead Counsel, the Cash Settlement Amount and Cash Settlement Reserve Remainder Amount shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either: (1) fully insured by the Federal Deposit Insurance Corporation; or (2) secured by instruments backed by the full faith and credit of the United States Government. At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Settling Defendants, Settling Defendants' Counsel, and the Released Parties shall not bear any responsibility for or liability related to the investment of the Cash Settlement Amount and Cash Settlement Reserve Remainder Amount by the Escrow Agent.

b.    **Handling and Disbursement of Funds**

2.4    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Settling Defendants' Counsel and Lead Counsel. The Settling Defendants, Settling Defendants' Counsel, and the Released Parties have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Settling Defendants, Settling Defendants' Counsel, and the Released Parties harmless for any transaction executed by the Escrow Agent.

2.5    No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.7-2.8 regarding Notice and Administration Costs, ¶ 2.9 regarding Taxes and Tax Expenses, and ¶ 7.1 regarding Attorneys' Fees and Expenses.

2.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court. Upon the Effective Date and thereafter, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Released Parties.

c.    **Notice and Administration Costs**

2.7    At any time after entry of the Preliminary Approval Order, Lead Counsel may, without further approval from the Court or Settling Defendants, disburse up to two hundred thousand dollars ($200,000) from the Settlement Fund to pay reasonable and necessary Notice and

26

Administration Costs prior to the Effective Date. After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional, reasonable, and necessary additional Notice and Administration Costs without further order of the Court.

2.8    Plaintiffs and Plaintiffs' Counsel, Settling Defendants and Settling Defendants' Counsel, and the Released Parties shall not bear any liability for Notice and Administration Costs.

d.    **Taxes**

2.9    The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)    The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.9, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.9(a)) shall be consistent with this ¶ 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes and Tax Expenses relating to the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court but shall not be considered or treated as part of the Notice and Administration Costs.

(e)     Settling Defendants, Settling Defendants' Counsel, the Released Parties, Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel shall have no liability or responsibility for Taxes and Tax Expenses. The Escrow Agent shall indemnify and hold Settling Defendants, Settling Defendants' Counsel, the Released Parties, Plaintiffs, the Settlement Class Members, and Plaintiffs' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). Neither Settling Defendants, Settling Defendants' Counsel, Released Parties, Plaintiffs, the Settlement Class Members, nor Plaintiffs' Counsel are responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.9.

e.    **Termination of Settlement**

2.10    Settling Defendants shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to Lead Counsel within ten (10) business days of: (1) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (2) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (3) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; (4) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (5) the court (including any appellate court) in the State Securities Action issuing an order declining to dismiss the State Securities Action with prejudice as to the Settling Defendants and that order becoming Final; or (6) the court (including any appellate court) in the Delaware Action issuing an order declining to dismiss the Delaware Action with prejudice as to the Settling Defendants and that order becoming Final. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award to Plaintiffs shall not be considered material to this Stipulation and shall not be grounds for termination.

2.11    Plaintiffs shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to Settling Defendant's Counsel within ten (10) business days of: (1) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (2) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (3) the Court's declining to enter the Judgment in any material respect as to Defendants without leave to amend and resubmit; or (4) the date upon

29

which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award shall not be considered material to this Stipulation and shall not be grounds for termination.

2.12    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.0 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Settling Defendants, shall have the right in their sole discretion to: (1) terminate the Settlement; or (2) apply to the Court to enforce the terms of the Settlement and this Stipulation, but only if (i) Lead Counsel has first notified Settling Defendants' Counsel in writing of Plaintiffs' intent to terminate or pursue a judgment pursuant to this paragraph and (ii) the entire Settlement Amount is not deposited in the Escrow Account within ten (10) business days after Lead Counsel has provided such written notice.

2.13    If, before the Settlement Fairness Hearing, any persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such persons in the aggregate have purchased or acquired a number of securities during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Settling Parties, Settling Defendants shall have the option to terminate the Settlement and this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises among the Settling Parties concerning its interpretation or application. If

submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court in camera or filed under seal.

2.14    If (i) Settling Defendants exercise their right to terminate the Settlement as provided in this Stipulation, or (ii) Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect (except for ¶¶ 2.10, 2.11, 2.12, 2.13, 8.3, 8.4, 8.5, 9.1, 9.16);

(b)    The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice and Administration Costs pursuant to ¶ 2.7 above shall be refunded by check or wire transfer within fifteen (15) calendar days to the part(ies) that made such payments in accordance with the instructions to be provided by Settling Defendants' counsel; and

(c)    The Settling Parties shall revert to their respective positions in the Federal Action and State Securities Actions as of November 15, 2024.

**D.    Class Certification**

3.0    For the sole purpose of this Settlement, the Settling Parties hereby stipulate, agree, and consent to: (1) certification of the Federal Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (2) appointment of Plaintiffs as class representatives; and (3) appointment of Lead Counsel as Class Counsel pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Plaintiffs, with Settling Defendants' consent, shall apply to the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto, which will certify the Federal Action to proceed as a class action for settlement purposes only. The

certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

3.1    The Settling Parties' agreement as to certification of the Federal Action is solely for purposes of effectuating a settlement and for no other purpose. Settling Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to become effective. The Settling Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to become effective, this agreement as to certification of the Federal Action becomes null and void ab initio, and this Stipulation or any other settlement-related statement may not be cited regarding class certification, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

**E.    Preliminary Approval Order**

4.0    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall request entry of the Preliminary Approval Order.

4.1    The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Plaintiffs' Counsel and a compensatory award to Plaintiffs; the date of the Settlement Fairness Hearing; Settlement Class Members' rights to opt

out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation, Long Notice, Proof of Claim and Release Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

4.2    Within ten (10) business days after the Court enters a Preliminary Approval Order, Settling Defendants (except Barclays, UBS, and Cowen) shall make a good faith effort to assist the Claims Administrator in obtaining, from Arrival and/or CIIG's transfer agents, at no cost to Plaintiffs or Plaintiffs' Counsel, records of ownership, to the extent reasonably available, to identify Settlement Class Members, recognizing that Arrival is in bankruptcy and CIIG the subject of an assignment for the benefit of creditors.

**F.    Releases**

5.0    The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Actions as to Settling Defendants, the Released Parties, and any and all Released Claims.

5.1    Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund) on behalf of themselves, anyone claiming through or on behalf of any of them, their personal representatives, heirs, executors, administrators, successors, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Settlement Class Claims, and shall be deemed by this Settlement to, and shall be forever barred and enjoined from commencing, instituting, assisting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims.

5.2     Upon the Effective Date of this Settlement, and as a material condition of the dismissal with prejudice of the Actions, the Settling Defendants, on behalf of themselves, their personal representatives, heirs, executors, administrators, successors, and assigns; any of their current or former officers and directors; and all of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Defendant Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

5.3     Nothing in the Releases shall (i) release or alter the contractual rights, if any, under the terms of any written agreement between or among Defendants, including without limitation (1) the Underwriting Agreement dated December 12, 2019, between CIIG, on the one hand, and UBS and Barclays, (2) the Engagement Letter dated October 14, 2020, between CIIG and UBS, (3) the Engagement Letter dated October 9, 2020, between CIIG, on the one hand, and UBS and Barclays, (4) the Engagement Letter dated November 16, 2020, between CIIG and Barclays, (5) the Commitment Letter dated August 7, 2020 (and as amended on March 18, 2021) between Cowen, on the one hand, and Arrival S.a.r.l.; and (6) the Undertaking Letter dated October 7, 2020, between Cowen, on the one hand, and CIIG; (ii) preclude Defendants from asserting any claims against their own insurers; or (iii) preclude any Released Party from asserting claims against Arrival or CIIG.

**G.     Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund**

6.0     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund.

6.1     The Released Parties and Settling Defendants' Counsel shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award or compensatory award to Plaintiffs. Any such awards shall be paid solely by the Settlement Fund.

6.2     The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice and Administration Costs; to pay a Fee and Expense Award to the extent allowed by the Court; to pay a compensatory award Plaintiffs to the extent allowed by the Court; and, upon court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation or the Court.

6.3     After the Effective Date, Lead Counsel, on behalf of Plaintiffs, shall apply to the Court, on notice to the Settling Defendants, for the Settlement Distribution Order. The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Distribution Order, only after the Effective Date and after: (1) all timely claims have been processed; (2) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (3) all costs of the Settlement administration have been paid. The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)     Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 hereto, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable. Copies of all requests for

35

exclusion received shall be sent to Settling Defendants' Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not more than five business (5) days after receipt thereof. Copies of all written retractions of requests for exclusion received, shall be sent to the Settling Defendants' Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than five (5) calendar days prior to the Settlement Fairness Hearing.

(ii)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release Form, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.4    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed of the Claimants, whether on the merits of the Actions or Settlement or otherwise, in conjunction with the processing of the Proofs of Claim.

6.5    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Settling Defendants, Settling Defendants' Counsel, the Released Parties, the Claims Administrator, the

36

Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Plaintiffs' Counsel, to be described in the Notice, and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions will be repeated until the balance remaining in the Net Settlement Fund is no longer economically reasonable, in Lead Counsel's discretion, to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization(s).

6.7     This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Released Parties.

6.8     Settling Defendants, Settling Defendants' Counsel, and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (1) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (2) the administration, management, investment, allocation or distribution of the Settlement Fund; (3) the Plan of Allocation; (4) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (5) any losses suffered by, or

fluctuations in the value of, the Settlement Fund; (6) the payment or withholding of any Taxes and Tax Expenses; or (7) any failure of Notice or failure to identify Settlement Class Members pursuant to ¶ 4.2 above, or any losses incurred in connection therewith. No Person shall have any claim of any kind against Settling Defendants, Settling Defendants' Counsel, or the Released Parties with respect to the matters set forth in ¶¶ 6.1-6.8 herein.

