UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :        **ORDER AND FINAL JUDGMENT**
In re Arrival SA Securities Litigation.                      :
                                                             :        22-CV-172 (PK)
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Named Plaintiff Salvatore Fiorellino and Lead Plaintiff Mostaco Corp. ("Mostaco") (collectively, "Federal Plaintiffs") brought this action against defendants CIIG Management LLC ("CIIG Management"), Tim Holbrow, Michael Ableson, Avinash Rugoobur, Michael Anatolitis, Gilles Dusemon, Csaba Horvath, Alain Kinsch, Kristen O'Hara, Jae Oh, Peter Cuneo, Gavin Cuneo, Michael Minnick, UBS Securities LLC, Barclays Capital Inc., and Cowen & Company LLC [1] (collectively, "Settling Defendants"), along with Arrival SA ("Arrival"), CIIG Merger Corp.[2] ("CIIG"), Denis Sverdlov ("Sverdlov"), and Kinetik S.à.r.l. ("Kinetic") (collectively, together with Settling Defendants, "Defendants") ("SAC," Dkt. 93.) The SAC alleges that Defendants violated, as relevant here, Sections 10(b) and 14(a) of Exchange Act and Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, for making misrepresentations that artificially inflated the market price of Arrival's stocks. (*See* SAC.)

Federal Plaintiffs have filed an unopposed Motion for Final Approval of Partial Class Action Settlement. ("Settlement Motion," Dkt. 180; Proposed Orders, Dkts. 188-2, 188-3.) Federal Plaintiffs

---

[1] TD Securities (USA) LLC is the successor to Cowen & Company LLC. ("Stipulation" at 2 n.1, Dkt. 163.)

[2] CIIG is now known as Arrival Vault US, Inc. (SAC ¶ 45; *see also* Stipulation at 2 n.2.)

1

have also filed an unopposed Motion for Attorneys' Fees ("Fees Motion," Dkt. 182 (together with Settlement Motion, ("Motions"); Proposed Order, Dkt. 182-1.)  For the reasons stated below, the Motions are granted.

## BACKGROUND AND PROCEDURAL HISTORY

The Court assumes familiarity with the underlying facts in this action as set forth in the Court's Preliminary Approval Order.  (*See* Dkt. 170.)

On October 20, 2025, the Court preliminarily approved the proposed class settlement, finding that it would likely be able to approve the proposed settlement as fair, reasonable, and adequate. (Preliminary Approval Order at 9.)  The Preliminary Approval Order certified a Settlement Class[3] for settlement purposes only, preliminarily certified Federal Plaintiffs and Alexandre Lioubinine (collectively, "Plaintiffs") as class representatives, and preliminarily appointed The Rosen Law Firm, P.A. as Class Counsel for the Settlement Class.  (Preliminary Approval Order at 22-23.)  In addition, the Court approved the form, substance, and requirements of the Long Notice, Postcard Notice, Summary Notice, and Proof of Claim and appointed Strategic Claims Services to act as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims. (Preliminary Approval Order at 23-24.)

Pursuant to the Preliminary Approval Order, Claims Administrator disseminated and published notice of the Settlement by (1) notifying nominees who may hold Arrival or CIIG securities as record owners on behalf of potential Settlement Class Members, (2) mailing the Postcard Notice and emailing links to the Long Notice and Proof of Claim to potential Settlement Class Members, and (3) publishing the Summary Notice over *GlobeNewswire* and in *Investor's Business Daily*.  (*See* "Evans First

---

[3] This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless separately defined herein. (Stipulation, Dkt. 163.)

Decl.," Dkt. 178; "Evans Second Decl.," Dkt. 184-6; "Evans Third Decl.," Dkt. 188-1.)  In addition, Claims Administrator established a webpage dedicated for the Settlement and maintained a toll-free telephone number for potential Settlement Class Members to call and obtain information about the Settlement, and to request copies of the Long Notice and Proof of Claim.  (*Id.*)  Pursuant to Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Claims Administrator mailed a notice of the Settlement to the appropriate federal and state officials.  (Shillady Decl. ¶ 2, Dkt. 189.)

A total of 183,542 notices had been sent to potential Settlement Class Members and nominees to inform them of the Settlement, of which 49,029 were mailed the Postcard Notices and 134,513 were emailed the direct link to the Long Notice and Proof of Claim.  (Evans Third Decl. ¶ 3.)  Of the 49,029 Postcard Notices mailed, 839 were returned as undeliverable.  (Evans Third Decl. ¶ 4.)  No Settlement Class Member objected to the Settlement by the February 13, 2026 deadline.  (Evans Third Decl. ¶ 7.)  Two individuals submitted requests for exclusion that did not comply with the instructions outlined in the Long Notice.  (Evans Second Decl. ¶ 7.)  Claims Administrator notified these individuals that their requests were invalid and provided instructions for curing the deficiencies.  (*Id.*)  Claims Administrator has not received any response from them.  (Evans Third Decl. ¶ 7.)  As of March 10, 2026, Claims Administrator received 55,435 claims, which represents a participation rate of 30.2%.  (Evans Third Decl. ¶¶ 11-12.)  Claims Administrator is continuing to receive Proofs of Claim that were postmarked timely, and it expects that a number of currently deficient claims will have valid shares after the curing process is completed.  (Evans Third Decl. ¶ 12.)