6.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

## H.    Attorneys' Fees and Expenses

7.0    Lead Counsel may submit an application or applications (a "Fee and Expense Application") for payments from the Settlement Fund for: (1) an award of attorneys' fees to Plaintiffs' Counsel; and (2) reimbursement of Plaintiffs' Counsel's actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Actions. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1    Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, solely from the Settlement Fund within three (3) business days after entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the

38

Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order. Lead Counsel will thereafter allocate a portion of the attorneys' fees to State Securities Plaintiffs' Counsel, in a manner agreed to between Lead Counsel and State Securities Plaintiffs' Counsel and which reflects the contribution of such counsel to the prosecution and resolution of the Actions. However, any payments made to State Securities Plaintiffs' Counsel shall be subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund (together with interest accrued at the same net rate as may be earned by the Settlement Fund) if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense award is reduced or reversed, or return of the Settlement Funds is required consistent with the provisions of ¶8.3 hereof. In such event, Lead Counsel and State Securities Plaintiffs' Counsel shall each, no later than thirty (30) calendar days from the event which requires repayment of any portion of the fee or expense award, refund to the Settlement Fund the portion of the fee and expense award paid to it, together with any accrued interest, in an amount consistent with such reversal or reduction, as described above. The Released Parties shall have no responsibility for any payment of attorneys' fees, costs and/or expenses to Plaintiffs, Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

7.2    If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel and State Securities Plaintiffs' Counsel shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Lead Counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses, which

39

shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3    The Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Actions.

## I.    Effect of Disapproval, Cancellation, or Termination

8.0    The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)    The Delaware Action is stayed as to the Settling Defendants pending approval by the Court of the Settlement;

(b)    Approval by the Court of the Settlement, following the period set forth for CAFA Notice, and following notice to the Settlement Class and the Settlement Fairness Hearing, as prescribed by Fed. R. Civ. P. 23;

(c)    The Cash Settlement Amount and the Cash Settlement Reserve Remainder Amount have been paid into the Settlement Fund;

(d)    The State Securities Action is dismissed with prejudice as to the Settling Defendants following final approval by the Court of the Settlement, and such dismissal has become Final;

(e)    The Delaware Action is dismissed with prejudice as to the Settling Defendants following final approval by the Court of the Settlement, and such dismissal has become Final;

40

(f)    The Settling Defendants have not exercised their option to terminate the Stipulation pursuant to the Supplemental Agreement; and

(g)    Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Settling Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

If all of the conditions specified in ¶ 8.0 herein are not met, then this Stipulation shall be canceled and terminated subject to ¶ 8.3 herein, unless Lead Counsel and the Settling Defendants' Counsel mutually agree in writing to proceed with the Settlement.

8.1    Any appeal or delay in: (1) the approval of the Plan of Allocation; (2) the consideration of any Fee and Expense Application; or (3) the granting of a compensatory award to Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.2    Upon the occurrence of the Effective Date, any and all interest or right of Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.3 hereof.

8.3    Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, no later than ten (10) business days after written notification of such event is sent by Settling Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶ 2.10 or 2.11 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶ 2.7 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 2.7 hereof, shall be refunded by the Escrow

Agent to the appropriate sources of the funds in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Settling Defendants' Counsel.

8.4     In the event this Settlement is terminated as provided in ¶¶ 2.10 or 2.11, then the terms and provisions of the Stipulation, with the exception of ¶¶ 2.10, 2.11, 2.12, 2.13, 8.3, 8.4, 8.5, 9.1, 9.16 hereof, shall have no further force and effect and shall not be used in the Federal Action, State Securities Action, or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.5     In the event this Settlement is terminated as provided in ¶¶2.10 or 2.11, Plaintiffs, Settlement Class Members, Plaintiffs' Counsel, the Claims Administrator, and the Escrow Agent shall not have any obligation to repay any Notice and Administration Costs actually and properly disbursed from the Settlement Fund. In addition, any expenses already incurred and properly chargeable to Notice and Administration Costs pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶ 8.3.

### J.     Miscellaneous Provisions

9.0     Settling Defendants deny any wrongdoing, liability or violation of law or regulation whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Settling Defendants with respect to, any claim of any fault

42

or liability or wrongdoing or damage or violation of law or regulation whatsoever, or any infirmity in any defenses that Settling Defendants have asserted or could assert in the Federal Action, the State Securities Action, or any other action.

9.1 This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a) Against any Defendant as evidence of, or construed as evidence of, any presumption, concession, or admission by any Defendant with respect to the truth of any fact alleged by Plaintiffs in the Federal Action or the State Securities Action or the validity of any claim that has been or could have been asserted against any Defendant in the Federal Action or the State Securities Action, or the deficiency of any defense that has been or could have been asserted in the Federal Action or the State Securities Action, or of any wrongdoing or liability by any of the Settling Defendants;

(b) Against any Defendant as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant;

(c) Against any Defendant, Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any Defendant, Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any Defendant, Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, Settling Defendants, Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

43

(d)     Against any Defendant as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Actions;

(e)     Against Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable in the Actions would not have exceeded the Settlement Fund;

(f)     Against Plaintiffs or any Settlement Class Member or Plaintiffs' Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by Plaintiffs in the Complaint or the Actions or of any lack of merit to the claims or the Actions or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Actions; and

(g)     As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in the Actions, except for purposes of this Settlement.

9.2     The Settling Defendants and/or their respective Released Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, offset or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.3     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs or the Settlement Class Members against Settling Defendants, Settling Defendants' Counsel, and

44

all Released Parties concerning the Settlement Class Claims and against Plaintiffs and Settlement Class Members and their counsel concerning the Defendant Claims. Accordingly, the Settling Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Arrival, CIIG, or the Settling Defendants in bad faith or without a reasonable basis. The Settling Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with the Actions. Plaintiffs shall not assert or pursue any action, claim or rights that Arrival or CIIG violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with the Actions. The Settling Parties, and each of them, and their respective counsel agree that the Actions were resolved in good faith, following arm's length bargaining, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

9.4    The Settling Parties: (1) acknowledge that it is their intent to consummate this agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Subject to their fiduciary and legal obligations to their clients, Plaintiffs' Counsel and Settling Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.5    Neither Plaintiffs, Settlement Class Members, nor the Settling Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it

shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund. Nor shall it be a basis to terminate the Stipulation if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

9.6     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing the Fee and Expense Award and enforcing the terms of this Stipulation.

9.7     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.8     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.9     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement (as described in ¶ 2.13, *supra*) constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.

9.11    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or email shall be deemed originals.

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties.

9.14    The Court shall retain jurisdiction with respect to enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of enforcing the Settlement embodied in this Stipulation.

9.15    Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself shall be resolved by Phillips ADR mediator David Murphy. If such mediation fails to produce an agreed resolution, the dispute shall be submitted to the Court.

9.16    This Stipulation and the Exhibits hereto and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

9.17    This Stipulation is deemed to have been prepared by Plaintiffs' Counsel and Settling Defendants' Counsel, as a result of arm's length negotiations among the Settling Parties. Whereas the Settling Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.18    Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon receipt of overnight courier, emailed PDF, or similar-format electronic document. Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel, then to:

> Laurence Rosen
> Sara Fuks
> THE ROSEN LAW FIRM, P.A.
> 275 Madison Avenue, 40th Floor
> New York, NY 10016
> Email: lrosen@rosenlegal.com
>        sfuks@rosenlegal.com

If to Settling Defendants or Settling Defendants' Counsel, then to:

> Susan L. Saltzstein
> Robert A. Fumerton
> Shaud G. Tavakoli
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
> One Manhattan West
> New York, NY 10001
> Email: susan.saltzstein@skadden.com
>        robert.fumerton@skadden.com
>        shaud.tavakoli@skadden.com
>
> Matthew Baltay
> FOLEY HOAG LLP
> Seaport West
> 155 Seaport Boulevard
> Boston, MA 02210
> Email: mbaltay@foleyhoag.com
>
> Adam S. Hakki
> Daniel C. Lewis
> George Anhang
> ALLEN OVERY SHEARMAN STERLING US LLP
> 599 Lexington Avenue
> New York, NY 10022

48

Email: Adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
george.anhang@aoshearman.com

Frank Olander
Jeffrey Robertson
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Email: frank.olander@srz.com

Daniel Roeser
Charles Brown
Valerie Haggans
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Email: droeser@goodwinlaw.com
cbrown@goodwinlaw.com
vhaggans@goodwinlaw.com

9.19    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.20    The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

9.21    Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the work product doctrine, or the joint defense or common interest doctrine.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated June 23, 2025.

Laurence Rosen
Sara Fuks
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, NY 10016
lrosen@rosenlegal.com
sfuks@rosenlegal.com

*Lead Counsel for Federal Plaintiffs and the
Settlement Class*

John Rizio-Hamilton
Michael D. Blatchley
Timothy G. Fleming
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
johnr@blbglaw.com
michaelb@blbglaw.com
timothy.fleming@blbglaw.com

*Counsel for State Securities Action Plaintiffs*

Susan L. Saltzstein
Robert A. Fumerton
Shaud G. Tavakoli
**SKADDEN, ARPS, SLATE, MEAGHER &  FLOM LLP**
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
susan.saltzstein@skadden.com
robert.fumerton@skadden.com
shaud.tavakoli@skadden.com

*Counsel for Defendants Tim Holbrow, Michael Ableson, Avinash Rugoobur, Michael
Anatolitis, Alain Kinsch, Kristen O'Hara, and Peter Cuneo*

50

Laurence Rosen
Sara Fuks
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, NY 10016
lrosen@rosenlegal.com
sfuks@rosenlegal.com

*Lead Counsel for Federal Plaintiffs and the
Settlement Class*

John Rizio-Hamilton
Michael D. Blatchley
Timothy G. Fleming
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
johnr@blbglaw.com
michaelb@blbglaw.com
timothy.fleming@blbglaw.com

*Counsel for State Securities Action Plaintiffs*

Susan L. Saltzstein
Robert A. Fumerton
Shaud G. Tavakoli
**SKADDEN, ARPS, SLATE, MEAGHER &  FLOM LLP**
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
susan.saltzstein@skadden.com
robert.fumerton@skadden.com
shaud.tavakoli@skadden.com