The Court held a fairness hearing on March 17, 2026.  No objections to or requests for exclusion from the Settlement were made at the fairness hearing.

Having considered the Motions, the supporting declarations, the arguments presented at the March 17, 2026 fairness hearing, and the complete record in this matter, for good cause shown, the Court: (i) grants final approval of the Settlement as memorialized in the Stipulation; (ii) approves an

3

award of attorneys' fees in the amount of $3,758,333.33, plus interest; (3) approves an award of costs in the amount of $285,605.12, plus interest; (4) approves compensatory awards of $25,000.00 to Lead Plaintiff Mostaco Corp. and $5,000.00 to Named Plaintiff Salvatore Fiorellino; and (5) approves the Plan of Allocation.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

(1)     Following the distribution of the Long Notice, Postcard Notice, Summary Notice, and Proof of Claim to Settlement Class Members, and now having had an opportunity to consider Settlement Class Members' reaction to the proposed settlement, the Court grants final approval of the Stipulation and "so orders" all of its terms which are incorporated herein.

(2)     The Court has jurisdiction over the subject matter of the Actions, Plaintiffs, all Settlement Class Members, and the Settling Defendants for purposes of the Settlement.

(3)     The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Plaintiffs' Counsel fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Actions, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the

4

controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class actions. The Settlement Class is being certified for settlement purposes only.

(4)   The Court hereby finally certifies this Action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who: (1) purchased or otherwise acquired the publicly traded securities of CIIG and/or Arrival between November 18, 2020 and November 19, 2021 and have suffered compensable damages thereby; and/or (2) beneficially owned and/or held common stock of CIIG, eligible to vote at CIIG's special meeting and/or to redeem their CIIG stock prior to the closing of the Business Combination. Excluded from the Settlement Class are: (1) Defendants; (2) the present and former officers and directors of Arrival and/or CIIG, and/or CIIG Management; (3) members of such excluded persons' immediate families; (4) the legal representatives, heirs, successors, or assigns of any such excluded person or entity; and (5) any entity in which any of the Defendants, or any person excluded under this subsection, has or had a majority interest during the Class Period. Also excluded from the Settlement Class are those Persons who: (1) suffered no compensable losses; or (2) submitted valid and timely a request for exclusion in accordance with the Preliminary Approval Order.

(5)   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Lead Counsel are hereby appointed as Class Counsel for the Settlement Class.

(6)     The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, N.Y. C.P.L.R. § 908, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein.  No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

(7)     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members.  The Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Settlement Class Members, and Settling Defendants.  Moreover, the Court finds that the Settlement Class Members' reaction to the Settlement has been positive in that there have been no objections to or valid requests for exclusion from the Settlement, and the participation rate of 30.2% is within a typical range of securities class action settlement participation rate.  *See In re Nano-X Sec. Litig.*, No. 21-CV-5517 (RPK)(PK), 2024 WL

5630554, at *3 (E.D.N.Y. Apr. 17, 2024) (finding participation rate of 32% in securities class action settlement to be "above a typical range of class action settlement participation rates"). Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects, and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

(8) Class Counsel has extensive experience in securities class action litigation and were, therefore, well equipped to have negotiated a fair settlement for the Settlement Class. Class Counsel has expended a total of 2,148.85 hours in the investigation and prosecution of the Federal Action, resulting in a lodestar of $3,042,232.50. (Fuks Decl. ¶ 71, Dkt. 184.) The Court grants Plaintiffs' request for attorneys' fees inclusive of costs. Class Counsel, on behalf of Plaintiffs' Counsel, is awarded $3,758,333.33 as attorneys' fees, which reflects one-third of the Cash Settlement Amount, together with a proportionate share of the interest earned on the Settlement Fund, at the same rate as earned by the balance of the fund, from the date of the establishment of the fund to the date of payment. Class Counsel, on behalf of Plaintiffs' Counsel, is also awarded costs in the amount of $285,605.12 with interest as described above. The Court finds, in its discretion, that this award of a percentage of the Cash Settlement Amount is reasonable, regardless of the amount claimed by Settlement Class Members. *See Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436-37 (2d Cir. 2007) (holding district court erred in calculating attorneys' fees as "the percentage of the Fund on the basis of the claims made against the Fund, rather than on the entire Fund created by the efforts of counsel"). The fee award represents a lodestar multiplier of 1.24 based on the contemporaneous billing records submitted by Class Counsel. (Fuks Decl. ¶ 71.) *See Morris v. Affinity Health Plan,*

7

*Inc.*, 859 F. Supp. 2d 611, 623 (S.D.N.Y. 2012) ("Courts regularly award lodestar multipliers from 2 to 6 times lodestar."). The fee award is justified by the work that Class Counsel did in conducting the litigation, negotiating the settlement, achieving the ultimate recovery, and by the risk that Class Counsel undertook in bringing the claims.