*Counsel for Defendants Tim Holbrow, Michael Ableson, Avinash Rugoobur, Michael
Anatolitis, Alain Kinsch, Kristen O'Hara, and Peter Cuneo*

50

Adam S. Hakki
Daniel C. Lewis
George Anhang
**ALLEN OVERY SHEARMAN STERLING US LLP**
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-8691
Adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
george.anhang@aoshearman.com

*Counsel for Defendants UBS Securities LLC and Barclays Capital, Inc.*

Daniel Roeser
Charles A. Brown
Valerie A. Haggans
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
DRoeser@goodwinlaw.com
CBrown@goodwinlaw.com
VHaggans@goodwinlaw.com

*Counsel for Defendant Cowen and Company, LLC*

Frank W. Olander
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 756-2000
frank.olander@srz.com

*Counsel for Defendants CIIG Management LLC, Gavin Cuneo and Michael Minnick*

Matthew Baltay (*pro hac vice*)
**FOLEY HOAG LLP**

51

_____

Adam S. Hakki
Daniel C. Lewis
George Anhang
**ALLEN OVERY SHEARMAN STERLING US LLP**
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-8691
Adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
george.anhang@aoshearman.com

_Counsel for Defendants UBS Securities LLC and Barclays Capital, Inc._

_____

Daniel Roeser
Charles A. Brown
Valerie A. Haggans
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
DRoeser@goodwinlaw.com
CBrown@goodwinlaw.com
VHaggans@goodwinlaw.com

_Counsel for Defendant Cowen and Company, LLC_

_____

Frank W. Olander
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 756-2000
frank.olander@srz.com

_Counsel for Defendants CIIG Management LLC, Gavin Cuneo and Michael Minnick_

_____
Matthew Baltay (_pro hac vice_)
**FOLEY HOAG LLP**

51

Seaport West
155 Seaport Boulevard
Boston, MA 02210
mbaltay@foleyhoag.com

*Counsel for Defendants Gilles Dusemon and Csaba Horváth*

Adam S. Hakki
Daniel C. Lewis
George Anhang
**ALLEN OVERY SHEARMAN STERLING US LLP**
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-8691
Adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
george.anhang@aoshearman.com

*Counsel for Defendants UBS Securities LLC and Barclays Capital, Inc.*


Daniel Roeser
Charles A. Brown
Valerie A. Haggans
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
DRoeser@goodwinlaw.com
CBrown@goodwinlaw.com
VHaggans@goodwinlaw.com

*Counsel for Defendant Cowen and Company, LLC*

Frank W. Olander
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 756-2000
frank.olander@srz.com

*Counsel for Defendants CIIG Management LLC, Gavin Cuneo and Michael Minnick*


Matthew Baltay (*pro hac vice*)
**FOLEY HOAG LLP**

51

Adam S. Hakki
Daniel C. Lewis
George Anhang
**ALLEN OVERY SHEARMAN STERLING US LLP**
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-8691
Adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
george.anhang@aoshearman.com

*Counsel for Defendants UBS Securities LLC and Barclays Capital, Inc.*

*Daniel Roeser*
Daniel Roeser
Charles A. Brown
Valerie A. Haggans
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
DRoeser@goodwinlaw.com
CBrown@goodwinlaw.com
VHaggans@goodwinlaw.com

*Counsel for Defendant Cowen and Company, LLC*

Frank W. Olander
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 756-2000
frank.olander@srz.com

*Counsel for Defendants CIIG Management LLC, Gavin Cuneo and Michael Minnick*

Matthew Baltay (*pro hac vice*)
**FOLEY HOAG LLP**

51

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Arrival SA, et al. Securities Litigation | **CASE No.: 1:22-cv-00172-NRM-PK**<br><br>CLASS ACTION |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| ALEXANDRE LIOUBININE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRIVAL, DENIS SVERDLOV, AVINASH RUGOOBUR, MICHAEL ABLESON, TIM HOLBROW, PETER CUNEO, MICHAEL ANATOLITIS, GILLES DUSEMON, CSABA HORVATH, ALAIN KINSCH, KRISTEN O'HARA, JAE OH, ARRIVAL VAULT US, INC., UBS SECURITIES LLC, BARCLAYS CAPITAL INC., AND COWEN & COMPANY LLC<br>Defendants | Index No. 651783/2022<br><br>Commercial Division Part 48<br><br>Honorable Andrea Masley |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY**
**APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiff Mostaco Corp. and named Plaintiff Salvatore Fiorellino ("Federal Plaintiffs") in the action captioned *In re Arrival SA, et al. Securities Litigation*, No. 1:22-cv-00172-NRM-PK (E.D.N.Y.) (the "Federal Action"), pending before the United States District Court for the Eastern District of New York (the "Federal Court" or "Court"); plaintiff Alexander Lioubinine (the "State Securities Plaintiff" and, together with the Federal Plaintiffs, "Plaintiffs") in a related action captioned *Lioubinine v. Arrival*, Index No. 651783/2022 (Sup. Ct. N.Y. Cnty.)

1

(the "State Securities Action," and together with the Federal Action, the "Actions"); and

Defendants CIIG Management LLC ("CIIG Management"), Tim Holbrow, Michael Abelson,

Avinash Rugoobur, Michael Anatolitis, Gilles Dusemon, Csaba Horvath, Alain Kinsch, Kristen

O'Hara, Jae Oh, Peter Cuneo, Gavin Cuneo, Michael Minnick, UBS Securities LLC ("UBS"),

Barclays Capital Inc. ("Barclays"), and Cowen and Company, LLC ("Cowen") (altogether, the

"Settling Defendants," and with Plaintiffs, the "Settling Parties") through their respective counsel

of record relating to the above-captioned litigations, have entered into the Stipulation of

Settlement, dated June 23, 2025 (the "Stipulation"), which is subject to review under Rule 23 of

the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets

forth the terms and conditions for the proposed settlement of the Actions and dismissal of the

Federal Action; and the Court having read and considered the Stipulation and the exhibits thereto

and submissions made relating thereto, and finding that substantial and sufficient grounds exist for

entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of_____, 20___,

that:

1.      Capitalized terms used herein have the meanings defined in the Stipulation dated

June 23, 2025.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for

the purposes of the Settlement only, the Federal Action is hereby preliminarily certified as a class

action on behalf of all Persons who: 1) purchased or otherwise acquired the publicly traded

securities of CIIG and/or Arrival during the Class Period and have suffered compensable damages

thereby; and/or (2) beneficially owned and/or held common stock of CIIG, eligible to vote at

CIIG's special meeting and/or to redeem their CIIG stock prior to the closing of the Business

2

Combination. Excluded from the Settlement Class are: (1) Defendants; (2) the present and former officers and directors of Arrival and/or CIIG, and/or CIIG Management; (3) members of such excluded persons' immediate families; (4) the legal representatives, heirs, successors, or assigns of any such excluded person or entity; and (5) any entity in which any of the Defendants, or any person excluded under this subsection, has or had a majority interest during the Class Period. Also excluded from the Settlement Class are those Persons who: (1) suffered no compensable losses; or (2) submit valid and timely a request for exclusion in accordance with the Preliminary Approval Order.

3.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (1) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (4) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (5) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (6) a class action is superior to other available methods for the fair and efficient adjudication of the Federal Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, The Rosen Law Firm, P.A., previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5.      The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to the Settlement Class Members and holding a Settlement Fairness Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on ____, 202__ at __:___ _.m. for the following purposes:

(a)      to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)      to determine finally whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Federal Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)      to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)      to consider the application of Class Counsel for an award of attorneys' fees and expenses and a compensatory award to the Class Representatives;

4

(f)    to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Fairness Hearing by Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Fairness Hearing; and

(g)    to rule upon such other matters as the Court may deem appropriate.

7.    The Court reserves the right to adjourn the Settlement Fairness Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Federal Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.    The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Fairness Hearing telephonically or by other virtual means, Class Counsel will direct the Claims Administrator to update its website regarding the Settlement Fairness Hearing's telephonic or virtual format.

9.    The Court approves the form, substance and requirements of: (1) the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"); (2) the Postcard Notice, (3) the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice" and with the Long Notice, and Postcard Notice, "Notice"); and (4) the Proof of Claim and Release Form ("Claim Form"), all of which are exhibits to the Stipulation.

10.    Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all

5

acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11.    For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

12.    Within forty-five (45) days after the later of (i) entry of this Order of preliminarily approving the Settlement, or (ii) transmission to Settling Defendants' Counsel of complete payment instructions, including the bank name and ABA routing number, and a signed Form W-9 providing the tax identification number for the Escrow Account, Barclays, UBS, Cowen, and the insurers of the Individual Settling Defendants on behalf of the Individual Settling Defendants shall pay by check or draft or wire, or cause to be wired or paid by check or draft, to the Escrow Agent eleven million two hundred and seventy-five thousand dollars ($11,275,000) to be deposited into the Settlement Fund.

13.    Within fifteen (15) business days after the later of: (1) Approval by the Court of the Settlement, (2) the Delaware Court dismissing the Delaware Action as to the Settling Defendants and that dismissal becoming Final; or (3) the court in the State Securities Action dismissing the State Securities Action as to the Settling Defendants and that dismissal becoming Final, Barclays, UBS, Cowen, and the insurers of the Individual Settling Defendants on behalf of the Individual Settling Defendants shall pay or cause to be paid The Cash Settlement Reserve Remainder Amount to the Escrow Agent for the deposit into the Escrow Account.

14.    As provided in the Stipulation, Settling Defendants shall be permitted to utilize the Cash Settlement Reserve Amount to pay the Settling Defendants' reasonable legal fees and costs associated with: (1) the Delaware Action as to the Released Parties, including, but not limited to,

6

seeking to obtain a stay of the Delaware Action as to the Released Parties and dismissal of the Delaware Action with prejudice as to the Released Parties; (2) defending any objections to the Settlement, including, but not limited to, objections brought by Delaware Plaintiffs, Delaware Plaintiffs' Counsel, or related to the Delaware Action, in the Federal Action; and/or (3) obtaining final approval of this Settlement; provided, however, that the Released Parties collectively shall not seek payment or reimbursement from insurers of the Individual Settling Defendants for any legal fees or costs as identified in 1.22(1)–(3) in excess of $2,000,000; and further provided that expenses incurred in the ordinary course of settlement negotiations and obtaining approval that are not related to objections or potential objections to the Settlement by the Delaware Plaintiffs or the Delaware Plaintiffs' failure to participate in this Settlement are excluded from in the Cash Settlement Reserve Amount.