(9)    Lead Plaintiff Mostaco Corp. shall be awarded $25,000 as reimbursement for its lost time and expenses in connection with its prosecution of the Action. Named Plaintiff Salvatore Fiorellino shall be awarded $5,000 as reimbursement for his lost time and expenses in connection with his prosecution of the Action.

(10)   Except as otherwise provided herein, the attorneys' fees, reimbursement of expenses, and awards to Federal Plaintiffs shall be paid in the manner and procedure provided for in the Stipulation.

(11)   The Plan of Allocation set forth in the Notice of Pendency and Proposed Partial Settlement of Class Action (Dkt. 178 at 11-14 (ECF pagination)) provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among Authorized Claimants, and is in all respects fair and reasonable. Accordingly, the Court approves the Plan of Allocation.

(12)   The Federal Action is hereby dismissed with prejudice as to the Settling Defendants, Arrival, and CIIG. The Federal Action continues against Sverdlov and Kinetik, in accordance with the Stipulation. The Settling Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

(13)   In accordance with the terms of the Stipulation, the Settlement Class Members hereby forever release, relinquish, and discharge the Released Parties from any and all Settlement Class Claims. The Settlement Class Members, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from

8

asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Settlement Class Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

(14) In accordance with the terms of the Stipulation, each of the Settling Defendants, on behalf of themselves, and, as applicable, their heirs, executors, predecessors, successors and assigns, hereby forever releases, relinquishes, and discharges any and all Defendant Claims which arise out of, concern or relate to the institution, prosecution, settlement, or dismissal of the Actions against Plaintiffs, any of the Settlement Class Members, and Plaintiffs' Counsel.

(15) Bar Order:

    a. The Court permanently bars and enjoins Plaintiffs and all Settlement Class Members from commencing or prosecuting, whether directly, indirectly or derivatively, any Settlement Class Claims in this or any other forum against any or all of the Released Parties.

    b. The Court permanently bars and enjoins any claim for contribution or indemnity (or any other claim where the alleged injury is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in either of the Actions) in any forum based upon, arising out of, or related to either of the Actions or the Settlement Class Claims (i) by any Person against any or all of the Released Parties, and (ii) by any Released Party against any Person.  However, with respect to any judgment that the Settlement Class or a Settlement Class Member may obtain against any Person other than a Person whose liability has been extinguished by the Settlement based upon, arising out of, or relating to any

Settlement Class Claims belonging to the Settlement Class or a Settlement Class Member, that Person shall be entitled to a credit of the greater of (i) an amount that corresponds to the percentage of responsibility of the Settling Defendants for the loss of the Settlement Class or the Settlement Class Member for common damages, or (ii) the amount paid by or on behalf of the Settling Defendants to the Settlement Class or the Settlement Class Member.

c. Notwithstanding anything in this paragraph, nothing in this Bar Order shall: (i) release or alter the contractual rights, if any, under the terms of any written agreement between or among Defendants, including without limitation (1) the Underwriting Agreement dated December 12, 2019, between CIIG, on the one hand, and UBS and Barclays, (2) the Engagement Letter dated October 14, 2020, between CIIG and UBS, (3) the Engagement Letter dated October 9, 2020, between CIIG, on the one hand, and UBS and Barclays, (4) the Engagement Letter dated November 16, 2020, between CIIG and Barclays, (5) the Commitment Letter dated August 7, 2020 (and as amended on March 18, 2021) between Cowen, on the one hand, and Arrival S.a.r.l.; and (6) the Undertaking Letter dated October 7, 2020, between Cowen, on the one hand, and CIIG; (ii) preclude Defendants from asserting any claims against their own insurers; or (iii) preclude any Released Party from asserting claims against Arrival or CIIG.

(16) The parties and their counsel did not bring to the Court's attention any violation under Rule 11 of the Federal Rules of Civil Procedure, and the Court finds none.

(17) Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

10

    a.  referred to or used against Settling Defendants or against Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

    b.  construed against Settling Defendants or against Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    c.  construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

    d.  used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Settling Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

(18)  Exclusive jurisdiction is hereby retained over Settling Defendants and the Settlement Class Members for all matters relating to this Federal Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

(19)  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

(20) There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         March 25, 2026