15. At any time after entry of this Order, the Lead Counsel may approval, disburse reasonable and necessary Notice and Administration Costs.

16. No later than ten (10) business days after entry of this Order, Settling Defendants (except Barclays, UBS, and Cowen) shall make a good faith effort to assist the Claims Administrator in obtaining, from Arrival's and/or CIIG's transfer agents, at no cost to Plaintiffs or Plaintiffs' Counsel, records of ownership, to the extent available, to identify Settlement Class Members, recognizing that Arrival is in bankruptcy and CIIG the subject of an assignment for the benefit of creditors. The list of record owners shall be provided in an electronic format, such as an Excel spreadsheet, to the extent such list is readily available in such a format. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

17.    Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, a copy of the Long Notice, and the Claim Form to be posted on the Claims Administrator's website within fifty (50) calendar days after entry of this Order.

18.    Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within fifty (50) calendar days of entry of this Order. Class Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon the Settling Defendant's Counsel and file with the Court proof of publication of the Summary Notice.

19.    Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, the Summary Notice, or links to the Long Notice and Claim Form, substantially in the forms annexed to the Stipulation: (1) to be mailed, where disseminating the Postcard Notice, by first class mail, postage prepaid, within fifty (50) calendar days of entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator; or (2) to be emailed, where disseminating the Summary Notice or links to the Notice and Claim Form, within fifty (50) calendar days of the entry of this Order, to all Settlement Class Members for whom email addresses may be obtained with reasonable effort, through the Claims Administrator.

20.    Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held the publicly traded securities of Arrival and/or CIIG as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (1) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial

8

owners; (2) request an electronic copy of the Summary Notice and either email the Summary Notice in electronic format or links to the Long Notice and Claim Form to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (3) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice or a link to the Long Notice and Claim Form, if email addresses are available, or Postcard Notice to such beneficial owners, if last known addresses are provided. If the Claims Administrator receives an email address, it will send a Summary Notice or link to the Notice and Claim Form electronically. Nominees or custodians who elect to email notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (1) $0.05 per name and address provided; (2) $0.05 per email for emailing notice; or (3) $0.05 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

21.    Class Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon counsel for the Settling Defendants and file with the Court proof of the mailing and emailing of Notice, as required by this Order.

9

22.      The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

23.      In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)      A properly completed and executed Claim Form must be submitted to the Claims Administrator: (1) electronically through the Claims Administrator's website, www.strategicclaims.net/Arrival/ by 11:59 p.m. ET on _____; or (2) at the Post Office Box indicated in the Notice, postmarked no later than _____ twenty-one (21) calendar days prior to the Settlement Fairness Hearing. Such deadline may be further extended by Order of the Court. Each Claim Form shall be deemed to have been submitted when: (1) the Claimant receives a confirmation notice from Strategic Claims Services for electronic submissions; or (2) legibly postmarked (if properly addressed and mailed by first class mail) provided such Claim Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

10

(b)      The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (1) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (2) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (3) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be provided with the Claim Form; and (4) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)      Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within thirty (30) calendar days after the date of mailing of the rejection notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation. If the Claimant disagrees with the Claims Administrator's review decision, the

11

Claimant may request Class Counsel to review the contested claim. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court at the time a motion for distribution of Settlement fund is made.

(d)    As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

24.    All Settlement Class Members who do not submit valid and timely Claim Form will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

25.    Settlement Class Members shall be bound by all determinations and judgments in the Federal Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall send an email to info@strategicclaims.net or mail the exclusion request, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____ (twenty-one (21) calendar days prior to the Settlement Fairness Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion must clearly indicate the name, address, phone number, and email contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re Arrival SA, et al. Securities Litigation,* Case No. 22-cv-00172-NRM-PK (E.D.N.Y.)." In order to be valid, such request for exclusion must be submitted with documentary proof: (1) a list of all purchases, acquisitions, and sales of the publicly traded securities of Arrival and/or CIIG

during or connected to the Class Period; and (ii) demonstrating the Person's status as a beneficial owner of such shares. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

26.    The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties promptly as received, and in no case later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

27.    Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) business days before the Settlement Fairness Hearing, in which event that Person will be included in the Settlement Class.

28.    All Persons who submit valid, timely and unrevoked request for exclusions will be forever barred from receiving any payments from the Net Settlement Fund.

29.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to

13

EXHIBIT A

each of the following counsel at least twenty-eight (28) calendar days prior to the Settlement

Fairness Hearing Date:

CLASS COUNSEL:
Sara Fuks
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

COUNSEL FOR DEFENDANTS:
Susan L. Saltzstein
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

and that Person has (at least twenty-eight (28) calendar days prior to the Settlement Fairness

Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel

identified above, with the Clerk of the Court, U.S. District Court, Eastern District of New York,

225 Cadman Plaza East, Courtroom 6E, Brooklyn, NY 11201.  To be valid, any such objection

must contain the Settlement Class Member's: (1) name, address, and telephone number; (2) include

documents sufficient to prove the objector's membership in the Settlement Class, such as the

purchases, acquisitions, and sales of the publicly traded securities of Arrival and/or CIIG during

the Class Period (3) all grounds for the objection, including any legal support known to the

Settlement Class Member and/or his, her, or its counsel; (4) the name, address, and telephone

number of all counsel who represent the Settlement Class Member, including former or current

counsel who may be entitled to compensation in connection with the objection; and (5) the number

of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class

action settlement in the last five years, the nature of each such objection in each case, the jurisdiction

in each case, and the name of the issuer of the security or seller of the product or service at issue in

each case. Attendance at the Settlement Fairness Hearing is not necessary, but Persons wishing to

be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the

14

Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

30.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Federal Action; and shall also be foreclosed from appealing from any judgment or order entered in the Federal Action.

31.    The Court reserves the right to adjourn the Settlement Fairness Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

32.    All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Fairness Hearing.

33.    Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

15

34.     Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representative submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

35.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement is cancelled and terminated pursuant to the Stipulation, all proceedings in the Federal Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

36.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

37.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Settling Defendants of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representative or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in the Actions.

16

38.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to November 15, 2024, pursuant to the terms of the Stipulation.

39.     The Court reserves the right to alter the time or the date of the Settlement Fairness Hearing without further notice to Settlement Class Members, provided that the time or the date of the Settlement Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Claim Form submitted and any future requests by one or more of the Settling Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.


Dated: _____, 2025                    _____

                                           HON. NINA R. MORRISON
                                           UNITED STATES DISTRICT JUDGE

17

EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Arrival SA, et al. Securities Litigation | **CASE No.: 1:22-cv-00172-NRM-PK**<br><br>CLASS ACTION |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| ALEXANDRE LIOUBININE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRIVAL, DENIS SVERDLOV, AVINASH RUGOOBUR, MICHAEL ABLESON, TIM HOLBROW, PETER CUNEO, MICHAEL ANATOLITIS, GILLES DUSEMON, CSABA HORVATH, ALAIN KINSCH, KRISTEN O'HARA, JAE OH, ARRIVAL VAULT US, INC., UBS SECURITIES LLC, BARCLAYS CAPITAL INC., AND COWEN & COMPANY LLC<br><br>Defendants | Index No. 651783/2022<br><br>Commercial Division Part 48<br><br>Honorable Andrea Masley |

<u>**NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION**</u>

If you: (1) purchased or otherwise acquired the publicly traded securities of Arrival SA ("Arrival") and/or CIIG Merger Corp. ("CIIG", and together with Arrival, the "Company") between November 18, 2020 and November 19, 2021, both dates inclusive ("Class Period") and/or (2) beneficially owned and/or held common stock of CIIG, eligible to vote at CIIG's special meeting and/or to redeem their CIIG stock prior to the closing of the March 24, 2021 Business Combination you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice.  This is not attorney advertising.*

- If approved by the Court, the Settlement will provide eleven million two hundred seventy-five thousand dollars ($11,275,000), plus any monies remaining in a two million dollar

1

EXHIBIT A-1

($2,000,000) reserve fund set aside for certain defense costs (the "Settlement Fund"), gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who: (1) purchased or otherwise acquired the publicly traded securities of CIIG and/or Arrival between November 18, 2020 and November 19, 2021 and have suffered compensable damages thereby; and/or (2) beneficially owned and/or held common stock of CIIG, eligible to vote at CIIG's special meeting and/or to redeem their CIIG stock prior to the closing of the Business Combination.

• The Settlement represents an estimated average recovery of $.12 per share for the approximately 98 million Arrival and CIIG shares damaged. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold shares, the purchase and sales prices, and the total number and amount of claims filed.

• Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed one-third of the Settlement Fund (between $3,758,333 and $4,425,000), reimbursement of no more than $325,000 in litigation expenses, and a total case contribution award to Plaintiffs not to exceed $30,000. Collectively, the attorneys' fees and expenses and Plaintiffs' award are estimated to average $.04 per Arrival/CIIG Shares outstanding during the Class Period. Lead Counsel will allocate a portion of the attorneys' fees awarded by the Court to State Securities Plaintiff's Counsel. The portion of attorneys' fees Lead Counsel allocates to State Securities Plaintiff's Counsel is not subject to Court approval, and it will not influence the amount of attorneys' fees awarded to Lead Counsel by the Court. If approved by the Court, these amounts will be paid from the Settlement Fund.

• The average approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is between $.08 per Arrival/CIIG Share damaged during the Class Period. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold the relevant shares, the purchase and sale prices, and the total number and amount of claims filed.

• The Settlement resolves the Actions concerning whether Settling Defendants issued false and misleading statements concerning Arrival's business and financial prospects and the March 24, 2021 de-SPAC Business Combination between CIIG and Arrival. Settling Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever. Settling Defendants have also denied, among other things, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions. Settling Defendants continue to believe the claims asserted against them in the Actions are without merit.

2

EXHIBIT A-1

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| | YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than _____. **This is the only way to get a payment**. |
| **Exclude Yourself from the Settlement Class** | Submit a request for exclusion no later than _____. This is the only way you can ever be part of any other lawsuit against the Settling Defendants or the other Released Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____ about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Actions**. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

3

EXHIBIT A-1

| Arrival SA Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: (866) 274-4004<br>Fax: (610) 565-7985<br>info@strategicclaims.net | **or** | Sara Fuks, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Ave, 40th Floor<br>New York, NY 10016<br>Tel: (212) 686-1060<br>Fax: (212) 202-3827<br>sfuks@rosenlegal.com |
|---|---|---|

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated June 23, 2025 (the "Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.     Why did I get this Notice?**

You or someone in your family may have: (1) purchased or otherwise acquired the publicly traded securities of Arrival SA ("Arrival") and/or CIIG Merger Corp. ("CIIG") between November 18, 2020 and November 19, 2021, both dates inclusive ("Class Period"); and/or (2) beneficially owned and/or held common stock of CIIG, eligible to vote at CIIG's special meeting and/or to redeem their CIIG stock prior to the closing of the Business Combination..

**2.     What is this lawsuit about?**

The case is known as *In re Arrival SA, et al. Securities Litigation,* Case No. 22-cv-00172-NRM-PK (E.D.N.Y.) (the "Federal Action"). The Court in charge of the case is the United States District Court for the Eastern District of New York. The Settlement also resolves *Lioubinine v. Arrival SA*, Index No. 651783/2022 (Sup. Ct. N.Y. Cnty.) (the "State Securities Action," and together with the Federal Action, the "Actions").

The Actions involve allegations that Defendants made materially false statements and omissions to the public. Specifically, the Actions allege that Defendants issued false and misleading statements concerning Arrival's business and financial prospects and the March 24, 2021 de-SPAC Business Combination. Settling Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Actions. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member.

**3.     Why is this a class action?**

4

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

Plaintiffs and Settling Defendants do not agree regarding the merits of Plaintiffs' allegations or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Settling Defendants disagree include: (1) whether Settling Defendants made any allegedly misleading statements or omissions; (2) whether Settling Defendants acted knowingly, negligently, or recklessly in making the alleged misrepresentations; (3) whether the alleged disclosures corrected the alleged misrepresentations; (4) whether the alleged misrepresentations caused any loss in the value of Arrival and/or CIIG shares and/or deprived Plaintiffs of the opportunity to make an informed decision in voting on Business Combination; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Plaintiffs or the Settling Defendants. Instead, Plaintiffs and Settling Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Settling Defendants. Even if Plaintiffs were to win at trial, and also prevail on any on appeal, Plaintiffs might not be able to collect any of any judgment they are awarded.

**5.    How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities who: (1) purchased or otherwise acquired the publicly traded securities of Arrival and/or CIIG between November 18, 2020 and November 19, 2021, both dates inclusive, and were damaged thereby and/or (2) beneficially owned and/or held common stock of CIIG, eligible to vote at CIIG's special meeting and/or to redeem their CIIG stock prior to the closing of the March 24, 2021 Business Combination, subject to the exclusions in Question 6 below.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (1) Defendants; (2) the present and former officers and directors of Arrival and/or CIIG, and/or CIIG Management; (3) members of such excluded persons' immediate families; (4) the legal representatives, heirs, successors, or assigns of any such excluded person or entity; and (5) any entity in which any of the Defendants, or any person excluded under this subsection, has or had a majority interest during the Class Period. Also excluded from the Settlement Class are those Persons who: (1) suffered no compensable losses; or (2) submit valid and timely a request for exclusion as described below in the response to Question 11.

**7.**     **I am still not sure whether I am included.**

If you are not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985; visit the website www.strategicclaims.net/Arrival/; or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.**     **What does the Settlement provide?**

**a.**     **What is the Settlement Fund?**

The proposed Settlement provides for the Settling Defendants and/or their insurers to pay: (1) eleven million two hundred seventy-five thousand dollars ($11,275,000) into a settlement fund (the "Cash Settlement Fund") and (2) two million dollars ($2,000,000) into a reserve fund which may be used to pay Settling Defendants' reasonable legal fees associated with certain actions in furtherance of the Settlement ("Cash Settlement Reserve Amount"). Any funds remaining the Cash Settlement Reserve Amount ("Cash Settlement Reserve Remainder Amount") will be added to the Cash Settlement Fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Plaintiffs' Counsel, and any award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration approved by the Court, including the costs of printing and mailing and/or emailing notices and the costs of publishing notices. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.**     **What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold Arrival and/or CIIG shares; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs approved by the Court, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and award to Plaintiffs.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged material misrepresentations and/or omissions made by Defendants, the price of Arrival and CIIG shares were artificially inflated during the Class Period, and that certain subsequent disclosures caused reductions in the inflated price of Arrival shares and CIIG shares. Settling Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Actions.

6

EXHIBIT A-1

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation does not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Arrival/.

The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund pursuant to the Plan of Allocation. The Recognized Loss formula and the proposed allocation of the Net Settlement Fund to specific time frames within the Class Period, as set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial. Payments to valid Settlement Class Members pursuant to the Plan of Allocation shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (1) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (2) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement and subject to the Court's approval; and (3) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) approved by the Court.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

**I)    Calculation of Recognized Loss Amounts for Settlement Class Members with Section 10(b) Claims**

**Recognized Loss for the CIIG's publicly traded units and/or Arrival's publicly traded common stock purchased during the Settlement Class Period will be calculated as follows:**

(A)    For shares purchased during the Settlement Class Period <u>and sold during the Settlement Class Period</u>, the Recognized Loss per share will be the *lesser* of:

7

EXHIBIT A-1

(1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

(B)　　For shares purchased during the Settlement Class Period and sold during the period November 22, 2021 through February 15 2022, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing share price as of date of sale provided in Table B below.

(C)　　For shares purchased during the Settlement Class Period and retained as of the close of trading on February 15, 2022 the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $6.59[1] per share.

| INFLATION TABLE A | |
| :-- | :-- |
| Common Stock Purchased During the Class Period | |
| **Period** | **Inflation** |
| November 18, 2020 to November 8 2021, inclusive | $8.04 per share |
| November 9, 2021 to November 16, 2021, inclusive | $3.36 per share |
| November 17, 2021 | $0.82 per share |
| November 18, 2021 | $.00 per share |
| November 19, 2021 | $0.00 per share |

Table B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| :-- | :-- | :-- | :-- | :-- | :-- |
| 11/19/2021 | $10.50 | $10.50 | 1/4/2022 | $7.62 | $8.21 |
| 11/22/2021 | $9.76 | $10.13 | 1/5/2022 | $6.99 | $8.17 |
| 11/23/2021 | $8.93 | $9.73 | 1/6/2022 | $6.92 | $8.14 |
| 11/24/2021 | $9.55 | $9.69 | 1/7/2022 | $7.19 | $8.11 |
| 11/26/2021 | $9.62 | $9.67 | 1/10/2022 | $6.49 | $8.06 |
| 11/29/2021 | $9.66 | $9.67 | 1/11/2022 | $7.20 | $8.04 |
| 11/30/2021 | $9.39 | $9.63 | 1/12/2022 | $7.13 | $8.01 |

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $6.59 per share was the mean (average) daily closing trading price of the Company's shares during the 90-day period beginning on November 19, 2021 through and including on February 15, 2022.

| | | | | |
|---|---|---|---|---|
| 12/1/2021 | $8.83 | $9.53 | 1/13/2022 | $6.77 | $7.98 |
| 12/2/2021 | $8.57 | $9.42 | 1/14/2022 | $6.70 | $7.95 |
| 12/3/2021 | $7.70 | $9.25 | 1/18/2022 | $6.02 | $7.90 |
| 12/6/2021 | $7.53 | $9.09 | 1/19/2022 | $5.79 | $7.85 |
| 12/7/2021 | $7.90 | $9.00 | 1/20/2022 | $5.11 | $7.78 |
| 12/8/2021 | $8.40 | $8.95 | 1/21/2022 | $4.44 | $7.71 |
| 12/9/2021 | $7.87 | $8.87 | 1/24/2022 | $4.02 | $7.62 |
| 12/10/2021 | $7.82 | $8.80 | 1/25/2022 | $3.56 | $7.53 |
| 12/13/2021 | $7.29 | $8.71 | 1/26/2022 | $3.24 | $7.44 |
| 12/14/2021 | $7.33 | $8.63 | 1/27/2022 | $3.06 | $7.34 |
| 12/15/2021 | $7.40 | $8.56 | 1/28/2022 | $3.16 | $7.26 |
| 12/16/2021 | $7.38 | $8.50 | 1/31/2022 | $3.91 | $7.19 |
| 12/17/2021 | $8.00 | $8.47 | 2/1/2022 | $4.50 | $7.14 |
| 12/20/2021 | $7.35 | $8.42 | 2/2/2022 | $4.11 | $7.08 |
| 12/21/2021 | $7.72 | $8.39 | 2/3/2022 | $3.96 | $7.02 |
| 12/22/2021 | $7.74 | $8.36 | 2/4/2022 | $3.98 | $6.96 |
| 12/23/2021 | $7.99 | $8.34 | 2/7/2022 | $3.76 | $6.90 |
| 12/27/2021 | $7.79 | $8.32 | 2/8/2022 | $3.86 | $6.84 |
| 12/28/2021 | $7.97 | $8.31 | 2/9/2022 | $4.05 | $6.79 |
| 12/29/2021 | $7.91 | $8.29 | 2/10/2022 | $3.84 | $6.74 |
| 12/30/2021 | $7.86 | $8.28 | 2/11/2022 | $3.56 | $6.69 |
| 12/31/2021 | $7.42 | $8.25 | 2/14/2022 | $3.76 | $6.64 |
| 1/3/2022 | $7.78 | $8.23 | 2/15/2022 | $4.00 | $6.59 |

## II)    Calculation of Recognized Loss Amount for Settlement Class Members with Section 14(a) Claims

To have recoverable damages under Section 14(a) of the Exchange Act, Settlement Class Members must have held publicly traded shares of CIIG as of February 16, 2021; were eligible to vote at CIIG's special meeting; and subsequently exchanged these shares for Arrival's common stock on or about March 24, 2021[2]. The Recognized Loss Amount per share shall be calculated as follows:

(A)    For shares sold during the period March 24, 2021 through November 19, 2021, inclusive, the Recognized Loss Amount is $27.34[3] per share minus the sale price per share.

(B)    For shares held as of the close of trading on November 19. 2021, the

---

[2] This is on or about the date of the Business Combination.

[3] This represents the closing price of CIIG shares on February 16, 2021, the date CIIG shareholders were eligible to vote at CIIG's special meeting regarding the Business Combination.

9

EXHIBIT A-1

Recognized Loss per share is $17.58[4].


### III)    Calculation of Recognized Loss Amounts for Settlement Class Members with Section 11 Claims

To have recoverable damages under Section 11 of the Securities Act, Settlement Class Members must have purchased or otherwise acquired Arrival common stock pursuant or traceable to the Company's registration statement and prospectus issued in connection with the March 24, 2021 Business Combination. The Recognized Loss Amount per share shall be calculated as follows:

(A)    For shares sold between March 24, 2021 and November 19, 2021 inclusive, the Recognized Loss per share shall be the *lesser* of 125%: (1) the inflation per share (as set forth in Inflation Table A above) upon purchase less inflation upon sale (as set forth in Inflation Table A above); or (2) purchase price per share (not to exceed the $23.81 per share offering price[5]) less the sale price per share.

(B)    For shares held as of the close of trading on November 19, 2021, the Recognized Loss shall be the *lesser* of 125% of: (1) the inflation per share (as set forth in Inflation Table A below) upon purchase; or (2) purchase price per share (not to exceed the $23.81 per share offering price) less $1.10 per share[6].

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in the CIIG and Arrival shares during the Settlement Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund.

For purposes of calculating your Recognized Loss, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the CIIG and Arrival shares shall not be deemed a purchase or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. Since the Company redeemed and delisted all public warrants in July 2021, public warrants have no Recognized Loss.

For purposes of calculating your Recognized Loss, all purchases and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases and sales of CIIG and Arrival shares during the period November 18, 2020 through and including February 15, 2022. Trading gains, if any, will have a Recognized Loss of $0. Shares included in the 10(b) claim; the 14(a)

---

[4] This represents the difference between $27.34 per share less the "Holding Value" of $9.76 per share of Arrival common stock held as of the close of trading on November 19, 2021.

[5] The offering price is the closing price of Arrival's common stock at the close of trading on March 23, 2021.

[6] This represents the value of Arrival's common stock on the date of suit on September 12, 2022.

10

claim; and/or the 11 claim will only be eligible to participate in one of the claims and will receive a Recognized Loss amount based on the highest of the Recognized Loss calculations.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Plaintiffs' Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Cash Settlement Amount shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Cash Settlement Amount, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.    How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form" This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/Arrival/. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Arrival/ **by 11:59 p.m. EST on _____**; or (2) by mailing the Proof of Claim and Release Form together with all documentation requested in the form, **postmarked no later than _____**, to:

Arrival SA Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant. If the Claims Administrator determines that your claim is deficient or rejected, the Claims Administrator will send a deficiency letter or rejection letter, describing the basis on which the claim is so determined. If you timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected, you will be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if such deficiency may be cured. If your claim has been rejected in whole or in part and you wish to contest such rejection, you must, within twenty (20) calendar days after the date of mailing of the rejection notice, serve upon the Claims Administrator, by mail or email, a notice and statement of reasons for contesting the rejection along with any supporting documentation.

If you disagree with the Claims Administrator's review decision, you may request Lead Counsel to review your claim. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court at the time a motion for distribution of Settlement Fund is made.

**10.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the _____ deadline, you will remain a member of the Settlement Class, receive your share of the Net Settlement Fund if you are an Authorized Claimant and submitted a valid Proof of Claim and Release Form, and will be bound by the release of claims against Arrival and other Released Parties, including the Settling Defendants, if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Arrival and other Released Parties any and all claims which arise out of, are based upon or relate in any way, directly or indirectly to a) the holding of any Arrival and/or CIIG securities as of CIIG's redemption deadline or date of CIIG's special meeting (as those terms are used in the Second Amended Complaint in the Federal Action and the operative complaint in the Delaware Action), or (b) the purchase, acquisition, holding, exchange, redemption, vote, sale or disposition of any Arrival and/or CIIG securities during the Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, exchange, redemption, sale or ownership of CIIG and/Arrival shares during the Class Period. The specific terms of the release are included in the Stipulation.

**11.    How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Arrival or any other Released Parties on your own, at your own expense, regarding the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter or send an email that: (1) clearly indicates your name, address, phone number and email contact information (if any) and states that you "request to be excluded from the Settlement Class in *In re Arrival SA, et al. Securities Litigation*, Case No. 22-cv-00172-NRM-PK (E.D.N.Y.)"; and (2) states the date, number of shares and dollar amount of each CIIG and/or Arrival share purchased or otherwise acquired during the Class Period, any sale or exchange transactions, and the number of Arrival and/or CIIG shares held by you as of February 16, 2021, November 8, 2021, and November 19, 2021. In order to be valid, such request for exclusion must be submitted by mail or email with documentary proof: (1) of each purchase and, if applicable, sale/exchange transaction of Arrival and/or CIIG shares during the Class Period; and (2) demonstrating your status as a beneficial owner of the Arrival and/or CIIG shares during the Class Period. Any such request for exclusion must be signed and submitted by you, as the beneficial

12

owner, under penalty of perjury. You must mail or email your exclusion request, to be **received no later than _____**, to the Claims Administrator at the following address:

Arrival SA Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Email: info@strategicclaims.net

**You cannot exclude yourself by telephone.**

If you properly exclude yourself, you will *not* receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue Arrival or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in this Notice to exclude yourself, you give up any right to sue Arrival or the Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

**14.    How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating the Federal Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third of the Settlement Fund plus interest, reimbursement of litigation expenses of no more than $325,000, and an award to Plaintiffs not to exceed $30,000 total. Lead Counsel will allocate a portion of the attorneys' fees awarded by the Court to State Securities Plaintiff's Counsel. Lead Counsel's allocation of a portion of the attorneys' fees to State Securities Plaintiff's Counsel is not subject to Court approval, and it will not influence the amount of attorneys' fees awarded to Lead

13

EXHIBIT A-1

Counsel by the Court.  The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an award to Plaintiffs, and/or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re Arrival SA, et al. Securities Litigation,* Case No. 22-cv-00172-NRM-PK (E.D.N.Y.). Be sure to include: (1) your name, address, and telephone number; (2) documents sufficient to prove your membership in the Settlement Class, such as the purchases, acquisitions, and sales of the publicly traded securities of Arrival and/or CIIG during the Class Period a list of all purchases, acquisitions, sales and exchanges of CIIG and/or Arrival shares during the Class Period; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Fairness Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than _____**:

| Clerk of the Court United States District Court Eastern District of New York 225 Cadman Plaza East Brooklyn, NY 11201 | Sara Fuks, Esq. The Rosen Law Firm, P.A. 275 Madison Ave 40th Floor New York, NY 10016 ***Lead Counsel*** | Susan L. Saltzstein, Esq. Robert A. Fumerton, Esq. Shaud Tavakoli, Esq. SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP One Manhattan West New York, NY 10001 ***Counsel for Tim Holbrow, Michael Ableson, Avinash Rugoobur, Peter Cuneo, Kristen O'Hara, Michael Anatolitis, Alain Kinsch, and Jae Oh*** Matthew Baltay, Esq. FOLEY HOAG LLP Seaport West 155 Seaport Boulevard Boston, MA 02210 |
|---|---|---|

14

| | | |
|---|---|---|
| | | ***Counsel for Gilles Dusemon and Csaba Horváth***<br><br>Adam S. Hakki, Esq.<br>Daniel C. Lewis, Esq.<br>George Anhang, Esq.<br>ALLEN OVERY<br>SHEARMAN STERLING<br>US LLP<br>599 Lexington Avenue<br>New York, NY 10022<br><br>***Counsel for UBS Securities LLC and Barclays Capital, Inc.***<br><br>Frank Olander, Esq.<br>Jeffrey Robertson, Esq.<br>SCHULTE ROTH &<br>ZABEL LLP<br>919 Third Avenue<br>New York, NY 10022<br><br>***Counsel for CIIG Management LLC, Gavin Cuneo and Michael Minnick***<br><br>Daniel Roeser, Esq.<br>Charles Brown, Esq.<br>Valerie Haggans, Esq.<br>GOODWIN PROCTER<br>LLP<br>The New York Times<br>Building<br>620 Eighth Avenue<br>New York, NY 10018<br><br>***Counsel for Cowen and Company, LLC*** |

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

EXHIBIT A-1

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Fairness Hearing on **_____ at __:__ _.m.**, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 6E North, Brooklyn, NY 11201. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Fairness Hearing telephonically or by other virtual means, Lead Counsel will direct the Claims Administrator to update its website, on the page dedicated to this Settlement, to include the telephone number or other virtual means to access the Settlement Fairness Hearing.

**18.    Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Arrival or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

16

EXHIBIT A-1

**SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES**

If, during the Class Period, you purchased or otherwise acquired the publicly traded securities of CIIG and/or Arrival for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE, you either: (1) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased or otherwise acquired publicly traded securities of CIIG and/or Arrival during such time period; (2) request an electronic copy of the Summary Notice and, within ten (10) days after receiving the Summary Notice, email the Summary Notice or email links to the Long Notice and Proof of Claim and Release Form to the email address of each beneficial purchaser/owner of purchased or otherwise acquired publicly traded securities of CIIG and/or Arrival; or (3) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days of receipt, mail the Postcard Notice directly to the beneficial purchaser/owners of the purchased or otherwise acquired publicly traded securities of CIIG and/or Arrival. If you choose to follow alternative procedures (2) or (3), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to $0.02 per name, address and email address provided to the Claims Administrator; up to a maximum of $0.02 per Postcard Notice mailed by you, plus postage at the pre-sort rate used by the Claims Administrator; or $0.02 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: _____, 2025                BY ORDER OF THE UNITED STATES
                                            DISTRICT COURT FOR THE
                                            EASTERN DISTRICT OF NEW YORK

17

EXHIBIT A-2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Arrival SA, et al. Securities Litigation | **CASE No.: 1:22-cv-00172-NRM-PK** |
| | CLASS ACTION |

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

| | |
|---|---|
| ALEXANDRE LIOUBININE, Individually and On Behalf of All Others Similarly Situated, | Index No. 651783/2022 |
| Plaintiff, | Commercial Division Part 48 |
| v. | Honorable Andrea Masley |
| ARRIVAL, DENIS SVERDLOV, AVINASH RUGOOBUR, MICHAEL ABLESON, TIM HOLBROW, PETER CUNEO, MICHAEL ANATOLITIS, GILLES DUSEMON, CSABA HORVATH, ALAIN KINSCH, KRISTEN O'HARA, JAE OH, ARRIVAL VAULT US, INC., UBS SECURITIES LLC, BARCLAYS CAPITAL INC., AND COWEN & COMPANY LLC | |
| Defendants | |

## SUMMARY NOTICE OF PENDENCY AND
## PROPOSED PARTIAL CLASS ACTION SETTLEMENT

**TO: ALL PERSONS WHO PURCHASED OR ACQUIRED: (1) THE PUBLICLY TRADED SECURITIES OF CIIG AND/OR ARRIVAL BETWEEN NOVEMBER 18, 2020 AND NOVEMBER 19, 2021 AND HAVE SUFFERED COMPENSABLE DAMAGES THEREBY; AND/OR (2) BENEFICIALLY OWNED AND/OR HELD COMMON STOCK OF CIIG, ELIGIBLE TO VOTE AT CIIG'S SPECIAL MEETING AND/OR TO REDEEM YOUR CIIG STOCK PRIOR TO THE CLOSING OF THE MARCH 24, 2021 BUSINESS COMBINATION.**

1

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Eastern District of New York, that a hearing will be held on _____ at __:__ _.m. before the Honorable Nina R. Morrison, United States District Judge of the Eastern District of New York, 225 Cadman Plaza East, Courtroom 6E North, Brooklyn, NY 11201 for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration of a cash sum of $11,275,000, plus a reserved cash amount of $2,000,000, the unused portion of which will revert to the Settlement Fund, should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to one-third plus interest of the Settlement Fund, reimbursement of expenses of not more than $325,000 and a service payment of no more than $30,000 in total to Plaintiffs, should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement, dated June 23, 2025 (the "Stipulation"). The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means.

If you: (1) purchased or otherwise acquired the publicly traded securities of Arrival SA ("Arrival") and/or CIIG Merger Corp. ("CIIG") between November 18, 2020 and November 19, 2021, both dates inclusive ("Class Period") and have suffered compensable damages thereby; and/or (2) beneficially owned and/or held common stock of CIIG, eligible to vote at CIIG's special meeting and/or to redeem their CIIG stock prior to the closing of the March 24, 2021 Business Combination, your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in CIIG and/or Arrival shares. If you have not received a detailed Notice of Pendency and Proposed Partial Settlement of Class Action ("Long Notice") and a copy of the Proof of Claim and Release Form,

2

you may obtain copies by writing to or calling the Claims Administrator: Arrival SA Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (Toll-Free) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net. You can also download copies of the Long Notice and submit your Proof of Claim and Release Form online at www.strategicclaims.net/Arrival/. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form electronically or postmarked no later than _____ to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than _____, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than _____, by each of the following:

| Clerk of the Court United States District Court Eastern District of New York 225 Cadman Plaza East Brooklyn, NY 11201 | Sara Fuks, Esq. The Rosen Law Firm, P.A. 275 Madison Ave 40th Floor New York, NY 10016  **_Lead Counsel_** | Susan L. Saltzstein, Esq. Robert A. Fumerton, Esq. Shaud Tavakoli, Esq. Skadden, Arps, Slate, Meagher & Flom LLP One Manhattan West New York, NY 10001  **_Counsel for Tim Holbrow, Michael Ableson, Avinash Rugoobur, Peter Cuneo, Kristen O'Hara, Michael_** |

3

| | | |
|---|---|---|
| | | *Anatolitis, Alain Kinsch, and Jae Oh*<br><br>Matthew Baltay, Esq.<br>FOLEY HOAG LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA 02210<br><br>***Counsel for Gilles Dusemon and Csaba Horváth***<br><br>Adam S. Hakki, Esq.<br>Daniel C. Lewis, Esq.<br>George Anhang, Esq.<br>ALLEN OVERY<br>SHEARMAN STERLING US LLP<br>599 Lexington Avenue<br>New York, NY 10022<br><br>***Counsel for UBS Securities LLC and Barclays Capital, Inc.***<br><br>Frank Olander, Esq.<br>Jeffrey Robertson, Esq.<br>SCHULTE ROTH & ZABEL LLP<br>919 Third Avenue<br>New York, NY 10022<br><br>***Counsel for CIIG Management LLC, Gavin Cuneo and Michael Minnick***<br><br>Daniel Roeser, Esq.<br>Charles Brown, Esq.<br>Valerie Haggans, Esq.<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br><br>***Counsel for Cowen and Company, LLC*** |

If you have any questions about the Settlement, you may call or write to Lead Counsel:

4

Sara Fuks, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Ave
40th Floor
New York, NY 10016
Tel: (212) 686-1060
sfuks@rosenlegal.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2025                    BY ORDER OF THE UNITED STATES
                                           DISTRICT COURT FOR THE
                                           EASTERN DISTRICT OF NEW YORK

EXHIBIT A-3

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

IF YOU: (1) PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF CIIG MERGER CORP. ("CIIG") OR ARRIVAL SA ("ARRIVAL") BETWEEN NOVEMBER 18, 2020 AND NOVEMBER 19, 2021, BOTH DATES INCLUSIVE ("CLASS PERIOD") AND HELD SUCH SHARES ON NOVEMBER 8, 2021 AND/OR NOVEMBER 18, 2021; AND/OR (2) BENEFICIALLY OWNED AND/OR HELD COMMON STOCK OF CIIG, ELIGIBLE TO VOTE AT CIIG'S SPECIAL MEETING AND/OR TO REDEEM THEIR CIIG STOCK PRIOR TO THE CLOSING OF THE MARCH 24, 2021 BUSINESS COMBINATION, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE: (1) DEFENDANTS; (2) THE PRESENT AND FORMER OFFICERS AND DIRECTORS OF ARRIVAL AND/OR CIIG/AND OR CIIG MANAGMENT; (3) MEMBERS OF SUCH EXCLUDED PERSONS' IMMEDIATE FAMILIES; (4) THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS OF ANY SUCH EXCLUDED PERSON OR ENTITY; (5) ANY ENTITY IN WHICH ANY OF THE DEFENDANTS, OR ANY PERSON EXCLUDED UNDER THIS SUBSECTION, HAS OR HAD A MAJORITY INTEREST DURING THE CLASS PERIOD; (6) PERSONS WHO SUFFERED NO COMPENSABLE LOSSES; AND (7) PERSONS WHO SUBMIT A VALID AND TIMELY REQUEST FOR EXCLUSION IN ACCORDANCE WITH THE PRELIMINARY APPROVAL ORDER.).

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM BY 11:59 P.M. ET ON _____ AT WWW.STRATEGICCLAIMS.NET/ARRIVAL/.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS CLAIM FORM, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Arrival SA Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____ WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. DO NOT MAIL OR DELIVER YOUR CLAIM

-2-

TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU WILL BE BOUND BY THE COURT'S ORDER AND FINAL JUDGMENT UNLESS YOU EXCLUDE YOURSELF. SUBMISSION OF A CLAIM FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

EXHIBIT A-2

## CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired Arrival and/or CIIG securities damaged during the Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase or otherwise acquire Arrival and/or CIIG securities during the Class Period.)

2. By submitting this Proof of Claim and Release Form ("Claim Form"), I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Long Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone otherwise excluded from the Settlement Class; that I (we) have read and understand the Long Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Long Notice; that I (we) elect to participate in the proposed Settlement described in the Long Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Arrival and/or CIIG securities during the Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, redemption and/or sale of Arrival and/or CIIG shares listed below in support of my (our) claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker or tax advisor because these documents are necessary to prove and process your claim. **YOUR FAILURE TO SUBMIT COPIES OF OFFICIAL DOCUMENTS EVIDENCING YOUR PURCHASES, ACQUISITIONS, REDEMPTIONS AND/OR SALES OF CIIG AND/OR ARRIVAL SHARES WILL CAUSE THE CLAIMS ADMINISTRATOR TO REJECT YOUR CLAIM**.

6. I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information.) I (we) understand that if I (we) timely submit a Claim Form that is deficient or otherwise rejected, I (we) will be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if such deficiency may be cured. I (we) understand that if I (we) wish to contest a rejection determination, I (we) must, within twenty (20) calendar days after the date of mailing of the rejection notice, serve upon the Claims Administrator, by mail or email, a notice and statement of reasons for contesting the rejection along with any supporting documentation. I (we) understand that if I (we) disagree with the Claims Administrator's decision, I (we) may request Class Counsel to review the claim; if an issue concerning a claim cannot be otherwise resolved,

-3-

Class Counsel shall thereafter present my (our) request for review to the Court at the time a motion for distribution of Settlement fund is made.

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her, or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Stipulation of Settlement, dated June 23, 2025 ("Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9. "Released Parties" has the meaning laid out in the Stipulation.

10. "Released Claims" has the meaning laid out in the Stipulation.

11. "Unknown Claims" has the meaning laid out in the Stipulation.

12. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/institutional-filers/ to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/Arrival/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## I. CLAIMANT INFORMATION

-4-

EXHIBIT A-2

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | Zip Code |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN ARRIVAL SA AND CIIG MERGER CORP.

**Beginning Holdings:**

A.  State the total number of shares of Arrival and/or CIIG shares held at the close of trading on November 17, 2020 (*must be documented)*.  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase or acquisition of Arrival and/or CIIG shares between November 18, 2020 and February 16, 2022, both dates inclusive, and provide the following information (*must be documented)*:

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

-5-

EXHIBIT A-2

C.  Separately list each and every sale of Arrival and/or CIIG shares between November 18, 2020 and February 16, 2022, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of shares of Arrival and/or CIIG shares held at the close of trading on February 16, 2022 (*must be documented).* If none, write "zero" or "0."

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Arrival and/or CIIG securities damaged during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (1) I am (We are) exempt from backup withholding; or (2) I (We) have not been notified by the Internal Revenue Service ("I.R.S.") that I am (we are) subject to backup

-6-

withholding as a result of a failure to report all interest or dividends; or (3) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, *e.g.* beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date: _____, 2025

EXHIBIT A-2

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE  AT WWW. STRATEGICCLAIMS.NET/ARRIVAL/  BY  11:59  P.M.  ET  ON  _____,  2025,  OR POSTMARKED NO LATER THAN _____, 2025, AND MUST BE MAILED TO:**

Arrival SA Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____ and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Claim Form on page 7. If this Claim Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Claim Form or any supporting documents.

o   If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

Case 1:22-cv-00172-PK   Document 163   Filed 06/27/25   Page 104 of 114 PageID #: 9055

EXHIBIT A-4

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*You may be entitled to a payment. This notice may affect your legal rights.*

*Please read it carefully.*

Arrival SA Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

Case 1:22-cv-00172-NRM-PK   Document 163   Filed 06/27/25   Page 105 of 114 PageID #: 9056

*In re Arrival SA, et al. Securities Litigation,* Case No. 1:22-cv-00172-NRM-PK (E.D.N.Y.); *Lioubinine v. Arrival SA, et al.,* Index No. 651783/2022 (N.Y.S.)

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/ARRIVAL/ OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The United States District Court for the Eastern District of New York (the "Court") has preliminarily approved a proposed Settlement of claims against Arrival SA ("Arrival"), CIIG Merger Corp. ("CIIG") and CIIG Management, LLC ("CIIG Management") and certain of their officers and directors, Barclays Capital, Inc., UBS Securities LLC, and Cowen and Company, LLC. The proposed Settlement would resolve class action lawsuits alleging that, in violation of the federal securities laws, Settling Defendants made material misrepresentations to the public about Arrival's business and financial prospects and the March 24, 2021 de-SPAC Business Combination ("Business Combination"), causing damage to Settlement Class Members. Settling Defendants deny any wrongdoing.

You received this notice because you may have: (1) purchased or otherwise acquired the publicly traded securities of Arrival or CIIG between November 18, 2020 and November 19, 2021, both dates inclusive; and/or (2) beneficially owned and/or held common stock of CIIG, eligible to vote at CIIG's special meeting and/or to redeem your CIIG stock prior to the closing of the March 24, 2021 Business Combination. The Settlement dismisses and releases claims against the Settling Defendants and creates a fund consisting of $11,275,00 in cash ("Cash Settlement Fund") plus a $2,000,000 reserve for certain defense costs, the unused portion of which will revert to the Cash Settlement Fund ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Pendency and Proposed Partial Settlement of Class Action ("Long Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/Arrival/. You may also request copies of the Long Notice and Proof of Claim from the Claims Administrator by: (1) mail: Arrival SA Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) toll-free phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/Arrival/. PROOFS OF CLAIM ARE DUE BY MAIL, POSTMARKED BY_____ TO: ARRIVAL SA SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063 or submitted electronically at www.strategicclaims.net/Arrival/. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____ by mail or email. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____. The Long Notice explains how to exclude yourself or to object.

*In re Arrival SA, et al. Securities Litigation,* Case No. 1:22-cv-00172-NRM-PK (E.D.N.Y.); *Lioubinine v. Arrival SA, et al.,*
Index No. 651783/2022 (N.Y.S.)

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/ARRIVAL/ OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The Court will hold a hearing in this case on_____ at __:__ _.m. at the Court, 225 Cadman Plaza East, Courtroom 6E North, Brooklyn, NY 11201, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one-third of the Settlement Fund in attorneys' fees, plus up to $325,000 in expenses, and awards to Plaintiffs of no more than $30,000 for litigating the case and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means.

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re Arrival SA, et al. Securities Litigation | **CASE No.: 1:22-cv-00172-NRM-PK** <br><br> CLASS ACTION |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

On the ____ day of _____, 20___, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement dated June 23, 2025 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Settling Defendants; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order"), dated _____ __, 20___, ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

1

2.      The Court has jurisdiction over the subject matter of the Actions, Plaintiffs, all Settlement Class Members, and the Settling Defendants for purposes of the Settlement.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Plaintiffs' Counsel fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Actions, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class actions. The Settlement Class is being certified for settlement purposes only.

4.      The Court hereby finally certifies this Action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who: (1) purchased or otherwise acquired the publicly traded securities of CIIG and/or Arrival between November 18, 2020 and November 19, 2021 and have suffered compensable damages thereby; and/or (2) beneficially owned and/or held common stock of CIIG, eligible to vote at CIIG's special meeting and/or to redeem their CIIG stock prior to the closing

2

of the Business Combination. Excluded from the Settlement Class are: (1) Defendants; (2) the present and former officers and directors of Arrival and/or CIIG, and/or CIIG Management; (3) members of such excluded persons' immediate families; (4) the legal representatives, heirs, successors, or assigns of any such excluded person or entity; and (5) any entity in which any of the Defendants, or any person excluded under this subsection, has or had a majority interest during the Class Period. Also excluded from the Settlement Class are those Persons who: (1) suffered no compensable losses; or (2) submitted valid and timely a request for exclusion in accordance with the Preliminary Approval Order.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.      The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, N.Y. C.P.L.R. 908, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action

3

Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment [except those persons listed on Exhibit A to this Final Judgment].

7.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Settlement Class Members, and Settling Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects, and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

8.    The Federal Action is hereby dismissed with prejudice as to the Settling Defendants, Arrival, and CIIG. The Federal Action continues against Sverdlov and Kinetik, in accordance with the Stipulation. The Settling Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

9.    In accordance with the terms of the Stipulation, the Settlement Class Members hereby forever release, relinquish, and discharge the Released Parties from any and all Settlement Class Claims.  The Settlement Class Members, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Settlement Class Claims, either

4

directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

10.    In accordance with the terms of the Stipulation, each of the Settling Defendants, on behalf of themselves, and, as applicable, their heirs, executors, predecessors, successors and assigns, hereby forever releases, relinquishes, and discharges any and all Defendant Claims which arise out of, concern or relate to the institution, prosecution, settlement, or dismissal of the Actions against Plaintiffs, any of the Settlement Class Members, and Plaintiffs' Counsel.

11.    Bar Order:

(a)    The Court permanently bars and enjoins Plaintiffs and all Settlement Class Members from commencing or prosecuting, whether directly, indirectly or derivatively, any Settlement Class Claims in this or any other forum against any or all of the Released Parties.

(b)    The Court permanently bars and enjoins any claim for contribution or indemnity (or any other claim where the alleged injury is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in either of the Actions) in any forum based upon, arising out of, or related to either of the Actions or the Settlement Class Claims (i) by any Person against any or all of the Released Parties, and (ii) by any Released Party against any Person. However, with respect to any judgment that the Settlement Class or a Settlement Class Member may obtain against any Person other than a Person whose liability has been extinguished by the Settlement based upon, arising out of, or relating to any Settlement Class Claims belonging to the Settlement Class or a Settlement Class Member, that Person shall be entitled to a credit of

5

the greater of (i) an amount that corresponds to the percentage of responsibility of the Settling Defendants for the loss of the Settlement Class or the Settlement Class Member for common damages, or (ii) the amount paid by or on behalf of the Settling Defendants to the Settlement Class or the Settlement Class Member.

(c)    Notwithstanding anything in this paragraph, nothing in this Bar Order shall: (i) release or alter the contractual rights, if any, under the terms of any written agreement between or among Defendants, including without limitation (1) the Underwriting Agreement dated December 12, 2019, between CIIG, on the one hand, and UBS and Barclays, (2) the Engagement Letter dated October 14, 2020, between CIIG and UBS, (3) the Engagement Letter dated October 9, 2020, between CIIG, on the one hand, and UBS and Barclays, (4) the Engagement Letter dated November 16, 2020, between CIIG and Barclays, (5) the Commitment Letter dated August 7, 2020 (and as amended on March 18, 2021) between Cowen, on the one hand, and Arrival S.a.r.l.; and (6) the Undertaking Letter dated October 7, 2020, between Cowen, on the one hand, and CIIG; (ii) preclude Defendants from asserting any claims against their own insurers; or (iii) preclude any Released Party from asserting claims against Arrival or CIIG.

12.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.    Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

6

(a)    referred to or used against Settling Defendants or against Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

(b)    construed against Settling Defendants or against Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)    construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d)    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Settling Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

14.    Exclusive jurisdiction is hereby retained over Settling Defendants and the Settlement Class Members for all matters relating to this Federal Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

15.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

7

EXHIBIT B

17.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Lead Counsel's application for an award of attorneys' fees and expenses and/or case contribution awards to Plaintiffs.

18.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated.  The terms and conditions of the Stipulation shall govern any termination or the effect of any termination thereof.

Dated: _____          _____
                                 HON. NINA R. MORRISON
                                 UNITED STATES DISTRICT JUDGE

8